HOGAN & HARTSON LLP
Robin J. Samuel (SBN 173090)
Julie A. Shepard (SBN 175538)
Laura M. Wilson (SBN 204699)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:  (310) 785-4600
Facsimile:  (310) 310-4601
RJSamuel@hhlaw.com
JAShepard@hhlaw.com
LMWilson@hhlaw.com

Attorneys for Defendant
OFFICE DEPOT, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE DEPOT, INC., a corporation, and DOES 1-20,<br><br>Defendant. | Case No. C 07-05938 PVT<br><br>(SCSC Case No: 1-07-CV-096374)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>**CLASS ACTION**<br><br>(Declaration of Robin J. Samuel and [Proposed] Order filed concurrently)<br><br>Date:      January 22, 2008<br>Time:     10:00 a.m.<br>Ctrm:      5<br>Judge:    Hon. Patricia V. Trumbull |

1

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

**PLEASE TAKE NOTICE THAT** on January 22, 2008, at 10:00 a.m., in Courtroom 5 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Defendant Office Depot, Inc. ("Office Depot") will and hereby does move the Court to dismiss the Complaint of Mary Sanbrook ("Plaintiff" or "Sanbrook") pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is made on the following grounds:

1.    All class allegations in the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Counts should be dismissed for failure to state a claim. The Consumer Legal Remedies Act ("CLRA") is the exclusive means by which a plaintiff may assert a class action to remedy conduct of the type alleged in the Complaint, and Plaintiff may not avoid the CLRA's statutory requirements for such class actions by pleading class claims through her other causes of action.

2.    The class and individual allegations in the Second Count for violation of the CLRA should be dismissed because Plaintiff failed to satisfy the CLRA's mandatory pre-suit notice requirement before filing the complaint, which failure is fatal to Plaintiff's CLRA damage claims and cannot be cured by amendment.

3.    Plaintiff's cause of action for violation of California Business and Professions Code section 17200 should be dismissed for failure to state a claim because Plaintiff has not suffered an injury in fact, and therefore lacks standing to bring a claim under Section 17200.

4.    Plaintiff's claims for injunctive or declaratory relief should be dismissed for failure to state a claim because Plaintiff cannot demonstrate that she

2

\\\LA - 019337/000069 - 365570 v8

1    faces the reasonable threat of future occurrences of the conduct alleged in the

2    Complaint, and Plaintiff therefore lacks standing to seek such "prospective" relief.

3

4        5.    Plaintiff's individual claims in the First, Third, Fourth, Fifth, Sixth and

5    Seventh Counts should be dismissed for failure to state a claim because Plaintiff

6    has failed to plead an essential element to each of these claims.

7

8        This motion is based upon this Notice, the attached Memorandum of Points

9    and Authorities, the Declaration of Robin J. Samuel filed in support thereof, all

10   pleadings and papers on file in this action, and all matters of which this Court may

11   take judicial notice and upon such oral argument as the Court may consider.

12

13   Dated:  December 3, 2007            HOGAN & HARTSON LLP

14

15                                By:   /s/  *Robin J. Samuel*
                                       Robin J. Samuel
16                                     Attorneys for Defendant
                                       OFFICE DEPOT, INC.
17

18

19

20

21

22

23

24

25

26

27                                    3
     **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
28                  **Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.  INTRODUCTION ................................................................................................................1

II.  BACKGROUND ................................................................................................................2

    A.  OFFICE DEPOT ................................................................................................2

    B.  PLAINTIFF'S ALLEGATIONS ................................................................3

III.  THE COMPLAINT DOES NOT STATE VALID CLAIMS ON BEHALF OF
    THE CLASS ................................................................................................................4

    A.  Because The CLRA Is The Exclusive Mechanism For A Class Action To
    Remedy Conduct Proscribed By The Act, All Other Claims For Class
    Relief In The Complaint Must Be Dismissed ................................................5

    B.  The CLRA Class Action Claims Must Be Dismissed Because Plaintiff
    Failed To Give The Requisite Notice Before Filing Suit................................9

        1.  Plaintiff Failed To Provide The Requisite CLRA Notice Before
        Filing Suit................................................................................10

        2.  Plaintiff Was Required To Give CLRA Notice Because The
        Complaint Seeks Damages Under The CLRA................................12

    C.  Plaintiff Cannot Assert An UCL Claim On Behalf Of The Class ........................14

- i -

1            1.      Plaintiff Lacks Standing To Assert Class Claims Under Section

2                17200 .................................................................................................15

3

           2.      Plaintiff's "Non-Reimbursed" Repair Costs Do Not Give Her

4                Standing To Assert Class Claims Under Section 17200 Because

5

               The Repair Costs Are Not Restitution .......................................................17

6

7            3.      Plaintiff Cannot Seek Non-Restitutionary Disgorgement Under

8                Section 17200 .........................................................................................18

9

      D.     Plaintiff Lacks Standing To Obtain Prospective Relief .........................................19

10

11 IV.    THE COMPLAINT DOES NOT STATE VALID CLAIMS ON BEHALF OF

12       PLAINTIFF.........................................................................................................................21

13

14       A.     Plaintiff Cannot Bring An Individual Damage Claim Under The CLRA

15            Because She Did Not Provide The Required Notice ...............................................21

16

17       B.     Plaintiff Fails To State A Claim For Violation of The Song-Beverly

18            Consumer Warranty Act ........................................................................................21

19       C.     Plaintiff Fails To State A Claim For Unjust Enrichment.......................................22

20

21       D.     Plaintiff Fails To State A Claim For Breach Of Contract.......................................22

22            1.      Plaintiff Has Not Alleged That Office Depot Breached Any Of The

23                Actual Terms And Conditions Of The Plan..............................................23

24

25

26

ii

\\\LA - 019337/000069 - 365570 v8

1

2.    Any Contract Claim For Breach Of The Representations Made In The Brochure Is Encompassed By, And Must Be Brought Under, The CLRA ................................................................................................23

E.    Plaintiff Fails To State Claims For Fraud and Negligent Misrepresentation.........24

V.    CONCLUSION.....................................................................................................25

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

1

TABLE OF AUTHORITIES

2

**CASES**                                                                    **PAGE**

3

4  *Bishop v. Hyundai Motor America*,
      44 Cal. App. 4th 750, 52 Cal.Rptr.2d 134 (1996)......................................... 21

5  *Buckland v. Threshold Enterprises, LTD*,
6      155 Cal. App. 4th 798, 66 Cal.Rptr.3d 543 (2007)..................................... 18

7  *California Consumer Health Care Council v. Kaiser Foundation Health Plan, Inc.*,
       142 Cal. App. 4th 21 Cal Rptr. 3d 593 (2006)............................................ 16
8

9  *California Fed. Bank v. Matreyek*,
      8 Cal. App. 4th 125, 10 Cal. Rptr. 2d 58 (1992).......................................... 22

10
   *Californians for Disability Rights v. Mervyn's LLC*,
11      39 Cal. 4th 223, 46 Cal. Rptr. 3d 57 (2006)......................................... 15, 16

12
   *Cattie v. Wal-Mart Stores, Inc.*,
13      504 F. Supp. 2d 939 (S.D. Cal. 2007) ................................................ 10, 12

14 *Day v. AT&T Corporation*,
       63 Cal. App. 4th 325, 74 Cal. Rptr. 2d 55 (1998)....................................... 17
15

16 *Deitz v. Comcast Corp.*,
       2006 WL 3782902 (N.D. Cal. 2006).......................................................... 12
17

18 *Feitelberg v. Credit Suisse First Boston, LLC*,
       134 Cal. App. 4th 997, 36 Cal. Rptr. 3d 592 (2005)................................... 17
19

20 *First Commercial Mortgage Co. v. Reece*,
       89 Cal. App. 4th 731, 108 Cal. Rptr. 2d 23 (2001)..................................... 23

21 *Foster Poultry Farms, Inc. v. SunTrust Bank*,
       355 F. Supp. 2d 1145 (E.D. Cal. 2004)...................................................... 24
22

23 *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
       528 U.S. 167 (2000) ................................................................................. 19
24

25 *Gest v. Bradbury*,
       443 F. 3d 1177 (9th Cir. 2006)................................................................... 19

26

27                                        - iv -

28

*Global Network Communications, Inc. v. City of New York*,
   458 F. 3d 150 (2d Cir. 2006) ....................................................................... 11

*Guidant Corp. Implantable Defibrillators Prod't Liab. Litig.*,
   2007 WL 1725289 (D. Minn. 2007) ............................................................ 10

*Kennedy v. Natural Balance Pet Foods, Inc.*,
   2007 WL 2300746 (S.D. Cal. 2007) ............................................................ 12

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (2003) ...................... 16, 17, 18, 22

*Laster v. T-Mobile USA, Inc.*,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ................................................ 10, 11

*Lauriedale Associates, Ltd. v. Wilson*,
   7 Cal. App. 4th 1439, 9 Cal. Rptr. 2d 774 (1992) ..................................... 22

*Levy v. State Farm Mutual Automobile Ins. Co.*,
   150 Cal. App. 4th 5, 58 Cal. Rptr. 3d, 54 (2007) ...................................... 23

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .................................................................................... 20

*Outboard Marine Corp. v. Superior Court*,
   52 Cal. App. 3d 30, 124 Cal. Rptr. 852 (1975) ...................... 5, 6, 7, 8, 9, 14

*Parrino v. FHP, Inc.*,
   146 F. 3d 699 (9th Cir. 1998) ..................................................................... 10

*Roth v. Garcia Marquez*,
   942 F. 2d 617 (9th Cir. 1991) ..................................................................... 24

*State ex rel. Grayson v. Pacific Bell Telephone Co.*,
   142 Cal. App. 4th 741, 48 Cal.Rptr.3d 427 (2006) .................................... 15

*Vasquez v. Superior Court*,
   4 Cal. 3d 800, 94 Cal. Rptr. 796 (1971) ...................................................... 5

*Von Grabe v. Sprint PCS*,
   312 F. Supp. 2d 1285 (S.D. Cal. 2003) ................................... 5, 6, 8, 9, 14

v
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

CODES

Civil Code § 1752 ..................................................................................... 5

Civil Code § 1770, 1770(a)(5), (7), (9) & (14) ............................ 5, 7, 9, 10, 13, 16

Civil Code section 1782 ................................................................. 9, 10, 13

OTHER AUTHORITIES

4 Witkin, Cal. Proc. 4th (2007 supp.) ................................................... 23

Cal. Bus. & Prof. Code § 17204 ......................................................... 15

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

1
2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

3

## I.    INTRODUCTION

4

5        Plaintiff Mary Sanbrook ("Plaintiff" or "Sanbrook") purports to assert
6
various state law claims on behalf of herself and a class of persons who purchased
7
certain extended warranty plans ("Performance Protection Plan" or "Plan") from
8
Office Depot in California.    Plaintiff's complaint ("Complaint") asserts seven
9
different causes of action, but all of them are based on the same alleged conduct:
10
that Office Depot allegedly misrepresented the Plans' coverage and benefits when it
11
sold the Plans to the putative class members.

12

13        All of Plaintiff's claims, class and individual, are fatally defective as pled and
14
should be dismissed because:

15

16   A.    The Consumer Legal Remedies Act ("CLRA") provides the exclusive
17         mechanism for a class action brought to remedy conduct proscribed by the
18         statute, and specifically preempts all other class action claims in the
19         Complaint.  (See Section III(A), *infra*).

20

21   B.    Plaintiff was required but failed to provide 30 days notice under the CLRA
22         before filing suit for damages.  This failure is fatal to Plaintiff's CLRA
23         claims and cannot be cured by amendment. (See Section III(B), *infra*).

24

25   C.    Plaintiff lacks standing to assert claims on behalf of the class under
26         California Business and Professions Code section 17200, also known as the

27
1
28

\\\LA - 019337/000069 - 365570 v8

Unfair Competition Law ("UCL") because plaintiff has not suffered an injury in fact. (See Section III(C), *infra*).

D.    Plaintiff also lacks standing to seek "prospective" injunctive or declaratory relief because Plaintiff cannot demonstrate that the conduct alleged in the Complaint will be repeated in the future. (See Section III(D), *infra*).

E.    Plaintiff cannot state individual claims for violation of the CLRA, violation of the Song-Beverly Warranty Act, unjust enrichment, breach of contract, fraud, or negligent misrepresentation because Plaintiff has failed to plead an essential element of each of these claims. (See Section IV, *infra*).

Because each of the above defects in Plaintiff's claims cannot be cured by amendment, the Complaint should be dismissed in its entirety with prejudice.

## II.    BACKGROUND

### A.    OFFICE DEPOT

Office Depot is a global supplier of office products and services. Its North American retail division sells a broad assortment of merchandise, including brand name and private brand office supplies, business machines and computers, computer software, office furniture and other business-related products and services through its chain of office supply stores.

In conjunction with some of its products, Office Depot offers customers the opportunity to purchase extended warranty coverage for the products purchased.

2

\\\LA - 019337/000069 - 365570 v8

1

## B.    PLAINTIFF'S ALLEGATIONS

2

3

Plaintiff Mary Sanbrook is a California resident.   She alleges that she
purchased a computer and peripherals from an Office Depot retail store in
California in July 2006.  Complaint, ¶ 5.   Plaintiff alleges that she also purchased
an extended warranty from Office Depot, called a Performance Protection Plan
("Plan"), at the time she purchased her computer.  Complaint, ¶ 6.

4

5

6

7

8

Plaintiff alleges that she purchased the Plan from Office Depot because she
was led to believe (from a brochure describing the Plan) that the Plan provides
"100% parts and labor coverage from day one," "on-site service" and "24/7"
technical service.  Complaint, ¶ 9-12, 21.  Plaintiff further alleges that after her
computer stopped functioning, Office Depot refused to repair the computer or
provide on-site service to Plaintiff.  Complaint, ¶ 22-25.

9

10

11

12

13

14

15

Plaintiff alleges that she was forced to pay a third party to repair her
computer.  Complaint, ¶ 25.  She further alleges that Office Depot refunded her the
$119.99 she had paid for the Plan, plus another $330.01, after she complained about
the Plan.  Complaint, ¶ 26.

16

17

18

19

20

On October 11, 2007. Plaintiff filed suit against Office Depot on behalf of
herself and a purported class of "All persons in California who purchased" a Plan
from Office Depot.  Complaint, ¶ 30.

21

22

23

24

25

26

27

3

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

28

## III.  THE COMPLAINT DOES NOT STATE VALID CLAIMS ON BEHALF OF THE CLASS

Each cause of action in the Complaint attempts to assert a claim on behalf of the purported class.  *See, e.g.,* Complaint, First Cause of Action for Unfair Competition, ¶ 53 ("Plaintiff and the Class Members are therefore entitled to equitable relief ….").  Each cause of action also asserts that the same underlying conduct—Office Depot's alleged misrepresentation of the Plans' benefits and coverage—entitles the purported class to relief.  *See, e.g.,* Complaint, Fifth Cause of Action for Breach of Contract, ¶ 72 ("Plaintiff and Class Members accepted the offer by purchasing the Plan in reliance on the terms advertised by Office Depot."); *see also,* Complaint, Fourth Cause of Action for Unjust Enrichment, ¶ 66 ("Office Depot failed to disclose the fact that the Plan's coverage did not include on-site repair ….").  These class-wide claims, however, fail for two reasons.

First, all of the non-CLRA class claims fail, and must be dismissed, because the CLRA provides the *exclusive* remedy for class actions that are based on conduct proscribed by that statute.  Because Plaintiff alleges that the same conduct underlies all of the class claims, and because Plaintiff further alleges (and admits) that this conduct expressly violates the CLRA, Plaintiff's *sole* remedy for class relief is the CLRA.

However, and second, the CLRA cannot save the class claims.  Instead, the class-wide claims under the CLRA fail because Plaintiff did not comply with the strict CLRA notice requirements for bringing such claims.  Consequently, all class claims in the Complaint fail as a matter of law and should be dismissed with prejudice.

4

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**A.    Because The CLRA Is The Exclusive Mechanism For A Class Action To Remedy Conduct Proscribed By The Act, All Other Claims For Class Relief In The Complaint Must Be Dismissed**

The CLRA protects consumers by prohibiting twenty three enumerated "unfair and deceptive" business practices.  Cal. Civil Code § 1770(a).  Plaintiff's complaint alleges that Office Depot violated four of these express prohibitions by: (1) "representing the [Plan] has characteristics, uses, and benefits which it does not have" (Complaint, ¶ 55); (2) representing "in its brochure that the Plan was of a particular standard, quality, or grade, when it was of another," (Complaint, ¶ 56); (3) advertising the Plan "with the intent not to sell [it] as advertised" (Complaint, ¶ 57); and (4) representing that the "purchase of the Plan conferred or involved rights, remedies, or obligations which it did not have or involve." (Complaint, ¶ 58). Plaintiff quotes directly from, and cites to, the CLRA in making these allegations. *See* Complaint, Second Cause of Action, ¶¶ 55-58, *citing* Civil Code §§ 1770(a)(5), (7), (9) & (14).

The CLRA is the only mechanism by which a class action may be brought to remedy conduct within the statute's purview. *Vasquez v. Superior Court*, 4 Cal. 3d 800, 818-19, 94 Cal. Rptr. 796, 807-08 (1971); *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40, 124 Cal. Rptr. 852, 858 (1975); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003); *see also* Civil Code § 1752.  As the California Supreme Court succinctly stated over 36 years ago:

> [I]f a class action … alleges conduct described in section 1770, the procedures specified in the act must be utilized.  Such interpretation of the statute gives effect to the dual mandate that the provisions of the act are not exclusive and do not affect other statutory and common law rights to bring class actions but that ***class actions brought for redress against the specified deceptive practices*** and filed hereafter ***must be governed exclusively by the provisions of the act***.

5

\\\LA - 019337/000069 - 365570 v8

*Vasquez*, 4 Cal. 3d at 818-19 (emphasis added). Consequently, while the CLRA does not prohibit class actions brought to address conduct outside of the Act's scope, it *does* provide the exclusive mechanism and remedies for class actions alleging CLRA-proscribed conduct. *See* Civil Code §§ 1751 and 1752; *Von Grabe*, 312 F. Supp. 2d at 1304; *Outboard Marine*, 52 Cal. App. 3d at 40.

Moreover, a plaintiff may not avoid the CLRA's exclusivity through clever drafting or by pleading other causes of action for conduct encompassed by the Act. *Outboard Marine*, 52 Cal. App. 3d at 36. As explained in *Outboard Marine*:

> We conclude the Consumer Legal Remedies Act provides the exclusive remedy for conduct encompassed by the act, ***regardless of the language utilized in the pleading***. To hold otherwise would allow avoidance of the coverage of the act merely by pleading in language not specified in the statute. . . . [C]onsumers have no choice if the defendant's conduct falls within the purview of the act, for it provides the exclusive remedy.

*Id.* at 36 (emphasis added). *See also*, *Von Grabe*, 312 F. Supp. 2d at 1304 n. 17 (class actions for conduct encompassed by the Act must be brought under the Act).

For example, the plaintiff in *Outboard Marine* asserted two causes of action, one under California's general class action statute, Code of Civil Procedure section 382, and one under the CLRA. The first cause of action asserted that the defendant had committed "fraudulent concealment of defective design" in connection with its off-road vehicle. The second claim alleged "fraudulent misrepresentation" in connection with the sale of the off-road vehicle. *Outboard Marine*, 52 Cal. App. 3d at 34-35. The defendants demurred, contending that both causes of action were subject to the CLRA's pre-lawsuit notice requirements, with which plaintiff had not

6

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

1    complied, because both claims sought to remedy the same underlying conduct.  *Id*.

2    at 34.

3

4        In response, the plaintiff argued that the notice requirement should not apply

5    to the first cause of action because it was not specifically brought under the CLRA.

6    *Id*. at 35-36.  The appellate court rejected this argument, finding "no demonstrable

7    difference between the allegations of the first [fraudulent concealment] and second

8    [CLRA] causes of action.  They allege the same conduct, the same causal relation . .

9    . , and the same damage, all resulting from conduct clearly proscribed by Civil

10   Code section 1770."  *Id*. at 37.  Therefore, the court concluded that the first cause of

11   action was covered by the CLRA, including its pre-suit notice mandate.[1]  *Id*. at 36

12   ("To hold otherwise would allow avoidance of the coverage of the act merely by

13   pleading in language not specified in the statute").

14

15       Here, as in *Outboard Marine*, Plaintiff alleges multiple causes of action, but

16   Plaintiff admits in her Complaint that they all arise from the same underlying

17   conduct—Office Depot's alleged misrepresentations regarding the Plans:

18

19   •   The first cause of action for violation of Business and Professions Code

20       section 17200 asserts that Office Depot falsely advertised and misrepresented

21       the Plans and failed to explain the actual Plan terms.  Complaint, ¶¶ 43-51.

22

23   •   The third cause of action for violation of the Song-Beverly Consumer

24       Warranty Act alleges that Office Depot misrepresented the Plans by failing to

25   ─────────────────────────
26   [1]  The *Outboard Marine* court found that the defendants waived the notice
     requirement with respect to the second cause of action for reasons unrelated to this
     lawsuit.

27   ─────────────────────────
                                    7

28

\\\LA - 019337/000069 - 365570 v8

provide the actual terms and conditions at the point of sale.  Complaint, ¶¶ 61-64.

- The fourth cause of action for unjust enrichment contends that Office Depot failed to disclose the actual Plan terms.  Complaint, ¶¶ 66-69.

- The fifth cause of action for breach of contract alleges that Office Depot failed to provide the services promised in the Plans.  Complaint, ¶¶ 71-74.

- The sixth cause of action for fraud alleges that Office Depot misrepresented the benefits of the Plans.  Complaint, ¶¶ 76-82.

- The seventh cause of action for negligent misrepresentation asserts that Office Depot misrepresented the benefits of the Plans.  Complaint, ¶¶ 84-89.

Indeed, as Plaintiff concisely summarizes in the very first paragraph of the Complaint, "[t]his consumer class action arises from Office Depot, Inc.'s . . . deceptive and unlawful conduct in marketing and selling its Performance Protection Plan . . . ."  Complaint, ¶ 1.

Plaintiff then goes on to allege that this very same conduct—Office Depot's alleged misrepresentations—expressly violate four different prohibitions of the CLRA.  Complaint, ¶¶ 55-59.  Because Plaintiff concedes that its other causes of action all arise from conduct encompassed by the CLRA, Plaintiff cannot avoid the exclusivity requirement of the CLRA, and the class allegations in Counts One, Three, Four, Five, Six, and Seven of the Complaint must be dismissed.

8

1

2

**B.    The CLRA Class Action Claims Must Be Dismissed Because Plaintiff Failed To Give The Requisite Notice Before Filing Suit**

3

4

5

6

7

8

9

10

11

At least 30 days before filing a CLRA action for damages, a plaintiff must notify the potential defendant of the alleged CLRA violations and request that the violations be corrected.  Civil Code § 1782;  *see also, Outboard Marine*, 52 Cal. App. 3d at 40; *Von Grabe*, 312 F. Supp. 2d at 1304.  The notice must be in writing, and the plaintiff must send the notice by certified or registered mail either to the place where the transaction occurred or to the defendant's principal place of business within California.  Civil Code § 1782.  The plaintiff thereafter must allege satisfaction of the notice requirement in the complaint.  *Outboard Marine*, 52 Cal. App. 3d at 38; *Von Grabe*, 312 F. Supp. 2d at 1304.

12

13

14

15

16

The purpose of the notice requirement is to give the potential defendant the opportunity to correct alleged deficiencies before a lawsuit is filed.  *Outboard Marine*, 52 Cal. App. 3d at 40.  The *Outboard Marine* court explained the important legislative policy behind the notice provision as follows:

17

18

19

20

> The clear intent of the act is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished. This clear purpose may only be accomplished by a literal application of the notice provisions.

21

*Id.* at 41.

22

23

24

25

26

To achieve the notice requirement's important purpose, courts treat the failure to provide the notice as a fatal defect that bars the CLRA claim.  *See, e.g.*, *Von Grabe*, 312 F. Supp. 2d at 1304.  For example, in *Von Grabe*, the plaintiff brought an action for damages alleging violations of the CLRA based upon Sprint's

27

28

9

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

1    refusal to replace certain cellular telephone equipment despite the plaintiff's

2    enrollment in an "Equipment Replacement Program." *Id*. at 1291.  The plaintiff,

3    however, failed to provide proper notice of his intent to bring a suit under the Act,

4    as required by Civil Code Section 1782.  *Id*. at 1304.  The plaintiff had sent a letter

5    to Sprint, but the letter did not mention the CLRA or the specific violations, and the

6    letter was not delivered thirty days before commencing the action or in the proper

7    fashion.  *Id*.  Based on the insufficient notice, the court dismissed the plaintiff's

8    CLRA claims *with prejudice*.  *Id*. at 1304.

9

10   For the same reason, courts do not allow belated attempts to correct the

11   failure to give advance notice through the service of an amended complaint.  *Cattie*

12   *v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007)(dismissing

13   claim for damages despite filing of amended complaint after 30 days notice); *Laster*

14   *v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005)(dismissing

15   claim for damages with prejudice for failure to strictly comply with the notice

16   requirement); *In re Guidant Corp. Implantable Defibrillators Prod't Liab. Litig.*,

17   2007 WL 1725289 at *16 (D. Minn. 2007)(finding notice sent after complaint was

18   filed insufficient).

19

20   **1.     Plaintiff Failed To Provide The Requisite CLRA Notice
         Before Filing Suit**

21

22   Although Plaintiff's entire complaint is premised on conduct proscribed by

23   the CLRA, Plaintiff has failed to satisfy the notice requirement of Civil Code

24   section 1782 before filing this action.  Moreover, this error cannot be cured by

25   amendment because Plaintiff has already filed suit for damages.

26

27

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

28

\\\LA - 019337/000069 - 365570 v8

On or about October 22, 2007, Plaintiff's counsel sent a letter to Office Depot demanding payment for damages pursuant to the CLRA on behalf of Plaintiff and a class of similarly situated individuals. Declaration of Robin J. Samuel ("Samuel Decl."), ¶ 2 and Exhibit A. 2 The letter is dated October 9, 2007, just two days before Plaintiff filed her complaint. *Id.* Worse, the letter was not sent by Plaintiff's counsel until almost ten days *after* the Complaint was filed. *Id.*

The letter states that it is being sent "pursuant to the California Legal Remedies Act" and describes itself as "a demand letter serv[ing] as notice to Office Depot, on behalf of Mrs. Sanbrook and all others in California who are similarly situated." Samuel Decl., ¶ 2 and Exhibit A, page 1. Ten days **before** Plaintiff sent the letter, however, Plaintiff filed the Complaint in this lawsuit.

Plaintiff's actions violate the express requirements of the CLRA because Plaintiff did not wait thirty days after sending the letter to file her complaint.3 In fact, Plaintiff provided Office Depot with virtually no time to cure the alleged wrongdoing, as required by the CLRA, thereby fundamentally undermining the

---

2 While Plaintiff's CLRA demand letter was not attached to the Complaint, the letter still may be considered by the Court in conjunction with this motion. Specifically, the Court may consider documents not attached to the Complaint, but upon which the Complaint necessarily relies, and the authenticity of which is not contested. *Parrino v. FHP, Inc.*, 146 F. 3d 699, 705-06 (9th Cir. 1998)(district court properly considered the plaintiff's health plan, administered by the defendant, because his claims rested on the plan and the terms were essential to his complaint). Allowing the consideration of documents necessary to the complaint "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* See also, *Global Network Communications, Inc. v. City of New York*, 458 F. 3d 150, 157 (2d Cir. 2006)(noting that this rule "prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting.").
3 The letter also is deficient because Plaintiff sent the letter to Office Depot's registered agent, rather than to the location of the transaction or Office Depot's principal place of business within California. Samuel Decl., ¶ 2 and Exhibit A.

11

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

1   purpose of the notice requirement.  Moreover, Plaintiff may not cure this fatal

2   defect by filing an amended complaint after the requisite notice period has elapsed.

3   *Cattie*, 504 F. Supp. 2d at 949; *Laster*, 407 F. Supp. 2d at 1196; *but see Kennedy v.*

4   *Natural Balance Pet Foods, Inc.*, 2007 WL 2300746 (S.D. Cal. 2007) (dismissing

5   CLRA claim without prejudice where complaint unclear as to whether damages

6   sought under CLRA, and *citing Deitz v. Comcast Corp.*, 2006 WL 3782902 (N.D.

7   Cal. 2006)).

8

9       Because Plaintiff did not give the requisite notice, both her individual and

10  class CLRA claims must be dismissed.  Plaintiff may argue, however, that she was

11  not required to give notice before filing suit because her CLRA claim does not

12  explicitly seek damages.  As explained below, that argument is a red herring.

13

14      **2.    Plaintiff Was Required To Give CLRA Notice Because The
15             Complaint Seeks Damages Under The CLRA**

16      The notice requirement does not apply to all actions under the CLRA, just

17  those for damages.  Specifically, Civil Code Section 1782(d) authorizes the filing of

18  an action for injunctive relief without first providing notice to the defendant.

19

20      However, this "injunctive relief only" exception cannot save Plaintiff's

21  Complaint because the Complaint unequivocally and repeatedly seeks damages for

22  CLRA-proscribed conduct:

23

24  •   The Complaint alleges or requests damages no less than 17 separate times.

25      Complaint, ¶¶ 2, 25, 27, 37, 40, 51, 53, 64, 74, 82, 89 and Prayer for Relief

26      (c), (d), (h) and (i).

27
28

---

12

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Most of these damage allegations are specifically incorporated by reference into Plaintiff's CLRA cause of action.  Complaint, ¶ 54.

- Most of the class action claims in the Complaint—which are based on the same underlying conduct as the CLRA claim—seek damages on behalf of Plaintiff and the purported class.  *See, e.g.,* Complaint, Third Cause of Action for Song-Beverly Violation, ¶ 64 ("As a result of Office Depot's violation …, Named Plaintiff and Class Members are entitled … to damages….").

- Plaintiff attempts to assert a class action under the CLRA, and pursuant to Civil Code Section 1781, a class action only may be asserted where the alleged conduct has "caused ***damage*** to other consumers."   Complaint, Second Cause of Action.

- The "Prayer for Relief" seeks an "order awarding as damages" all sums paid by Plaintiff and the Class Members for repairs, as well as interest and "actual and punitive damages."  Complaint, Prayer for Relief, pages 15-16.

- The Civil Cover Sheet completed by Plaintiff's counsel states that Plaintiff seeks monetary remedies and punitive damages.

- The deficient "CLRA notice" letter mailed by Plaintiff two weeks *after*, but dated two days *before*, the Complaint was filed states "This letter is an effort to resolve the matter, *prior to the initiation of litigation for damages pursuant to the Consumer Legal Remedies Act.*"  *Samuel Decl.*, ¶ 2 and Exhibit A, page 1 (emphasis added).  The letter goes on to state that Plaintiff

13

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

1    "*will be* entitled to file an action against Office Depot" thirty days after

2    Office Depot's receipt of the letter. *Id.* at page 5 (emphasis added).

3

4    Separately, the above facts demonstrate that Plaintiff is seeking damages under the

5    CLRA in the Complaint. Together, they establish the proposition beyond any

6    doubt.

7

8        Most tellingly, however, is the fact that Plaintiff asserts a damages class in

9    the other causes of action in the Complaint. As discussed in Section III(A) above,

10   Plaintiff cannot circumvent the CLRA and its mandatory notice requirement by

11   craftily pleading class action claims for CLRA-covered conduct under non-CLRA

12   monikers. Doing so would put form over substance by allowing damage claims for

13   CLRA-covered conduct to proceed without the requisite notice. *Von Grabe*, 312 F.

14   Supp. 2d at 1304; *Outboard Marine*, 52 Cal. App. 3d at 40. ("To hold otherwise

15   would allow avoidance of the coverage of the act merely by pleading in language

16   not specified in the statute.").

17

18       Consequently, Plaintiff was required to provide notice before filing suit

19   because the Complaint seeks damages for CLRA-proscribed conduct. Plaintiff's

20   failure to provide the notice thirty days before filing suit is fatal to her CLRA

21   claims.

22

23   **C.    Plaintiff Cannot Assert An UCL Claim On Behalf Of The Class**

24       Plaintiff lacks standing to bring a class claim for violation of Business &

25   Professions Code Section 17200 because Plaintiff has not been injured by Office

26

27
                                        14
                  **MEMORANDUM OF POINTS AND AUTHORITIES**
28                         **Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

1  Depot's alleged misconduct.  Plaintiff admits that Office Depot reimbursed her the

2  full cost of her Plan (and then some) after she complained to the company.

3  Complaint, ¶ 26.  Therefore, Plaintiff has not suffered an "injury in fact" sufficient

4  to allow her to bring Section 17200 claims on behalf of others.

5

6      Plaintiff's alternate claim that she has sustained injury because she was not

7  reimbursed the full amount she spent repairing her computer does not change this

8  result because the repair costs that Plaintiff incurred are not "restitution" that may

9  be recovered under Section 17200.

10

11      Finally, Plaintiff's unfair competition claim also is deficient because Plaintiff

12  improperly seeks non-restitutionary disgorgement, which is not an available remedy

13  under Section 17200.

14

15          **1.    Plaintiff Lacks Standing To Assert Class Claims Under
                     Section 17200**

16

17      In November 2004, the voters of California approved Proposition 64, which

18  amended Business & Professions Code section 17204 to provide that a private

19  individual has standing to assert a claim under the UCL only if he or she "has

20  suffered injury in fact and has lost money or property as a result of such unfair

21  competition."  Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights*

22  *v. Mervyn's LLC*, 39 Cal. 4th 223, 227, 46 Cal.Rptr.3d 57, 60 (2006); *State ex rel.*

23  *Grayson v. Pacific Bell Telephone Co.*, 142 Cal. App. 4th 741, 758, 48 Cal.Rptr.3d

24  427, 439 (2006).  Proposition 64 also amended Section 17203 to provide that a

25  private person may pursue "representative claims or relief on behalf of others" only

26  if the person meets the new standing requirement and otherwise complies the

27

28

15

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

California class action requirements. *California Consumer Health Care Council v. Kaiser Foundation Health Plan, Inc.*, 142 Cal. App. 4th 21, 34, 47 Cal Rptr. 3d 593, 601-02 (2006)(affirming dismissal of unfair competition action against hospital because plaintiff could not satisfy "injury in fact" requirement).

These amendments imposed significant new requirements on claimants under the UCL, which had previously authorized any person "acting for the general public" to sue for relief from unfair competition, without requiring a showing of injury or damage. *Californians for Disability Rights*, 39 Cal. 4th at 227-228. In approving Proposition 64, California's voters declared that the amendments were necessary to prevent abusive UCL actions by attorneys whose clients had not been "injured in fact." Consequently, since Proposition 64's passage, a UCL plaintiff must demonstrate an existing injury in fact before he or she will be allowed to pursue UCL claims on behalf of others. *Id.*

Here, Plaintiff has no "injury in fact" because, before Plaintiff filed this lawsuit, Office Depot paid Plaintiff approximately $450. Complaint, ¶ 26. This amount included "a refund of her initial $119.99 purchase price for the Plan," and was paid in response to Plaintiff's complaints about her Plan. *Id.* The payment fully reimbursed Plaintiff for all sums she spent purchasing the Plan, as well as any interest associated with the lost use of those funds. In fact, Plaintiff was refunded *nearly four times* the amount she paid for the Plan. Plaintiff therefore lacks standing to bring any claim pursuant to Section 17200 because she has already been made whole. *California Consumer Health Care Council*, 142 Cal. App. 4th at 34.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8

**2.**    **Plaintiff's "Non-Reimbursed" Repair Costs Do Not Give Her Standing To Assert Class Claims Under Section 17200 Because The Repair Costs Are Not Restitution**

Anticipating the standing challenge, Plaintiff attempts to plead around her lack of injury in the Complaint by asserting that she "has still sustained damages" because she was not reimbursed the full amount she paid to repair her computer. Complaint, ¶ 27.  With respect Plaintiff's UCL claim, this contention is plainly incorrect because the repair costs do not constitute restitution.

The only remedies available for UCL violations are restitution and injunctive relief.  Cal. Bus. & Prof. Code § 17200; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149-50, 131 Cal. Rptr. 2d 29, 41-42 (2003).  This is because Section 17203 operates only to return to a person those measurable amounts which are wrongfully taken by means of an unfair business practice.  *Day v. AT&T Corporation*, 63 Cal. App. 4th 325, 340, 74 Cal. Rptr. 2d 55 (1998).  The intent of the section is to make whole, equitably, the victim of an unfair practice. *Id. a*t 339; *Korea Supply*, 29 Cal. 4th at 1147-48 (Section 17203 makes clear that "the equitable powers of a court are to be used . . . to 'restore to any person in interest' any money or property acquired through unfair practices.").  And in the UCL context, the notion of restoring something to a victim of unfair competition includes two separate components: (1) the offending party must have obtained something to which it was not entitled and (2) the victim must have given up something which he or she was entitled to keep.  *Id.*; *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012, 36 Cal. Rptr. 3d 592, 602 (2005)(citation omitted)(restitution may be awarded "to restore the status quo").

17

\\\LA - 019337/000069 - 365570 v8

Accordingly, because the remedies under the UCL are restricted to injunctive relief and restitution, only those individuals who suffer losses of money or property that are eligible for restitution have standing to assert UCL claims. *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 817, 66 Cal. Rptr. 3d 543, 557 (2007). Here, the money Plaintiff spent to repair her computer is not "restitution" because Office Depot did not obtain, and does not possess, that money. *Day*, 63 Cal.App.4th at 340. As the *Day* court put it:

> We think it significant that the Legislature chose to use the word 'restore' in labeling that which an offending defendant may be ordered to do. The word, as defined by the Oxford English Dictionary, means '[t]o give back, to make return or restitution of (anything previously taken away or lost).'

Plaintiff admits that she paid $119.99 to Office Depot for her Performance Protection Plan. Complaint, ¶¶ 25-27. Plaintiff further admits that Office Depot refunded Plaintiff for the full cost of her Plan. *Id.* Thus, Plaintiff has been paid back in full for the purchase price of the Plan, she has nothing left to receive as restitution, and she lacks standing to bring a Section 17200 claim.

### 3. Plaintiff Cannot Seek Non-Restitutionary Disgorgement Under Section 17200

As previously mentioned, the only remedies available for UCL violations are restitution and injunctive relief. Bus. & Prof. Code § 17203; *Korea Supply Co.*, 29 Cal. 4th at 1149-50 (2003). *Non-restitutionary* disgorgement, on the other hand, is not an available remedy in a UCL action. *Id.* at 1147 ("[W]e find nothing to indicate that the Legislature intended to authorize a court to order a defendant to disgorge all profits to a plaintiff who does not have an ownership interest in those profits.").

18

1    In her first cause of action, Plaintiff seeks "disgorgement of all profits

2    accruing to Office Depot because of its unlawful, unfair and fraudulent business

3    practices."  Complaint, ¶ 53.  However, it would be inequitable to disgorge "all

4    profits" received by Office Depot for selling the Plan to consumers.  Even if

5    Plaintiff's allegations were true, only individuals who purchased the Plan *and* who

6    were misled by the alleged false advertising *and* who believed that certain services

7    were provided under the Plan that were not actually provided would be entitled to

8    restitution.  Plaintiff has not alleged that every individual who purchased the Plan

9    was deceived by Office Depot's representations; Plaintiff even acknowledges that

10   the Terms and Conditions were available to be viewed on-line, allowing for public

11   review of the Terms and Conditions prior to purchase.  Complaint, ¶ 19.  By

12   seeking disgorgement of <u>all</u> profits accruing to Office Depot for the Plan, rather

13   than limiting relief to restitution for only purchasers who suffered injury, Plaintiff

14   runs afoul of Section 17203.

15

16       **D.    Plaintiff Lacks Standing To Obtain Prospective Relief**

17

18       To obtain prospective relief, such as declaratory relief or an injunction, a

19   plaintiff must satisfy Article III's standing requirements and demonstrate that he or

20   she has "suffered an 'injury in fact' that is (a) concrete and particularized and (b)

21   actual or imminent, not conjectural or hypothetical" and that "it is likely, as

22   opposed to merely speculative, that the injury will be redressed by a favorable

23   decision."  *Friends of the Earth, Inc. v. Laidlaw Environmental Svcs. (TOC), Inc.*,

24   528 U.S. 167, 180-81 (2000); *Gest v. Bradbury*, 443 F. 3d 1177, 1181 (9th Cir.

25   2006)(citing text).  Additionally, a plaintiff must demonstrate that he or she is

26   "realistically threatened by a *repetition* of the violation."  *Gest*, 443 F. 3d at 1181

27
                                        19
28

\\\LA - 019337/000069 - 365570 v8

1   (internal quotations omitted).  "Past exposure to illegal conduct does not in itself

2   show a present case or controversy regarding injunctive relief if unaccompanied by

3   any continuing, present adverse effects."  *Lujan v. Defenders of Wildlife*, 504

4   U.S. 555, 564 (1992) (internal quotations omitted).

5

6       In this case, Plaintiff cannot meet the standing requirements of Article III,

7   and thus cannot seek declaratory or injunctive relief, because Plaintiff cannot

8   demonstrate that she is realistically threatened by a repetition of the alleged

9   violation.  Plaintiff concedes that she was refunded the full purchase price of her

10  Plan before she filed suit.  Complaint, ¶26.  In effect, Plaintiff has chosen not to

11  participate any further in the Plan.  Because Plaintiff is no longer participating

12  under the Plan, she faces ***no*** possibility of future violations.

13

14      Even assuming for the sake of argument that Plaintiff could make future

15  claims, the fact remains that Plaintiff's plan has almost expired and there is no way

16  to tell if her computer will experience future problems within the remaining

17  warranty period.   Plaintiff purchased her desktop computer and a "two-year Plan"

18  on July 24, 2006.  Complaint, ¶¶ 21-22, 25.  Consequently, there are just over seven

19  months remaining on Plaintiff's Plan.  Considering that Plaintiff had her computer

20  repaired sometime after May 2007, and there are only seven months remaining

21  under the Plan, it is highly unlikely that she will encounter computer problems that

22  might trigger a future claim under the Plan.  Consequently, Plaintiff cannot allege

23  that she is *realistically* threatened by a repetition of Office Depot's alleged violation

24  of failing to provide services promised under the Plan.  Plaintiff therefore lacks

25  standing to seek either declaratory relief or an injunction prohibiting "future"

26  violations.

27

28

20

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

## IV.   THE COMPLAINT DOES NOT STATE VALID CLAIMS ON BEHALF OF PLAINTIFF

Besides the defects in the class-wide claims, Plaintiff also fails to state claims for individual relief in the Complaint.

### A.   Plaintiff Cannot Bring An Individual Damage Claim Under The CLRA Because She Did Not Provide The Required Notice

Plaintiff, individually, fails to state a claim in Count Two for violation of CLRA because she has not and cannot allege compliance with the CLRA notice requirement.  Therefore, for the same reasons set forth above in Sections I(B)(1) and I(B)(2), Plaintiff's individual claim for damages under the CLRA is barred.

### B.   Plaintiff Fails To State A Claim For Violation of The Song-Beverly Consumer Warranty Act

The Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq.*, provides relief for "[a]ny buyer of consumer goods who is damaged by a failure to comply with any obligation" under the Act.  Civil Code § 1794 (a). Damages under the Act are limited to damages *actually incurred*, and plaintiffs may "not be 'compensated' for 'losses' resulting in no monetary deprivation."  *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 757-58, 52 Cal.Rptr.2d 134, 138-39 (1996)(plaintiff not entitled to "loss of use" or emotional distress damages).

Plaintiff alleges that Office Depot failed to make the terms and conditions of the Plan available at the point of sale.  Complaint, ¶ 63.  However, Plaintiff fails to allege how this purported violation caused Plaintiff any damage.  Moreover, even if Plaintiff had suffered some damage initially as a result this alleged omission, Plaintiff later received a full refund of the cost of her Plan.  *See*, Section III(C)(1),

*supra*.  Consequently, Plaintiff cannot be said to have suffered **any** damage as a result of Office Depot's alleged conduct.  Since Plaintiff has not suffered any damage, Plaintiff cannot pursue a claim under the Song-Beverly Act.

### C.    Plaintiff Fails To State A Claim For Unjust Enrichment

To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred upon the defendant a benefit and that it would be unjust for the defendant to retain the benefit.  *California Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 132, 10 Cal. Rptr. 2d 58, 62 (1992).  "The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."  *Lauriedale Associates, Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448, 9 Cal. Rptr. 2d 774, 780 (1992).  The object of the restitution "is to restore the status quo by returning to plaintiff funds in which he or she has an ownership interest."  *Korea Supply Co.*, 29 Cal. 4th at 1149.

Here, Plaintiff alleges that she "conferred upon Office Depot . . . payment[] for the Plan" and that "Office Depot's retention of the non-gratuitous benefit[] conferred by Plaintiff . . . is unjust and inequitable."  Complaint, ¶¶ 67-68.  But these allegations are contradicted by Plaintiff's admission that she received a full refund for her payment.  Therefore, Office Depot has not retained any benefit conferred by Plaintiff, and Plaintiff cannot state a claim for unjust enrichment.

### D.    Plaintiff Fails To State A Claim For Breach Of Contract

Plaintiff's breach of contract claim, whether based on the argument that Office Depot breached the actual Terms and Conditions of the Plan, or the

22
**MEMORANDUM OF POINTS AND AUTHORITIES**
**Case No. C 07-05938 PVT**

advertising brochure itself, also should be dismissed.

### 1. Plaintiff Has Not Alleged That Office Depot Breached Any Of The Actual Terms And Conditions Of The Plan

To state a claim for breach of contract, a plaintiff must allege (a) a contract, (b) plaintiff's performance or excuse for non-performance, (c) defendant's breach, and (d) damage to plaintiff. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745, 108 Cal. Rptr. 2d 23 (2001); 4 Witkin, Cal. Proc. 4th (2007 supp.) Plead, § 476, p. 168. Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pled with specificity. *Levy v. State Farm Mutual Automobile Ins. Co.*, 150 Cal. App. 4th 1, 5-6, 58 Cal. Rptr. 3d, 54, 57 (2007)(general averments that defendants violated contract insufficient; plaintiff must allege facts demonstrating breach).

Plaintiff, however, alleges in only the most conclusory fashion that Office Depot has breached the Performance Protection Plan "by refusing to provide the coverage that is promised in the brochure." Complaint, ¶ 73. This conclusory statement does not suffice because Plaintiff has not specified a single term of the Terms and Conditions that Office Depot has allegedly violated. Complaint, Exhibit 3 (Terms and Conditions). The breach of contract claim fails on this ground alone. *First Commercial*, 89 Cal. App. 4th at 745; *Levy*, 150 Cal. App. 4th 1, 5-6.

### 2. Any Contract Claim For Breach Of The Representations Made In The Brochure Is Encompassed By, And Must Be Brought Under, The CLRA

Plaintiff argues that the *brochure* given to Plaintiff prior to her purchase of the Plan constitutes a separate contract with Office Depot. Specifically, Plaintiff alleges that "[t]he brochure given to Plaintiff and Class Members by Office Depot

23

\\\LA - 019337/000069 - 365570 v8

1    constituted an offer to enter into a contract . . ." and that "Plaintiff and Class

2    Members accepted the offer by purchasing the Plan in reliance on the terms

3    advertised by Office Depot."  Complaint, ¶¶ 71-72.

4

5    However,  Plaintiff still cannot state a valid claim for breach of contract

6    because the claim that Office Depot failed to honor promises made in the brochure

7    constitutes a claim for deceptive advertising, and not a breach of Office Depot's

8    actual obligations under the contract.   Any such claim is encompassed by the

9    CLRA, and must be brought exclusively pursuant to that statute.  Consequently, the

10    breach of contract claim should be dismissed.

11

12    ### E.    Plaintiff Fails To State Claims For Fraud and Negligent Misrepresentation

13

14    Plaintiff asserts in the sixth and seventh causes of action that Office Depot

15    misrepresented the Plan because it "represented to consumers, including Plaintiff

16    and Class Members, that the Plan offered benefits such as '100% protection from

17    day one' and on-site service," but "the benefits offered to consumers were never

18    available under the Terms and Conditions of the Plan."  Complaint, ¶¶ 76-77, 84-

19    85.   These claims for fraud and negligent misrepresentation fail because the Terms

20    and Conditions attached to the Complaint show that Plaintiff was not defrauded.

21

22    Allegations in a complaint may be disregarded when contradicted by exhibits

23    to the complaint. *Roth v. Garcia  Marquez*, 942 F. 2d 617, 625 n. 1 (9th Cir.

24    1991)(noting that "when the allegations of the complaint are refuted by an attached

25    document, the Court need not accept the allegations as being true"); *Foster Poultry*

26    *Farms, Inc. v. SunTrust Bank*, 355 F. Supp. 2d 1145, 1148 (E.D. Cal.

27    _____

      24
      **MEMORANDUM OF POINTS AND AUTHORITIES**
      **Case No. C 07-05938 PVT**

28

\\\LA - 019337/000069 - 365570 v8

1  2004)(Allegations in complaint may be disregarded if contradicted by exhibits).

2

3      As stated in the Terms and Conditions of the Plan, on-site service is available

4  with certain limitations.  Complaint, Exhibit 3 (providing on-site repair, subject to

5  environmental and technical requirements).  While Plaintiff alleges that she was

6  improperly denied on-site repair, she fails to specify why, and thus fails to allege

7  that the denial was for a reason outside of the Terms and Conditions.  Complaint, ¶

8  25.  Therefore, Plaintiff has not demonstrated that on-site repair was "never

9  available," but has merely alleged that she was not provided with on-site repair in

10  her particular case.  Plaintiff's fraud claims should be dismissed.

11

12  **V.    CONCLUSION**

13

14      Plaintiff has no basis for bringing this action.  Plaintiff failed to give the

15  requisite notice for bringing a putative class action for damages under the CLRA,

16  and all other class allegations in the Complaint are barred by the CLRA exclusivity

17  rule.  Plaintiff also lacks standing to pursue either an UCL claim or prospective

18  relief in this case because she has not suffered an injury in fact.  Plaintiff's

19  individual claims should be dismissed for the same reasons.  None of these defects

20  can be cured by amendment, and Office Depot respectfully requests that its motion

21  to dismiss be granted in its entirety without leave to amend.

22

23  Dated:  December 3, 2007          HOGAN & HARTSON LLP

24

25                          By:    /s/  *Robin J. Samuel*
                             Robin J. Samuel
26                          Attorneys for Defendant
                             OFFICE DEPOT, INC.
27                              25
      **MEMORANDUM OF POINTS AND AUTHORITIES**
28        **Case No. C 07-05938 PVT**

\\\LA - 019337/000069 - 365570 v8