# EXHIBIT "A"

# Corporate Creations®

Registered Agent • Director • Incorporation Services
11380 Prosperity Farms Road #221E
Palm Beach Gardens FL 33410

Tel (561) 694-8107
Fax (561) 694-1639

October 23, 2007

Office Depot, Inc.

Kathy White, CLA Manager, Litigation
Office Depot, Inc.
2200 Old Germantown Road
Legal Department (Mail Code LEGL)
DELRAY BEACH FL 33445

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

| | | |
|---|---|---|
| 1. | Client Entity: | Office Depot, Inc. |
| 2. | Title of Action: | Re: Mary Sanbrook v. Office Depot, Inc. |
| 3. | Document(s) Served: | Demand Letter |
| 4. | Court/Agency: | California Lemon Lawyers |
| 5. | State Served: | California |
| 6. | Case Number: | |
| 7. | Lawsuit Type: | Damages |
| 8. | Amount Claimed: | ALERT: See enclosed document for specific amount. |
| 9. | Method of Service: | Certified Mail |
| 10. | Date Received: | 10/22/2007 |
| 11. | Date to Client: | 10/23/2007 |
| 12. | # Days When Answer Due: 30<br>Answer Due Date: 11/21/07 | CAUTION: Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 13. | Plaintiff's Attorney:<br>(Name, City and Phone Number) | Scott R. Kaufman, Esq.<br>Santa Clara, California<br>408-727-8882 |
| 14. | Call Made To:<br>(Name and Phone Number) | Emailed client<br><br>HF |
| 15. | Shipped By: | FedEx Saver and Email with PDF Link |
| 16. | Tracking Number: | 798792393427 |
| 17. | Notes: | |

THIS NOTICE IS PROVIDED FOR GENERAL INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED A LEGAL OPINION. IT IS YOUR RESPONSIBILITY TO REVIEW THE DOCUMENT(S) FORWARDED AND TO CONTACT YOUR LAWYER TO TAKE APPROPRIATE ACTION. REGISTERED AGENT SERVICES ARE PROVIDED BY CORPORATE CREATIONS NETWORK INC.



**California Lemon Lawyers**
• 1400 Coleman Ave. • Ste. C14 • Santa Clara, CA 95050
• Phone 408.727.8882 • Fax 408.727.8883
• e.mail LemonAtty@Gmail.com

*"Protecting California's Consumers"*

October 9, 2007

Office Depot, Inc.
Corporate Creations Network Inc.
131-A Stoney Circle, Suite 500
Santa Rosa, CA 95401
**Via Certified Mail, Return Receipt Requested**

Re: *Mary Sanbrook v. Office Depot*

Dear Sir/Madam:

Please be advised that this law office represents Ms. Mary Sanbrook regarding her purchase of Office Depot's "Performance Protection Plan" (hereinafter "PLAN") **Please be further advised that this office retains a lien against all proceeds in this matter and that all future communication(s) regarding this matter must be directed to this office.**

This demand letter is an effort to resolve the matter, prior to the initiation of litigation for damages pursuant to the Consumer Legal Remedies Act. Additionally, pursuant to the Consumer Legal Remedies Act, this demand letter serves as notice to Office Depot, on behalf of Mrs. Sanbrook and all others in California who are similarly situated, of Office Depot's misrepresentations and deceptive acts involving the PLAN sold to her. This demand letter is not to be construed as a complete statement of damages to, or potential claims by Mrs. Sanbrook and/or other similarly situated consumers if suit must be commenced.

**Facts Relevant to this Claim**

On or about July 24, 2006, Mary Sanbrook, purchased the PLAN from Office Depot in conjunction with her purchase of a computer and other accessories, at the Office Depot store located in Mountain View, California. She bought the PLAN after seeing brochures advertising the PLAN as providing "100% Day One Coverage for All Parts and Labor." Furthermore, the brochure advertised that the PLAN provided "on-site


CALIFORNIA LEMON LAWYERS

service" for repairs and 24/7 technical support. These advertisements were material to Mrs. Sanbrook and induced her to purchase the PLAN.

In May of 2007, when Mrs. Sanbrook was using her computer, for some unknown reason, it simply froze, failing to proceed beyond the "welcome screen." Mrs. Sanbrook immediately called the Mountain View Office Depot for help under the PLAN. *First, she* was told that there were no available technicians to come and repair her computer. She was also told that she must call the "Customer Care Center" to make arrangements for the repair.

However, when Mrs. Sanbrook called the "Customer Care Center," she was told that her computer was still under the manufacturer's warranty and therefore, Office Depot would not attempt to repair her computer. Mrs. Sanbrook then explained that one of the primary reasons she had purchased the additional coverage offered by the Office Depot PLAN was so that she could obtain on-site service. Despite the explanation, Office Depot's representative said nothing could be done.

Mrs. Sanbrook called the manufacturer, which denied coverage under its warranty. After making further efforts to have her computer repaired, Mrs. Sanbrook called Office Depot again and explained the problem to the store manager. She told him that she had relied on the PLAN to provide the advertised promises. She then asked the Office Depot manager to send someone to her house to fix the computer. The manager refused. Mrs. Sanbrook ultimately contracted with a third party, at a cost of $650.00, in order to get her computer back into working condition.

After Mrs. Sanbrook complained to the Better Business Bureau, a Senior Customer Relations person at Office Depot eventually refunded the purchase price of the PLAN ($119.99) with no interest on those funds, and also refunded 50% of the third party repair bill ($323.50). However, Mrs. Sanbrook has still been damaged in an amount equal to the remainder of the repair bill -- $323.50. Furthermore, many other California citizens have been harmed by Office Depot's false advertisements related to its "Performance Protection Plan."

While this may not be a complete detailing of all of the laws Office Depot has violated or all of the claims Mrs. Sanbrook will make on behalf of herself and others similarly situated, Office Depot is to consider this letter as formal notice pursuant to *California Civil Code* § 1782 of Office Depot's unlawful and deceptive practices in the advertising and implementation of Office Depot's "Performance Protection Plan" as it relates to Mrs. Sanbrook and others in California who are similarly situated. Further, Office Depot's actions have violated California's *Civil Code* § 1790 et seq, *Business and*


CALIFORNIA LEMON LAWYERS

*Professions Code* § 17200, et seq..

## Summary of Applicable Law

Pursuant to **California's Consumer Legal Remedies Act**, the above acts and omissions on behalf of Office Depot violate California Civil Code §§ 1770(a):

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

(9) Advertising goods or services with intent not to sell them as advertised;

(13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions;

(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not;

(19) Inserting an unconscionable provision in the contract;

Pursuant to **California's Unfair Competition Law**, the above acts and omissions on behalf of Office Depot violate California *Business and Professions Code* § 17200 et seq. in that any unlawful, unfair or fraudulent business act or practice is a violation.

Among other things, Office Depot's failure to properly represent the true nature of the PLAN, failure to come close to living up to the promises made in selling the PLAN and failure to make an appropriate and complete refund to Mrs. Sanbrook are all violations of this law. In so violating the law, Office Depot is liable for economic, actual and consequential damages to Mrs. Sanbrook and those similarly situated, including interest or profits on the funds Office Depot has wrongfully held.. Further, the act calls for disgorgement of related profits and pursuant to California's private Attorney General Act, it is likely that Office Depot is liable to pay of all Mrs. Sanbrook's actual attorney's fees, costs and expenses, reasonably incurred.



CALIFORNIA LEMON LAWYERS

## Fraud

Office Depot's failure to abide by the terms of the PLAN, wherein, Mrs. Sanbrook attempted to properly exercise her rights pursuant to the PLAN and was told that there was no one available to come to her home to fix her computer and that her policy was not in effect because the manufacturer's warranty was in effect, even though she was promised full coverage from day one and on-site repair, was a fraud. When Mrs. Sanbrook continued to complain about the false representations by Office Depot, she was told there was nothing that could be done. Office Depot's refusal to honor the PLAN as represented to Mrs. Sanbrook and instead provide all the reasons that it did not have to honor the PLAN as represented, clearly demonstrates that the contract is illusory, full of false promises and by virtue of the acts and omissions by Office Depot, a fraud on the consumer.

Pursuant to California's **Song Beverly Consumer Warranty Act**, the above acts and omissions on behalf of Office Depot violate California *Civil Code* § 1794.41 in that:

Office Depot failed to make the PLAN, covering a home electronic product purchased for use in this State, available for inspection by Mrs. Sanbrook prior to purchase. Office Depot also failed to make, available prior to purchase, the contract or a brochure specifically describing the terms, conditions, and exclusions of the contract.

## Statutory Demand Pursuant to California Civil Code §1782

Pursuant to California Civil Code §1782(a)(2), Mrs. Sanbrook demands that Office Depot correct, repair, replace, or otherwise rectify said violations of California Civil Code §1770 within **30 days time** by:

(1) buying back the service contract and reimbursing Mrs. Sanbrook in full for all monies paid for the PLAN, including interest on the monies and all monies paid by her to repair her computer and peripherals;

(2) paying prejudgment interest at the legal rate of 10%;

(3) paying attorneys' fees and costs as called for by statute.

Additionally, on behalf of all other persons similarly situated to Mrs. Sanbrook, who were sold the PLAN wherein the contract did not comport with the promises made and applicable law, Mrs. Sanbrook demands that Office Depot **provide adequate rectification by doing the following:**


CALIFORNIA LEMON LAWYERS

(1) Identifying all consumers similarly situated, or making a reasonable effort to identify all such other consumers;

(2) Notifying all consumers similarly situated that upon their request, Office Depot shall make an appropriate correction, repair, replacement, or other remedy of the goods and services;

(3) Agreeing that the correction, repair, replacement, or other remedy requested by the similarly situated consumers has been, or, in a reasonable time, shall be, given;

(4) Ceasing from engaging in the act or practice of falsely advertising the PLAN to consumers.

Any failure on behalf of Office Depot to fully comply with this demand for rectification pursuant to CLRA shall be considered a waiver of any remaining time frame called for by statute.

### Preservation of Evidence

Any and all documentation concerning the foregoing issues must be preserved in the event this case needs to be litigated in court. Any destruction or alteration of any related documentation shall be grounds for a spoliation claim, justifying punitive damages and applicable jury instructions.

### Waiver of Rights to a Jury Trial

Any waiver as to the rights of Mrs. Sanbrook or others similarly situated regarding the litigation of this matter in a court of proper jurisdiction that may potentially exist is void as against public policy pursuant to California Civil Code §1751.

### 30 Days to Make Arrangements for Rectification

Office Depot has 30 days from the date of receiving this letter to make arrangements for rectification with this office. After that time, we will be entitled to file an action against Office Depot to pursue damages. Virtually all of the laws and statutes under which we could potentially bring an action against Office Depot call for **attorneys' fees, costs, and expenses, to be paid by OFFICE DEPOT** if we are successful. Thank you for your time and attention. I look forward to hearing from you.



CALIFORNIA LEMON LAWYERS

Very Truly Yours,
**California Lemon Lawyers**

Scott R. Kaufman, Esq.