Scott R. Kaufman, SBN 190129
**California Lemon Lawyers**
1400 Coleman Ave., Suite C-14
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile: (408) 727-8883

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE DEPOT, INC., a corporation and DOES 1-20,<br><br>Defendants. | Case No: C 07-05938 RMW<br><br>NOTICE OF MOTION AND MOTION TO REMAND; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>CLASS ACTION<br><br>([Proposed] Order lodged concurrently)<br><br>Date: February 2, 2008<br>Time: 9:00 am<br>Ctrm: 6, Fourth Floor<br>Judge: Hon. Ronald M. Whyte |

**PLEASE TAKE NOTICE THAT** on February 2, 2008, at 9:00 am, in Courtroom 6 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Mary Sanbrook, by and through her undersigned counsel and pursuant to 28 U.S.C. §§1332 and 1447, will and hereby does move this Court to remand the within action to the District Court of Santa Clara County in the State of California. The motion is made on the following ground:

This Court is without jurisdiction over this matter because Defendant, Office Depot, Inc. has not demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $5 million, exclusive of interest and costs.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and all matters of which this Court may take judicial notice and upon such oral argument as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Named Plaintiff, Mary Sanbrook ("Named Plaintiff" or "Sanbrook") filed her Complaint in the District Court of Santa Clara County in the State of California, on behalf of herself and a class of individuals who purchased a Performance Protection Plan from Defendant Office Depot, Inc. ("Defendant" or "Office Depot"). On behalf of the Class, the Named Plaintiff seeks compensatory damages, as well as punitive damages and attorney's fees. Complaint ("Compl."), ¶10.

On November 26, 2007, Office Depot filed a Notice of Removal, claiming that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), on the grounds that diversity of citizenship exists and the amount in controversy exceeds $5 million, exclusive of interest and costs. The Named Plaintiff does not dispute Office Depot's representation that it is a citizen of Delaware with its principal place of business in Florida and, thus, diversity of citizenship exists. Notice of Removal ("Not. of Rem."), ¶13(b), ll.9-11. However, Plaintiff respectfully requests that this matter be remanded to State court on the ground that Office Depot has failed to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $5 million, exclusive of interest and costs.

## ARGUMENT OF LAW

### I. THE CLAIMS PRESENTED BY THE NAMED PLAINTIFF DO NOT SATISFY THE REQUIREMENTS OF 28 U.S.C. §1332.

Office Depot seeks removal of this action based upon amendments made to 28 U.S.C. §1332 by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants original jurisdiction to the federal courts over any action filed as a class action and in which:

(1) any member of a class of plaintiffs is a citizen of a state different than any defendant (28 U.S.C. §1332(d)(2)(A));

(2) the number of members of all proposed plaintiff classes in the aggregate exceeds 100 (28 U.S.C. §1332 (d)(5)(B)); and

(3) the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs (28 U.S.C. §1332(d)(2)).

For the reasons discussed below, Office Depot has not demonstrated that the action filed by the Named Plaintiff satisfies the last jurisdictional requirement, *i.e.*, that the matter in controversy exceeds $5 million, exclusive of interest and costs. Because Office Depot has failed to meet is burden on this point, 28 U.S.C. §1447 requires that this matter be remanded to the State court.

### A. As The Proponent of Federal Jurisdiction, Office Depot Bears The Burden of Demonstrating That The Jurisdictional Requirements Are Satisfied.

It is well established that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Company Co.*, 443 F.3d 6576, 685 (9th Cir. 2006). Furthermore, defendant must establish the amount in controversy "by a preponderance of the evidence." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**B.  Office Depot Has Failed To Establish, By A Preponderance Of The Evidence, That The Amount In Controversy Exceeds $5 Million.**

Office Depot has not made any factual showing that that the amount in controversy exceeds $5 million, exclusive of interest and costs. Rather, Office Depot relies solely upon a conclusory statement in its Notice of Removal for the proposition that this action meets CAFA's $5 million in controversy requirement. Not. of Rem., ¶11, ll. 14-17 ( "[b]ecause Office Depot's sales of Performance Protection Plans in California during the relevant time period exceeded $5,000,000, and because plaintiffs seeks restitution of this entire amount, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.")

This statement, without more, does not satisfy Office Depot's burden of establishing the amount in controversy by a preponderance of the evidence. Indeed, this Court's Local Rules 7-2 and 7-5 require that, "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration . . ." USDC Local Rule 7-5(a); *see also* USDC Local Rule 7-2(d). Office Depot's self-serving statement in its Notice of Removal without any supporting affidavit, declaration, exhibits, records, documents, or any evidence of any kind to satisfy its burden of proof to demonstrate that the amount in controversy exceeds $5 million, exclusive of interest and costs.

The only case relied on by Office Depot, *Davis v. Chase Bank, U.S.A.*, 453 F.Supp.2d 1205 (C.D. Cal. 2006) is easily distinguishable from the instant matter. The Defendant there **did** provide evidence that demonstrated that the aggregate of the claims would "likely exceed $ 20,000,000, an amount far above the threshold requirement." *Id.* at 1208. In addition, the plaintiff's counsel admitted in post-removal correspondence that the amount in controversy exceeded the threshold amount so there was not really any real dispute on the issue. *Id.* at 1209.

### C. Office Depot Cannot Rely on Punitive Damages and Attorney Fees to Meet the Jurisdictional Requirement.

Office Depot cannot rely on the fact that the Named Plaintiff seeks punitive damages and attorney fees as conclusive evidence that the amount in controversy is satisfied. With respect to the former, claims for punitive damages must be scrutinized more closely than a claim for actual damages "to ensure that Congress's limits on diversity jurisdiction are properly observed." *Missouri ex rel. Pemiscot County v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). "The mere fact ... that the Plaintiffs have asserted a claim for punitive damages, does not relieve ... the removing party, from proving that, more likely than not, punitive damages will cause the amount in controversy to exceed $ 75,000." *Varboncoeur v. State Farm Fire & Cas. Co.*, 356 F. Supp. 2d 935, 949 (D. Iowa 2005).

Additionally, while the Named Plaintiff will be entitled to an award of attorney fees should this matter be certified as a class action, the amount of those fees depends wholly upon the amount of time invested in the litigation and its ultimate outcome. As with punitive damages, "[g]iven the conjectural nature of the prospective measurement of attorneys' fees that would be awarded under State law, the Court's obligation to resolve all doubts in favor of remand necessitates that enhanced jurisdictional scrutiny be applied to claims for attorneys' fees. *Peterson v. BASF Corp.*, 12 F. Supp. 2d 964, 968 (D. Minn. 1998). The amount of attorney fees that is in controversy is wholly unknowable at this state of the litigation.[1]

---

[1] An Iowa District Court has suggested that, in light of the admonishment from both the U.S. Supreme Court and the Eighth Circuit Court of Appeals that federal jurisdiction must be determined from the date of filing the Complaint, attorney fees may only be counted toward the amount in controversy to the extent that they have accrued at the time the lawsuit was filed. *GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d 992 (D. Iowa 2005).

## **CONCLUSION**

For all of the reasons stated herein, the Named Plaintiff respectfully requests that this matter be remanded to the State court.

Respectfully submitted,

Scott Kaufman,
Attorney for Plaintiff, Mary Sanbrook
and all others similarly situated

Barbara Quinn Smith (Ohio Bar 0055328)
(admission *pro hac vice pending*)
**MADDOX HARGETT & CARUSO**
9853 Johnnycake Ridge Road Suite 302
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175
Email: bqsesq@aol.com

Marnie Lambert (Cal. Bar No.165019)
DAVID P. MEYER & ASSOCIATES, CO., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: .(614) 224-6000
Facsimile: (614) 224-6066
Email:mlambert@dmlaws.com

Attorneys for Plaintiff

1  Scott R. Kaufman, SBN 190129
   **California Lemon Lawyers**
2  1400 Coleman Ave., Suite C-14
   Santa Clara, CA 95050
3  Telephone: (408) 727-8882
   Facsimile: (408) 727-8883
4

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE DEPOT, INC., a corporation and DOES 1-20,<br><br>Defendants. | Case No: C 07-05938 RMW<br><br>**[PROPOSED] ORDER ON PLAINTIFF'S MOTION TO REMAND**<br><br>**CLASS ACTION**<br><br>Date: February 2, 2008<br>Time: 9:00 am<br>Ctrm: 6, Fourth Floor<br>Judge: Hon. Ronald M. Whyte |

On February 2, 2008, the motion of Plaintiff Mary Sanbrook for an order remanding this action to the Santa Clara County Superior Court pursuant to 28 U.S.C. §§1332 and 1447came on for hearing, the Honorable Ronald M. Whyte presiding. Plaintiff brought the motion on the ground that his Court is without jurisdiction over this matter because Defendant, Office Depot, Inc. has not demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $5 million, exclusive of interest and costs.

After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, and good cause appearing therefore, IT IS HEREBY ORDERED that the motion of Plaintiff is GRANTED and the case is remanded to the Santa Clara County Superior Court.

1
2  IT IS SO ORDERED.
3
4  Dated: February __, 2008
5                                          _____
                                            United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scott R. Kaufman, SBN 190129
**California Lemon Lawyers**
1400 Coleman Ave., Suite C-14
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile: (408) 727-8883

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE DEPOT, INC., a corporation and DOES 1-20,<br><br>Defendants. | Case No: C 07-05938 RMW<br><br>**CERTIFICATE OF SERVICE**<br><br>**CLASS ACTION**<br><br>(Notice of Motion and Motion to Remand; And Memorandum of Points and Authorities in Support Thereof, and [Proposed] Order on Plainitff's Motion to Remand filed concurrently)<br><br>Date: February 2, 2008<br>Time: 9:00 am<br>Ctrm: 6, Fourth Floor<br>Judge: Hon. Ronald M. Whyte |

On December 26, 2007, I caused the foregoing documents described as Notice of Motion and Motion to Remand; and Memorandum of Points and Authorities in Support Thereof, and [Proposed] Order on Plaintiff's Motion to Remand to be served on the interested parties in this action by placing a true copy thereof enclosed in a seal envelope addressed as: Robin J. Samuel, **Hogan & Hartson LLP**, 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

12/26/07

_____
Scott Kaufman, Attorney for Plaintiff

1
ORDER ON REMAND- C 07 05938 RMW