Scott R. Kaufman, SBN 190129
1400 Coleman Ave., Suite C-14
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile: (408) 727-8883
Email Address: lemonatty@gmail.com

Attorney for Plaintiff, Mary Sanbrook

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY SANBROOK,** on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>**OFFICE DEPOT, INC.**<br><br>          Defendant. | CASE NO.  C 07-05938 RMW<br><br>(SCSC Case No: 1-07-CV-096374)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**CLASS ACTION**<br><br>([Proposed] Order Filed Concurrently)<br><br>Date:   February 1, 2008<br>Time:  9:00 am<br>Judge:  Hon. Ronald M. Whyte |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Mary Sanbrook hereby files this Memorandum of Law and Authorities in Opposition to Defendant's Motion to Dismiss and proposed Order.  Plaintiff respectfully moves this court to deny Defendant Office Depot's Motion to Dismiss in its entirety.

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT .....................................1

II.  ISSUES TO BE DECIDED ........................................................................2

III. FACTUAL AND PROCEDURAL BACKGROUND..........................................3

IV.  LEGAL STANDARD................................................................................4

V.   ARGUMENT .........................................................................................5

    A.  Plaintiff Has Adequately Alleged A Consumer Legal
        Remedies Act ("CLRA") Claim ...................................................5

        1.  The CLRA Claim Is Not Plaintiff's Exclusive Remedy......................5

        2.  Plaintiff Has Adequately Complied With The Notice
            Provision Of The CLRA And Is Now In The Position
            To Amend Her Complaint To Add A Claim For
            Damages Under The CLRA...................................................7

    B.  Plaintiff And The Putative Class Members Are Entitled To
        Remedies Under Business And Professions Code Section
        17200, Et Seq. ............................................................................9

        1.  Plaintiff Is Entitled To Disgorgement Of Defendants'
            Profits ...............................................................................9

        2.  Plaintiff Is Entitled To The Benefits That Vested Under
            The Terms Of The Performance Protection Plan................................11

    C.  Plaintiff Is Entitled To Seek Prospective Relief On Behalf
        Of Herself And The Putative Class Members............................................12

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss
Case Number: C 07-05938 RMW**

D.  The Complaint Has Set Forth Valid Claims On Behalf Of Plaintiff Under The Song-Beverly Warranty Act, Breach Of Contract, Unjust Enrichment, Fraud, And Misrepresentation..................................................................13

1.  Plaintiff Has Stated A Valid Claim Under The Song-Beverly Consumer Warranty Act.........................................13

2.  Plaintiff Has Stated A Valid Claim For Unjust Enrichment.........................................................................14

3.  Plaintiff Has Stated A Valid Claim For Breach Of Contract............................................................................14

4.  Plaintiff Has Stated Valid Claims For Fraud And Negligent Misrepresentation.................................................15

VI.  CONCLUSION...........................................................................16

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss
Case Number: C 07-05938 RMW**

TABLE OF AUTHORITIES

**CASES**                                                                              **PAGE**

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696, 699 (9th Cir. 1988) ........................................................................4

*Bardin v. Daimler Chrysler Corp.,*
    136 Cal. App. 4th 1255, 1260 (4th App. Dist. 2006)............................................7

*Barron v. Reich,*
    13 F.3d 1370, 1374 (9th Cir. 1994) ......................................................................4

*Bell Atlantic Corp. v. Twombly,*
    127 S. Ct. 1955, 1974 (2007)................................................................................4

*Bily v. Arthur Young & Co.,*
    3 Cal. 4th 370, 406 (Cal. 1992)...........................................................................15

*Bishop v. Hyundai Motor America,*
    44 Cal. App. 4th 750, 753 (4th App. Dist. 1996)................................................13

*Conley v. Gibson,*
    355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ......................................4

*Cortez v. Purolator Air Filtration Prods. Co.,*
    23 Cal. 4th 163, 178 (2000) ............................................................................9, 10

*Cruz v. PacifiCare Health Systems, Inc.,*
    30 Cal. 4th 303, 308 (2003) ..................................................................................7

*EEOC v. Concentra Health Services,*
    496 F.3d 773, 776 (7th Cir. 2007) ........................................................................4

*First Commercial Mortgage Co. v. Reece,*
    89 Cal. App. 4th 731, 745 (Cal. App. 2nd Dist. 2001)........................................14

*Gilligan v. Jamco Dev. Corp.,*
    108 F.3d 246, 249 (9th Cir. 1997) ........................................................................4

*Juarez v. Arcadia Financial, LTD,*
    152 Cal. App. 4th 889, 916 (Cal. App. 4th Dist. 2007) ...................................10, 11

*Juarez v. Arcadia Financial LTD,*
    2007 Cal. LEXIS 10705 (Cal. Sept. 25, 2007) ...................................................11

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

*Korea Supply Co. v. Lockheed Martin Corp.*,
     29 Cal. 4th 1134, 1149 (2003) ............................................................10

*Lazar v. Superior Court*
     12 Cal. 4th 631, 638 (1996) ...............................................................15

*Lauriedale Associates, Ltd. v. Wilson*,
     7 Cal. App. 4th 1439, 1448 (1992) .....................................................14

*Lozano v. AT&T Wireless*,
     504 F.3d 718, 734 (9th Cir. 2007) ......................................................11

*Miller v. Bank of America, NT & SA*,
     144 Cal. App. 4th 1301, 1306 (1st App. Dist. 2006)............................7

*Nagel v. Twin Laboratories, Inc.*,
     109 Cal. App. 4th 39, 44 (4th App. Dist. 2003)..................................7

*Outboard Marine Corp. v. Superior Court*,
     52 Cal. App. 3d 30, 40 (1975) ............................................................5

*Reveles v. Toyota by the Bay*,
     57 Cal. App. 4th 1139, 1154 (Cal. App. 4th Dist. 1997) .....................6

*Sanchez v. Wal-Mart Stores*,
     2007 U.S. Dist. LEXIS 33746, 7 (E.D. Cal. 2007)...........................6, 7

*United States v. Redwood City*,
     640 F.2d 963, 966 (9th Cir. 1981) ......................................................4

*Vasquez v. Superior Court*, *Outboard Marine Corp. v. Superior Court*,
     4 Cal. 3d 800 (1971) ..........................................................................5

*Von Grabe v. Sprint PCS*,
     312 F. Supp. 2d 1285, 1304, FN 17 (S.D. Cal. 2003)..........................6

*Wany v. Massey Chevrolet*,
     97 Cal. App. 4th 856, 860 (2nd App. Dist. 2002) ...............................7

<u>CODES</u>

Civil Code §1752.................................................................................5

Civil Code §1752(a) ............................................................................8

Civil Code § 1782...............................................................................8

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

Civil Code § 1782(a) ...............................................................................................8

Civil Code §1782(c) ...............................................................................................9

Civil Code §1782(d)..............................................................................................12

Civil Code §1794(b)..............................................................................................13

<u>OTHER AUTHORITIES</u>

Fed. R. Civ. P. 12(b)(6) ..........................................................................................4

Fed. R. Civ. P. 8(a)(2) ............................................................................................4

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Office Depot, Inc. ("Defendant" or "Office Depot") advertised its Performance Protection Plan as providing "100% Coverage from day one."  However, the protection plan was simply a sham.  The named Plaintiff, Mary Sanbrook, ("Plaintiff" or "Mrs. Sanbrook") filed this class action against Office Depot because she never received what she was promised when she purchased the Performance Protection Plan.  In an attempt to avoid responsibility for its misconduct, Office Depot now hides behind inapposite and outdated case law and ignores the plain language of the relevant statutes.

Defendant, in its Motion to Dismiss filed December 3, 2007, raises a myriad of arguments in an attempt to evade responsibility for its sham protection plan.  First, Defendant argues that the non-Consumer Legal Remedies Act (CLRA) claims are inappropriate because the CLRA claim is the exclusive mechanism to remedy the allegations in the Complaint.  Defendant then argues the CLRA claim must fail because Plaintiff's alleged damages in her non-CLRA claims are preempted by the CLRA claim.  These circular and incongruous arguments completely ignore and misconstrue legal precedent and the plain language of the CLRA.  The CLRA is clearly not Plaintiff's only remedy.

Second, Defendant argues that Plaintiff and the putative class members are not entitled to assert claims under the Unfair Competition Law ("UCL") for restitution under the California Business & Professions Code ("B&P Code") section 17200, *et seq.*  Plaintiffs are able to seek restitution for the profits Office Depot earned from the money Office Depot made with the sale of the Performance Protection Plan.

1    Third, Defendant argues that Plaintiff is not entitled to prospective injunctive relief.  However,

2    Named Plaintiff still has rights under her Performance Protection Plan and faces the possibility of future

3    harm.

4    Fourth, Defendant argues the expenses incurred by Plaintiff to have her computer or peripheral

5    devices repaired by a third party are not recoverable under the Song-Beverly Consumer Warranty Act.

6    In making this argument, Defendant ignores the plain language of the Act, which grants Plaintiff that

7    right.

8    Finally, Defendant argues Plaintiff failed to make valid claims for breach of contract, fraud, and

9    negligent representations claims.  Defendant ignores that these claims are predicated on Office Depot's

10    representations that the Performance Protection Plan provided "100%" protection, Office Depot never

11    intended to provide such expansive coverage and, Named Plaintiff was damaged because of these

12    representations and failures.

13    For these reasons, Office Depot's motion to dismiss should be denied in its entirety.

14    Alternatively, if this Court is inclined to grant any part of Defendant's Motion, then Plaintiff respectfully

15    requests the opportunity to amend her Complaint to cure any perceived deficiencies.

16    **II.    ISSUES TO BE DECIDED**

17    The central issue to be decided at this stage of the case is whether Plaintiff has properly pled her

18    statutory and common law causes of action in accordance with the requirements of Fed. R. Civ. P.

19    12(b)(6). In particular, the Court must determine: (1) whether the CLRA is the exclusive mechanism for

20    Plaintiff's claims; (2) whether the CLRA notice requirements are applicable to non-CLRA claims; (3)

21    whether Plaintiff is entitled to disgorgement of Defendant's profits; (4) whether Plaintiff is entitled to

22    the benefits that became vested under the Performance Protection Plan; (5) whether Plaintiff can seek

23    injunctive and declaratory relief; (6) whether Plaintiff's expenses incurred in seeking repair from a third

24

1    party constitute damages under Song-Beverly Consumer Warranty Act; (7) whether Plaintiff has

2    successfully asserted a claim for unjust enrichment; (8) whether Plaintiff has successfully asserted a

3    claim for breach of contract; (9) and whether Plaintiff has successfully asserted claims for fraud and

4    negligent misrepresentation.

5    **III.     FACTUAL AND PROCEDURAL BACKGROUND**

6          Mary Sanbrook filed this case against Office Depot on October 12, 2007 after Office Depot

7    failed to provide the promised service under its Performance Protection Plan.  On July 24, 2006, Office

8    Depot provided Plaintiff with a brochure describing its Performance Protection Plan.  The plan was

9    described as providing "100% of parts and labor coverage from day one", "on-site service for your

10   computer system", and providing technical support "24/7."  (Complaint, ¶9, ¶10, ¶11, ¶22)  The

11   brochure containing these representations was given to Plaintiff at the time of purchase.  (Complaint,

12   ¶12).  The actual terms of the Performance Protection Plan were not disclosed to Plaintiff at the point of

13   sale; those terms are only available online, and only to those who click a link titled "Register Your

14   Plan."  (Complaint, ¶12).  The Terms and Conditions contain twenty-six (26) different categories of

15   exclusions, virtually excluding from coverage any problem or malfunction the product could experience.

16   (Complaint, ¶16).  Thus, the Performance Protection Plan offers illusory coverage.  (Complaint, ¶16).

17         Plaintiff brings seven claims against Office Depot for this illusory Performance Protection Plan:

18   Violations of the Business and Professions Code §17200 et seq. (Unfair Competition Law); Violations

19   of Civil Code §1750 et seq. (Consumer Legal Remedies Act); Violations of Civil Code §17900 et seq.

20   (Song-Beverly Consumer Warranty Act); Unjust enrichment; Breach of contract; Fraud; and Negligent

21   Misrepresentation.  (See Complaint generally).  Office Depot seeks dismissal, pursuant to Civ. R.

22   12(b)(6), of each of these claims.  Plaintiff respectfully presents this response to Office Depot's motion

23   to dismiss.

24

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss
Case Number: C 07-05938 RMW**

1

## IV.    LEGAL STANDARD

2

A claim for relief must be supported by "a short and plain statement showing that the pleader is

3

entitled to relief." Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion tests the legal sufficiency of the

4

claims asserted in the complaint.  Dismissal can be based on the "lack of a cognizable legal theory" or

5

"the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

6

*Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  The issue is not whether the non-moving party will ultimately

7

prevail, but whether it is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco*

8

*Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

9

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the

10

complaint as true and construe them in the light most favorable to the non-moving party.  *Barron v.*

11

*Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  A court must not dismiss a complaint for failure to state a

12

claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

13

which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80

14

(1957); *see also United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).  As the Supreme

15

Court recently explained, "[W]e do not require heightened fact pleading of specifics, but only enough

16

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

17

1955, 1974 (2007).[1]

18

19

20

21

22

23

---

[1] *Twombly* imposes "two easy-to-clear hurdles" (*EEOC v. Concentra Health Services,* 496 F.3d 773, 776 (7th Cir. 2007)): plaintiffs must provide fair notice to defendants of plaintiffs' claims; and plaintiffs must plausibly suggest that plaintiffs have a right to relief, which rises above a "speculative level." *Id.* (citing *Twombly* at 1964, 1965, 1973, n.14, and *Conley at* 41.

24

4

1

**V.    ARGUMENT**

2

    **A.  Plaintiff has Adequately Alleged a Consumer Legal Remedies Act ("CLRA") Claim**

3

        **1.  The CLRA Claim is Not Plaintiff's Exclusive Remedy**

4

      Defendant is incorrect in its claim that the exclusive remedy for its misconduct is the CLRA.

5

Defendant claims that "[t]he CLRA is the only mechanism by which a class action may be brought to

6

remedy conduct within the statute's purview." (Defendant's Motion to Dismiss, Pg. 5).  In making this

7

argument, Defendant misrepresents the language of the statute and relies upon outdated caselaw.

8

      The CLRA was amended in 1975 to include the following paragraph of §1752, which is titled

9

"**Remedies nonexclusive**":

10

      "this shall not be construed so as to deprive a consumer of any statutory or common law
      right to bring a **class action** without resort to this title. **If any act or practice proscribed**

11

      **under this title also constitutes a cause of action in common law or a violation of**
      **another statute, the consumer may assert such common law or statutory cause of**

12

      **action under the procedures and with the remedies provided for in such law"**

13

Cal. Civ. Code §1752.  (emphasis added).  Defendant asserts that the statute stands for the proposition

14

that the CLRA is the exclusive remedy for Plaintiff's injuries.  This is simply erroneous.  The plain

15

language of the 1975 amendment clearly counters that argument.

16

      The first case relied on by the Defendant, *Vasquez v. Superior Court*, was decided in 1971,

17

before the 1975 amendment to §1752.  *See Vasquez v. Superior Court,* 4 Cal. 3d 800 (1971).  The

18

second case relied on by Defendant, *Outboard Marine Corp. v. Superior Court*, was decided in 1975 and

19

almost exclusively relies on *Vasquez* for the outdated proposition that the CLRA is the exclusive

20

remedy.  *Outboard Marine Corp. v. Superior Court,* 52 Cal. App. 3d 30, 40 (1975).  Furthermore, the

21

lack of discussion of the 1975 Amendment in the *Outboard Marine Corp.* decision suggests that it was

22

decided before the legislature explicitly determined to make the CLRA non-exclusive.  *Id.*

23

24

5

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

The third case relied on by Defendant, *Von Grabe v. Sprint PCS*, acknowledges that *Vasquez* was decided before the 1975 amendment to §1752 and suggests that both *Outboard Marine Corp*. and *Vasquez* are bad law on the issue of the exclusivity of a CLRA claim.   *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304, FN 17 (S.D. Cal. 2003).  Thus, it is readily apparent that Defendant misunderstood *Von Grabe* as it actually stands for the proposition that the CLRA is non-exclusive.  *Id.*  The *Von Grabe* court clearly states, "Thus, contrary to the conclusion drawn from *Outboard Marine Corp.* at first glance, it *does not appear* that Cal. Civ. Code §1770 is the exclusive remedy available to a consumer." *Id.* (emphasis added).

Furthermore, Defendant ignores precedent such as *Sanchez v. Wal-Mart Stores*, where the District Court held in a class action that the "[r]emedies provided by the CLRA are not exclusive." *Sanchez v. Wal-Mart Stores*, 2007 U.S. Dist. LEXIS 33746, 7 (E.D. Cal. 2007).  The court also noted in a footnote, "Defendants rely on *Outboard Marine Corp. v. Superior Court*…..for the proposition that the CLRA provides the exclusive remedy for acts that it covers.  But it is not clear whether the court in *Outboard Marine* took into account the 1975 amendment.  Moreover, the *Outboard Marine* court relied on another case, *Vasquez v. Superior Court*…, in which the court interpreted the pre-1975 version of §1752." *Id.*  Defendant also ignores other cases that have discussed this issue and have determined that the CLRA "established a *nonexclusive* statutory remedy for 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer…." *Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1154 (Cal. App. 4th Dist. 1997), *quoting Gallin v. Superior Court*, 230 Cal. App. 3d 541, 545-6 (1991).

Indeed, Defendant fails to cite any cases that so much as suggest that a CLRA cause of action must be dismissed if other non-CLRA claims are made.  In fact, there are several cases that prove just

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

the opposite, i.e., *Sanchez v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 33746, 2 (E.D. Cal. 2007) (strict products liability, violation of California's Unfair Competition Law, violation of California's Consumer Legal Remedies Act, breach of implied warranty); *Miller v. Bank of America, NT & SA*, 144 Cal. App. 4th 1301, 1306 (Cal. App. 1st Dist. 2006) (violation of Consumer Legal Remedies Act, violation of Unfair Competition Law, intentional misrepresentation, negligent misrepresentation, unlawful levy against social security payments, violation of False Advertising Act); *Bardin v. Daimler Chrysler Corp.*, 136 Cal. App. 4th 1255, 1260 (Cal. App. 4th Dist. 2006) (violation of Unfair Competition Law, violation of Consumer Legal Remedies Act, declaratory relief); *Wany v. Massey Chevrolet,* 97 Cal. App. 4th 856, 860 (Cal. App. 2nd Dist. 2002) (violation of the Consumer Legal Remedies Act, fraud, injunctive relief under the Business and Professions Code); *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal. 4th 303, 308 (2003) (violation of Business and Professions Code, violation of the Consumer Legal Remedies Act, unjust enrichment); *Nagel v. Twin Laboratories, Inc.*, 109 Cal. App. 4th 39, 44 (Cal. App. 4th Dist. 2003) (violation of the Consumer Legal remedies act, false advertising under §17500, and unfair competition under §17200).

Thus, Plaintiff's Consumer Legal Remedies claim should not be dismissed because both the plain language of §1752 and well-established case law in California hold that plaintiffs can bring non-CLRA claims along with a CLRA claim.

    **2.** <u>**Plaintiff Has Adequately Complied with the Notice Provision of the CLRA and is Now in the Position to Amend her Complaint to Add a Claim for Damages Under the CLRA**</u>

Plaintiff served a CLRA demand letter on Defendant on October 23, 2007, over two (2) months ago. (Declaration of Robin Samuel in Support of Defendant's Motion to Dismiss, pg. 2) The requisite

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

1    statutory period of time, 30 days, has now passed and Plaintiff is in a position to amend her complaint to

2    seek damages as part of her CLRA claim, which currently only seeks injunctive relief.[2]

3         As of January 11, 2008, Plaintiff has not sought damages under the CLRA and has complied

4    with the explicit notice provisions of §1782(a) of the CLRA.  The notice provision of §1782(a) states:

5         Thirty days or more prior to the commencement of **an action for damages pursuant to
     this title**, the consumer shall do the following:

6

7         (1) Notify the person alleged to have employed or committed methods, acts, or
     practices declared unlawful by Section 1770 of the particular alleged violations of
     Section 1770.

8

9         (2) Demand that the person correct, repair, replace or otherwise rectify the goods
     or services alleged to be in violation of Section 1770.

10        The notice shall be in writing and shall be sent by certified or registered mail, return
     receipt requested, to the place where the transaction occurred or to the person's principal

11   place of business within California.

12   Cal Civ. Code §1782. (emphasis added).  In other words, to commence an action for the damage

13   remedies provided by the CLRA, plaintiff must notify the defendant with notice in the proper format of

14   the unlawful practices and demand that the defendant rectify these practices.  *Id.*  There is nothing to

15   indicate that the person must fulfill these requirements before filing suit under other legal theories or

16   when seeking only injunctive relief under the CLRA.  The statute simply states that proper notice first be

17   provided "Thirty days or more prior to the commencement of an action **for damages pursuant** to this

18   title…"  Cal. Civ. Code §1752(a). (emphasis added).  The required notice must be provided to the

19   Defendant.  The word "pursuant" indicates that the notice requirement is unique to just the CLRA

20   claims

21

22

23   [2] In the time since service of Plaintiff's demand letter and the filing and service of Plaintiff's Complaint, Defendant filed a
     Notice of Removal and the Motion to Dismiss, which is currently before the Court.  These filings delayed Plaintiff's

24   amendment of the Complaint to add damages to the CLRA claim.

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss
Case Number: C 07-05938 RMW**

In order to make its argument that Plaintiff failed to give the requisite notice under the CLRA, Defendant attempts to re-cast Plaintiff's CLRA claim as one that seeks damages, even though Plaintiff specifically seeks only "an order prohibiting Defendant from misrepresenting the Plan to potential purchasers." (Complaint, ¶59). Defendant's argument taken to its conclusion would mean that no plaintiff could ever bring non-CLRA claims for damages, unless the notice provisions of the CLRA are first complied with *even if* Plaintiff is not, at the time of the filing of the Complaint, seeking damages under the CLRA. Such an approach is not required by the law of California with respect to the causes of action pursued by Plaintiff.[3]

Additionally, as the Defendant states, "[t]he purpose of the notice requirement is to give the potential defendant the opportunity to correct the alleged deficiencies before a lawsuit is filed." (Motion to Dismiss, pg. 9). This purpose is not frustrated by the fact plaintiffs are still able to plead other non CLRA claims, including those claims that seek common law damages. Since Office Depot failed to make the requested corrections, Plaintiff is entitled to amend her Complaint to seek damages in her CLRA cause of action.

## B. Plaintiff and the Putative Class Members are Entitled to Remedies Under Business and Professions Code Section 17200, et seq.

Under the UCL and California case law, Plaintiff is entitled to disgorgement of Office Depot's profits derived from its Performance Protection Plan.

### 1. Plaintiff is Entitled to Disgorgement of Defendants' Profits

Defendant cites *Korea Supply v. Lockheed Martin Corp,*. 29 Cal. 4th 1134 (2003) for the proposition that Plaintiff is not entitled to disgorgement of Office Depot's profits. (Motion to Dismiss pg. 18-19). Defendant is incorrect. "[T]he concept of restoration or restitution, as used in the UCL, is

---

[3]The plain language of §1782, the CLRA's notice provision, states that "[n]o action for damages may be maintained under Section 1781…." Cal. Civ. Code §1782(c). This makes it clear that only CLRA actions are required to comply with the requirements of §1782(c) as opposed to Defendant's argument, that other, non-CLRA, actions can only be maintained if the requirements of §1782(c) are fulfilled.

9

not limited only to the return of money or property that was once in the possession of that person." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000).

     *Korea Supply* is easily distinguished from the present case. There, the issue before the court was "whether disgorgement of profits allegedly obtained by means of an unfair business practice is an authorized remedy under the UCL where these profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest." 29 Cal. 4th at 1149. Here, Plaintiff had an ownership interest in the funds used to purchase the Performance Protection Plan at the time the money was obtained by Office Depot through its unfair business practices. Unlike the plaintiff in *Korea Supply*, Sanbrook does not seek damages for lost business opportunities. Rather, she seeks damages that emanate from the unfair business practices that caused her to purchase a service agreement that had no value.

     Moreover, "the concept of restitution is broader than simply the return of money that was once in the possession of the person from whom it was taken." *Juarez v. Arcadia Financial, LTD*, 152 Cal. App. 4th 889, 915 (Cal. App. 4th Dist. 2007).

     In *Juarez,* as here, the plaintiff sought restitution of profits gained while their funds were in the possession of the defendant. The Court of Appeals acknowledged that "the plaintiffs arguably have an ownership interest in any profits [defendant] may have gained through interest or earnings on plaintiffs' money that [defendant] wrongfully held." *Juarez,* 152 Cal. App. 4th at 915. Speaking to this requirement specifically, the court noted:

> [I]n this case the plaintiff class is alleged to have suffered a measurable loss. Thus, if plaintiffs succeed in establishing UCL liability, it will be clear that Arcadia obtained something to which it was not entitled, and that the plaintiff class gave up something its members were entitled to keep. In *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1149 [131 Cal. Rptr. 2d 29, 63 P.3d 937] (Korea Supply), the Supreme Court concluded that "restitutionary disgorgement" is available under the UCL. This may include monies that were not necessarily in the plaintiff's possession: "We have stated that '[t]he concept of restoration or restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person.' Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest." (Korea Supply, supra, 29 Cal.4th at p. 1149, citing Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 178 [96 Cal. Rptr. 2d 518, 999 P.2d 706].)

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

152 Cal. App. 4th at 914-915.   The Supreme Court of California recently denied a request to review and republish this opinion. *Juarez v. Arcadia Financial Ltd.,* 2007 Cal. LEXIS 10705 (Cal. Sept. 25, 2007)

Sanbrook unquestionably has a vested interest in the profits Office Depot received while holding her funds for approximately 10 months.   She is unquestionably entitled to disgorgement of those profits under the UCL.

### 2.   Plaintiff is Entitled to the Benefits that Vested Under the Terms of the Performance Protection Plan

In *Lozano v. AT&T Wireless*, the Ninth Circuit held that contractual benefits are recoverable under the UCL when those benefits become vested. *Lozano v. AT&T Wireless*, 504 F.3d 718, 734 (9th Cir. 2007).  Plaintiff brought a class action, alleging that the defendant failed to follow through with the terms of the cell-phone contract. *Id.* at 723.  When Plaintiff made calls near the end of a billing cycle that were "routed" through another cell-phone carrier, the calls were often included in the next month's bill. *Id.* at 722.  Thus, plaintiff alleged that class members were deprived of minutes because of telephone calls made in the previous month. *Id.*  As the court stated, "[plaintiff] contracted for 400 free 'anytime' minutes.  Yet, due to out-cycle-billing, he reserved, and therefore lost, a certain number of those minutes each billing period to account for the late-billed roaming calls." *Id.* at 733.  Plaintiff brought suit for claims under, among other things, the CLRA and UCL. *Id.* at 721.  The court held that plaintiff "properly stated an injury that he did not receive the full value of his contract with [defendant] due to its failure to disclose out-of-cycle billing, and that this injury is redressable under the UCL." *Id.* at 734.

In the present case, Mrs. Sanbrook had more than an expectancy and/or a contingent interest in the services under the plan.  Rather, Mrs. Sanbrook had a vested interest to receive services under the

Performance Protection Plan because she experienced problems with her computer, which should have been covered under the plan, but were not.  (Complaint ¶ 22).  Thus, she is entitled to restitution as to the amount of the services denied by Office Depot.  This amount is equal to the service she was forced to obtain from a third party.

Because the concept of disgorgement includes profits from the unlawfully obtained money and an amount equal to her vested right under the Performance Protection Plan, Plaintiff is entitled to restitution under the UCL.

**C.  Plaintiff is Entitled to Seek Prospective Relief on Behalf of Herself and the Putative Class Members**

Plaintiff is entitled to seek injunctive and declaratory relief on behalf of herself and the putative class members because she is subject to future harm from Office Depot's failure to live up to the terms of the Performance Protection Plan.  On July 24, 2006, Plaintiff bought Office Depot's two-year Performance Protection Plan, which was advertised as providing "100% protection" for that term. (Complaint, ¶21, 22).  That promised service was never provided.  (Complaint, ¶23, 25).  Although Plaintiff received a payment of $450, there are no allegations that she ever signed a release or gave up her rights under the Performance Protection Plan.  (See Complaint generally).  Thus, she still has rights under the plan until the plan expires.  Obviously during the remainder of the plan period, the Plaintiff could suffer future computer problems and be denied the expected services she was promised under the plan.  Therefore, Defendant's argument that Named Plaintiff cannot suffer from future violations is incorrect.

To the extent that Named Plaintiff will not have standing after her Performance Protection Plan protection expires, Named Plaintiff will seek leave of court to amend the complaint for damages under the CLRA, under Cal. Civ. Code §1782(d).

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss
Case Number: C 07-05938 RMW**

D. **The Complaint has Set Forth Valid Claims on Behalf of Plaintiff Under the Song-Beverly Consumer Warranty Act, Breach of Contract, Unjust Enrichment, Fraud, and Misrepresentation**

1. **Plaintiff Has Stated A Valid Claim Under The Song-Beverly Consumer Warranty Act.**

The Song-Beverly Consumer Warranty Act allows a consumer to seek damages for replacement or reimbursement in the event the seller fails to comply with any obligation covered by the Act. Cal. Civ. Code §1794(b). Thus, assuming that Plaintiff is not able to claim disgorgement as damages under the Song-Beverly Consumer Warranty Act, Plaintiff and the putative class members are able to recover costs incurred for seeking repairs from a third party.[4]

Defendant cites *Bishop v. Hyundai Motor America* for the proposition that damages are limited to those *actually incurred.* (Motion to Dismiss pg. 21). In *Bishop*, plaintiff sought damages for emotional distress related to her inability to use her defective car. *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 753 (Cal. App. 4th Dist. 1996). The court conducted an exhaustive analysis of the Uniform Commercial Code, the Song-Beverly Consumer Warranty Act, and related case precedent before coming to the conclusion that plaintiff could not recover for expenses not actually incurred. *Id.* at 758.

In the present case, Plaintiff is not trying to recover emotional distress or other intangible damages, but rather seeks expenditures actually incurred, and not reimbursed by Defendant, in seeking repair from a third party. As Plaintiff alleges in the Complaint she was required to pay $650 to have her computer repaired by a third party. (Complaint, ¶ 25). Thus, Plaintiff has set forth a valid claim under the Song-Beverly Consumer Warranty Act.

---

[4] The putative class members are also entitled to a full refund of the purchase price of the sham protection plan sold by Defendant and, thus, would also be able to recover those damages under this cause of action. As with the Defendant's arguments regarding injunctive relief, it is premature to determine that the putative class members have no claim under the Song-Beverly Consumer Warranty Act.

13

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

### 2.  **Plaintiff Has Stated A Valid Claim For Unjust Enrichment**

Defendant correctly states that "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."  (Motion to Dismiss pg. 22), *Lauriedale Associates, Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (Cal. App. 1st Dist. 1992).  As stated above, both California case law and the Restatement on Restitution support the proposition that restitution can be more than just the actual benefit conferred on the defendant and may include profits gained from the unlawful conduct.

### 3.  **Plaintiff Has Stated A Valid Claim For Breach of Contract**

To state a claim for breach of contract, Plaintiff must allege (a) a contract, (b) plaintiff's performance or excuse for non-performance, (c) defendant's breach, and (d) damage to plaintiff.  *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (Cal. App. 2nd Dist. 2001).  Defendant argues that Plaintiff made conclusory statements and "has not specified a single term of the Terms and Conditions that Office Depot has allegedly violated."  (Motion to Dismiss pg. 23).  In making this argument, Defendant is ignoring the plain language of the complaint.  Plaintiff's Fifth Cause of Action for Breach of Contract sets forth the prima facie elements for a breach of contract claim, including Defendant's breach.  The brochure, which encompasses the representations made to Plaintiff as part of the offer, is attached as Exhibit 2 to the Complaint and is incorporated by reference throughout the Complaint.  In the Complaint, Plaintiff states that the Performance Protection Plan was advertised as providing "100% of parts and labor coverage from day one."  (Complaint, Exhibit 2, ¶ 9).  Furthermore, Plaintiff states that the Plan was advertised as providing "on-site service for your computer system" and technical service was available "24/7".  (Complaint, Exhibit 2, ¶¶9, 10). Plaintiff explicitly incorporates all the preceding paragraphs of the Complaint in her Breach of Contract Cause of Action.  (Complaint, ¶70).  Finally, Plaintiff alleges that these representations constituted an offer to enter into a contract.

1    (Complaint, ¶71).  Furthermore, Plaintiff alleges that there was an acceptance and breach.  (Complaint,

2    ¶¶76 and 77).  Last, Plaintiff alleges damages in the amount of $323 as a result of Office Depot's

3    unlawful practices.  (Complaint, ¶27).  Thus, all the elements of a breach of contract have been properly

4    plead.

5                **4.   Plaintiff Has Stated Valid Claims for Fraud And Negligent Misrepresentation**

6            The elements of a claim for  fraud are: (1) a misrepresentation (false representation,

7    concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to

8    induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court* 12 Cal.4th

9    631, 638 (1996).   Misrepresentation includes all of these elements, with the exception of scienter.   *Bily*

10   *v. Arthur Young & Co.*, 3 Cal. 4th 370, 406 (Cal. 1992).

11           In connection with her claims for fraud and negligent misrepresentation, Plaintiff alleges the

12   Performance Protection Plan was advertised as providing "100% of parts and labor coverage from day

13   one." (Complaint, Exhibit 2, ¶ 9).  Furthermore, Plaintiff alleges that the Plan was advertised as

14   providing "on-site service for your computer system" and technical service was available "24/7".

15   (Complaint, Exhibit 2, ¶¶9, 10). Plaintiff explicitly incorporates all the preceding paragraphs of the

16   Complaint in her Fraud and Negligent Misrepresentation Causes of Action.  (Complaint, ¶¶ 75, 83).

17   Plaintiff alleges that these representations were material, and that Defendant knew of should have

18   known that they were untrue.  (Complaint, 79-80).  Plaintiff further alleges that she and the class

19   members reasonably relied to their detriment on these misrepresentations.  (Complaint, ¶ 81, 88).

20           Defendant's suggestion that Plaintiff could not have been defrauded because she has attached the

21   Plan's Terms and Conditions to the complaint is without merit.  Plaintiff specifically alleges that the

22   Terms and Conditions are not made available at the point of sale, are available only online, and were

23   available (prior to the time this Complaint was filed) only after the user clicked on a link titled "Register

24

15

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**

Your Plan". (Complaint, ¶ 19). Plaintiff makes no allegation that she saw the Terms and Conditions prior to the date she sought to obtain service under the Plan.

Defendant takes Plaintiff to task for a perceived failure to specify why she was denied on-site repair. However, Plaintiff does explain this. As set forth in the Complaint, when Plaintiff requested on-site repair, she was told by Office Depot that it did not offer on-site repair. (Complaint, ¶ 25). .Nothing further is required of Plaintiff.

## VI.    CONCLUSION

For the foregoing reasons, Office Depot's Motion to Dismiss should be denied in its entirety.

Respectfully Submitted,

Dated: January 11, 2008

By: _____/s/ Scott R. Kaufman_____

Scott R. Kaufman, SBN 190129
Attorney for Plaintiff, Mary Sanbrook

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT THEREOF and the accompanying Proposed Order was filed via the Court's electronic filing system this 11th day of January, 2008, and was thereby served upon all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

               __/s/ Scott Kaufman_____
               Scott Kaufman, Attorney for Plaintiff
               Mary Sanbrook and all others similarly
               situated

**Plaintiff Mary Sanbrook's Response in Opposition to Defendant's Motion to Dismiss**
**Case Number: C 07-05938 RMW**