1  HOGAN & HARTSON LLP
   Robin J. Samuel (SBN 173090)
2  Julie A. Shepard (SBN 175538)
   Laura M. Wilson (SBN 246522)
3  1999 Avenue of the Stars, Suite 1400
   Los Angeles, California  90067
4  Telephone:  (310) 785-4600
   Facsimile:  (310) 785-4601
5  RJSamuel@hhlaw.com
   JAShepard@hhlaw.com
6  LMWilson@hhlaw.com

7  Attorneys for Defendant
   OFFICE DEPOT, INC.
8

9              UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | MARY SANBROOK, on behalf of herself and all others similarly situated, | Case No. C 07-05938 RMW |
|---|---|---|
| 13 | | **DEFENDANT OFFICE DEPOT, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 14 | Plaintiffs, | |
| 15 | v. | |
| 16 | OFFICE DEPOT, INC., a corporation, and DOES 1-20, | **CLASS ACTION** |
| 17 | Defendant. | (Request for Judicial Notice filed concurrently herewith) |
| 18 | | |
| 19 | | Date:  February 1, 2008<br>Time:  9:00 a.m.<br>Ctrm:  6<br>Judge:  Hon. Ronald M. Whyte |
| 20 | | |

21
22
23
24
25
26
27
28

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05938 RMW**

\\\LA - 019337/000069 - 372409 v6

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. 1

II. ANALYSIS ........................................................................................... 2

    A. All Non-CLRA Class Claims In The Complaint Must Be Dismissed Because The 1975 Amendment To Civil Code Section 1752 Did Not Change The Required Exclusivity For CLRA Class Actions ................ 2

        1. The Legislative History Of The 1975 Amendment Makes Clear That The CLRA Is The Exclusive Vehicle For Class Actions That "Resort To" The CLRA .................................. 3

        2. The CLRA Must Be The Exclusive Vehicle For Class Actions That "Resort To" The CLRA To Give Effect To Sections 1780 Through 1782 Of The Act ....................................... 4

    B. Plaintiff's CLRA Claim Must Be Dismissed Because Plaintiff Failed To Provide The Proper Notice Before Filing Suit For Damages ............................. 6

    C. Plaintiff Lacks Standing To Seek Restitution Or Disgorgement Under The UCL .......................................... 7

    D. Plaintiff Lacks Standing To Seek Prospective Relief Because Any Alleged Injury Is Unlikely To Recur ................................................................. 10

    E. Plaintiff Has Not Suffered Damage Under The Song-Beverly Consumer Warranty Act ........................... 11

    F. Plaintiff Fails To State A Claim For Unjust Enrichment Because She Conferred No Benefit On Office Depot ................................................................ 11

    G. Plaintiff Fails To State A Claim For Breach Of Contract ............................................................................. 12

    H. Plaintiff Fails To State Claims For Fraud And Negligent Misrepresentation ........................................... 12

III. CONCLUSION ................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

**Federal**

*Albrecht v. Lund*,
    845 F. 2d 193 (9th Cir. 1988) ................................................................. 13

*Freeman v. Time, Inc.*,
    68 F. 3d 285 (9th Cir. 1995) ................................................................... 13

*Friends of the Earth, Inc. v. Laidlaw Environmental Svcs. (TOC), Inc.*,
    528 U.S. 167 (2000) ............................................................................... 10

*Gest v. Bradbury*,
    443 F. 3d 1177 (9th Cir. 2006) ............................................................... 10

*Lozano v. AT&T Wireless*,
    504 F. 3d 718 (9th Cir. 2007) ............................................................... 8, 9

*National Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    319 F. Supp. 2d 1059 (C.D. Cal. 2003) ........................................... 8, 9, 10

*Reddy v. Litton Indus., Inc.*,
    912 F. 2d 291 (9th Cir. 1990) ................................................................. 13

**State**

*Gallin v. Superior Court*,
    230 Cal. App. 3d 541, 281 Cal. Rptr. 304 (1991) ..................................... 4

*Hogya v. Superior Court*,
    75 Cal. App. 3d 122, 142 Cal. Rptr. 325 (1977) ....................................... 4

*Juarez v. Arcadia Financial Ltd.*,
    152 Cal. App. 4th 889 (2007) ............................................................... 7, 8

*Outboard Marine Corp. v. Superior Court*,
    52 Cal. App. 3d 30, 124 Cal. Rptr. 852 (1975) ......................................... 5

*People v. Johnson*,
    28 Cal. 4th 240, 47 P. 3d 1064 (2002) ...................................................... 5

# TABLE OF AUTHORITIES, Cont'd.

**Cases**                                                                                  **Page(s)**

*Reveles v. Toyota by the Bay*,
    57 Cal. App. 4th 1139, 67 Cal. Rptr. 2d 543 (1997) .............................. 4

*Vasquez v. Superior Court*,
    4 Cal. 3d 800 (1971) ................................................................................ 3

**Statutes**

California Civil Code
    § 1752 ............................................................................................... 2, 3, 4, 5
    § 1780 ........................................................................................................... 4
    § 1781 ....................................................................................................... 4, 5
    § 1782 .................................................................................................. 3, 4, 5
    § 1794 ......................................................................................................... 11

California Code of Civil Procedure
    § 382 ........................................................................................................ 4, 5

## I. INTRODUCTION

Plaintiff's Opposition only reinforces the reasons why her Complaint must be dismissed:

A. While Plaintiff argues that the CLRA is a "non-exclusive" remedy, the legislative history and statute itself make clear that Plaintiff cannot bring both non-CLRA and CLRA class claims in the same lawsuit;

B. While Plaintiff argues that she was not required to give Office Depot a CLRA-mandated notice before filing suit for injunctive relief, the allegations in her Complaint unquestionably show that she originally brought a CLRA claim for damages, and now is backpedaling in an attempt to save her claim;

C. Plaintiff cannot rebut the fact that she has been more than fully reimbursed by Office Depot for the cost of the extended warranty she purchased, and Plaintiff's other attempts to create standing under the UCL fail as a matter of law and logic;

D. Plaintiff cannot seek prospective relief on behalf of herself or the putative class because she cannot show any "realistic" threat of future harm; and

E. Plaintiff's various other state law claims fail because Plaintiff has failed to allege an essential element of each claim.

Because none of the above defects can be cured through further pleading, Office Depot respectfully requests that Plaintiff's claims be dismissed with prejudice.

## II. ANALYSIS

### A. All Non-CLRA Class Claims In The Complaint Must Be Dismissed Because The 1975 Amendment To Civil Code Section 1752 Did Not Change The Required Exclusivity For CLRA Class Actions

In an attempt to avoid the exclusivity granted to CLRA class actions by Civil Code Section 1752, Plaintiff argues that, in 1975, the Legislature amended Section 1752 to allow plaintiffs to simultaneously pursue CLRA and non-CLRA class claims in the same lawsuit. Neither the amendment cited by Plaintiff nor Section 1752 itself says any such thing.

Instead, Section 1752 was amended in 1975 to clarify that a plaintiff who chooses to entirely "eschew" the CLRA may bring non-CLRA class claims for conduct that might otherwise be proscribed by the statute. *See* Legislative History for 1975 Amendments to Civil Code Section 1752, attached to Office Depot's Request for Judicial Notice as Exhibit "A," at p. 16 ("[I]t may be desirable … for a consumer who wishes to bring a class action to eschew the CLRA in certain cases."). Contrary to Plaintiff's argument otherwise, the 1975 amendment does not authorize a plaintiff to bring both non-CLRA and CLRA class claims in the same lawsuit. *Id.* at p. 1 ("This bill would specify that [the exclusivity rule of Section 1752] shall not be construed to deprive a consumer of any statutory or common law right to bring a class action ***without resort to the act*** ….")(emphasis added). Indeed, the 1975 amendment left the exclusivity rule of Section 1752 intact, and the statute still provides that in cases where a plaintiff "resorts to" the CLRA, the CLRA's class actions provisions shall apply exclusively. *See* Cal. Civ. Code § 1752.

Equally important, the fundamental policies underlying the CLRA's notice and class action provisions will be entirely defeated if Plaintiff is allowed to assert both CLRA and non-CLRA class claims in the same lawsuit. As explained below,

2
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
Case No. C 07-05938 RMW**

\\\LA - 019337/000069 - 372409 v6

the pre-lawsuit notice requirement of Section 1782 is rendered meaningless if a plaintiff may combine a CLRA claim for injunctive relief with non-CLRA class claims for damages and thereby avoid the notice requirement before filing suit. And courts will be faced with the impossible situation of having different class certification standards apply to the same case if both CLRA and non-CLRA class claims proceed concurrently.

### 1. The Legislative History Of The 1975 Amendment Makes Clear That The CLRA Is The Exclusive Vehicle For Class Actions That "Resort To" The CLRA

In 1975, the California Legislature amended Section 1752 in order to address a "misinterpretation" of the California Supreme Court's decision in *Vasquez v. Superior Court*, 4 Cal. 3d 800 (1971). After the Supreme Court issued its decision in *Vasquez*, a few California courts interpreted the Supreme Court's opinion to mean that plaintiffs had to comply with the CLRA's procedures in all class actions that alleged conduct prohibited under the CLRA, even when the plaintiffs in question did not explicitly assert a CLRA claim. *See* Exh. A at p. 16. To correct this perceived deficiency, the Legislature added language to Section 1752 to clarify that in cases where plaintiffs choose to eschew the CLRA and its remedies altogether, the CLRA's procedures need not be followed. *See* Exh. A at p. 16 (noting that plaintiffs should be allowed "to eschew the CLRA in certain cases"); *see* Exh. A at p. 1 (consumers should not be deprived of right to bring class actions "*without* resort to the act")(emphasis added).

However, the 1975 amendment did not overrule *Vasquez* itself, and the Legislature left the "exclusivity" rule for CLRA class actions intact when it amended the other portions of Section 1752. *See* Exh. A at pp. 2, 16. Both before and after

3

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05938 RMW**

\\\LA - 019337/000069 - 372409 v6

the 1975 amendment, Section 1752 provided (and still provides) that a class action brought under the CLRA shall be governed exclusively by that statute:

> Class actions by consumers brought under the specific provisions of Chapter 3 (commencing with Section 1770) of this title shall be governed *exclusively* by the provisions of Chapter 4 (commencing with Section 1780). Cal. Civ. Code § 1752 (emphasis added).

Therefore, where a plaintiff *does* resort to the CLRA by explicitly pleading a CLRA claim, the CLRA unambiguously provides the exclusive remedy for the plaintiff.[1] As discussed in the next section, this rule makes sense in light of the fundamental policies underlying the CLRA's notice and class certification provisions.

### 2. The CLRA Must Be The Exclusive Vehicle For Class Actions That "Resort To" The CLRA To Give Effect To Sections 1780 Through 1782 Of The Act

Both before *and* after the 1975 amendment, Civil Code Section 1752 provided that class actions brought under the CLRA "shall be governed exclusively" by Civil Code Sections 1780 through 1782. *See* Exh. A at p. 2. Section 1781 outlines specific rules that must be followed in a CLRA class action, including the standards that must be met in order for a court to certify a class. These standards differ from the standards for class certification under California's general class action statute, Code of Civil Procedure Section 382. *Hogya v. Superior Court*, 75 Cal. App. 3d

---

[1] Plaintiff argues that several cases "have discussed this issue and have determined that the CLRA 'established a *nonexclusive* statutory remedy ....'" Opp'n at p. 6. While the courts in these cases stated in dicta that the CLRA is a "nonexclusive" remedy, none of the cited cases substantively address the issue. More importantly, none of the cases affirmatively hold that a plaintiff may combine CLRA and non-CLRA class claims in the same action. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1154, 67 Cal. Rptr. 2d 543 (1997); *Gallin v. Superior Court*, 230 Cal. App. 3d 541, 545-46, 281 Cal. Rptr. 304 (1991).

122, 135-38, 142 Cal. Rptr. 325 (1977)(courts must not consider factors other than those outlined in Section 1781 in deciding whether to certify CLRA class; general certification requirements of Section 382 do not apply in CLRA cases).

Similarly, Section 1782 prohibits a suit for damages unless the proper pre-filing notice is given. This pre-suit notice serves the important purpose of "facilitat[ing] pre-complaint settlements of consumer actions." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 41, 124 Cal. Rptr. 852 (1975).

Plaintiff's reading of the 1975 amendments to Section 1752 would render the requirements of Sections 1781 and 1782 meaningless. Under Plaintiff's strained interpretation, for example, a plaintiff could simultaneously bring claims for injunctive relief under the CLRA and for damages under common law and non-CLRA statutory theories for conduct encompassed by the CLRA *without* providing the pre-filing notice required in Section 1782. Essentially, the plaintiff would be able to prosecute a CLRA action for damages without having to provide the mandatory pre-lawsuit notice, thereby rendering the notice requirement meaningless. Likewise, Section 1781 is rendered meaningless if both CLRA and non-CLRA class claims can be pursued concurrently because courts would be forced to apply different class certification standards to different claims in the same lawsuit. *See People v. Johnson*, 28 Cal. 4th 240, 247, 47 P. 3d 1064, 1068 (2002)(noting that courts will "avoid an interpretation that makes surplusage of a portion of a statute" or renders a section meaningless).

Here, Plaintiff concedes that she has "resorted to" the CLRA by pleading a claim for class relief under the CLRA. *See* Compl., ¶¶ 54-59. Consequently, the CLRA is the exclusive mechanism for Plaintiff's class claims, and all other class action claims in the complaint must be dismissed.

### B. Plaintiff's CLRA Claim Must Be Dismissed Because Plaintiff Failed To Provide The Proper Notice Before Filing Suit For Damages

Plaintiff concedes in her Opposition that she did not provide a pre-suit notice for a CLRA damage action *before* she filed her original complaint. *See* Opp'n at pp. 7-8. Plaintiff also does not address in her Opposition—and therefore concedes—the general rule that a CLRA claim for damages must be dismissed with prejudice if the required pre-suit notice is not provided thirty days before the complaint is filed. *See* Mot. to Dismiss at pp. 9-12; *see also* Opp'n at pp. 5-9. Consequently, the sole question left for the Court to resolve is whether Plaintiff sought damages in connection with her original CLRA claim. If so, the CLRA claim must be dismissed with prejudice.

Plaintiff's argument that her CLRA cause of action only seeks injunctive relief is belied by the numerous allegations otherwise in the Complaint. As outlined in detail in Office Depot's motion to dismiss, the Complaint is replete with claims for damages under the CLRA, including claims that are incorporated directly into the CLRA cause of action. *See* Mot. to Dismiss at pp. 12-14. Moreover, the prayer for relief in the Complaint unquestionably seeks damages for the alleged CLRA violations. *Id.* Tellingly, Plaintiff does not attempt to distinguish or address any of these pleading admissions identified in Office Depot's moving papers.

Because Plaintiff unequivocally and repeatedly sought damages in connection with her CLRA claim—in her Complaint, in the Civil Cover Sheet, and in the letter she sent to Office Depot after she filed this action—and because Plaintiff failed to give the requisite notice before she filed suit, the CLRA claim must be dismissed with prejudice. *See* Mot. to Dismiss at pp. 12-14.

### C. Plaintiff Lacks Standing To Seek Restitution Or Disgorgement Under The UCL

Recognizing the difficulty posed by the fact that she has been more than fully reimbursed by Office Depot for the $119.99 cost of her extended warranty, Plaintiff attempts to create a compensable UCL injury out of whole cloth. The best argument Plaintiff can muster is that she is entitled to restitution under the UCL for the "profits Office Depot received while holding her funds for approximately 10 months." *See* Opp'n at 11. Plaintiff essentially argues that during the short period when Office Depot had possession of the $119.99 purchase price Plaintiff paid for her extended warranty, Office Depot earned interest or some other profit on Plaintiff's money. This argument ignores both logic and applicable law.

Plaintiff's argument fails logically because she was reimbursed not only the full $119.99 cost of her Plan, but also an additional $330.01. This additional $330.01 more than covers any interest or other profit that Office Depot could have earned on the $119.99 during the 10 months it allegedly wrongfully possessed that sum. Thus, under any reasonable measure, Plaintiff has been more than made whole, and ***she personally*** lacks an injury that may be compensated under the UCL. Plaintiff therefore lacks standing to bring a representative UCL action on behalf of others. *See* Mot. to Dismiss at pp. 15-16.

Plaintiff's argument also fails legally because the primary case that Plaintiff cites in support of her claim for restitution of interest earned by Office Depot—*Juarez v. Arcadia Financial Ltd.*, 152 Cal. App. 4th 889 (2007)—is easily distinguishable from Plaintiff's situation. In *Juarez*, the defendant wrongfully obtained and kept the plaintiffs' money. *Id.* at 897. Unlike this case, the defendant in *Juarez* made no attempt to reimburse plaintiffs, and there was no question but that the defendant possessed something that belonged to the plaintiffs. The plaintiffs

7

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05938 RMW**

therefore had a cognizable claim for restitution under the UCL.  Moreover, while the *Juarez* court stated in the context of a discovery dispute that the plaintiffs might have some vested interest in profits earned by the defendant on their money, the court specifically declined to affirmatively hold that the plaintiffs had any such interest.  *Id.* at 917 n.16.

Plaintiff also argues that she has a "vested interest" in the Plan's future benefits, and therefore is entitled to restitution for the amount of possible future third party repairs.  Opp'n at pp. 11-12.  Plaintiff's interest, however, is far from "vested." As defined by Black's Law Dictionary and widely accepted by courts, a "vested interest" is one that is "'unconditional,' 'absolute,' and 'not contingent.'"  *See National Rural Telecommunications Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1080 (C.D. Cal. 2003)(citing Black's Law Dictionary).  Plaintiff has, at best, an expectancy of future benefits under the Plan because any interest is contingent on the happening of several events: Plaintiff's computer would have to fail; the manufacturer would have to deny coverage under its warranty; Office Depot would have to fail to perform covered repairs; and Plaintiff would have to incur additional third party repair costs, all within the six months remaining on the Plan.  *See* Mot. to Dismiss at p. 20.  Such speculation cannot sustain Plaintiff's UCL claim.

Citing *Lozano v. AT&T Wireless*, Plaintiff also argues that she can pursue a UCL claim to recover the Plan's "contractual benefits" because those benefits have "become vested."  *See* Opp'n at p. 11; *Lozano v. AT&T Wireless*, 504 F. 3d 718, 734 (9th Cir. 2007).  Once again, *Lozano* does not advance Plaintiff's argument because Plaintiff does not have a "vested interest" of the type found to exist in *Lozano*.

The plaintiff in *Lozano* entered into a contract with AT&T Wireless for cellular phone service.  The contract provided that the plaintiff would receive 400 minutes of calls each month for a flat rate, and that if plaintiff used additional

minutes in any month, the extra calls would incur "overage" charges. However, certain "roaming" calls made by the plaintiff were not timely applied in the month the calls were made, but were applied instead to subsequent months. As a result, the plaintiff incurred overage charges in certain months when he should not have incurred such charges. *Lozano*, 504 F. 3d at 721.

Unlike Plaintiff here, the *Lozano* plaintiff suffered a cognizable UCL injury when he incurred overage charges as a result of the delayed billing practices. *Id.* at 734. Specifically, the plaintiff lost (and AT&T Wireless obtained) the benefit of minutes that he would otherwise have used each month but for the delayed billing. Because these losses resulted in additional overage charges, the *Lozano* plaintiff could pursue a UCL claim. Plaintiff, by contrast, has no "vested interest" in future Plan benefits because Plaintiff has not experienced a computer malfunction that triggers a coverage obligation, and it is entirely speculative to presume that she will do so in the next few months. Plaintiff still has "all of her minutes" available under the Plan.

Plaintiff's damage theories improperly convert the UCL from a restitutionary statute into one under which consequential damages are recoverable. Rather than seeking to recover an amount gained by Office Depot, Plaintiff seeks to recover for *her* loss, which is a claim for damages, not restitution. *See National Rural*, 319 F. Supp. 2d at 1082 (explaining that "restitution measures the remedy by the defendant's gain, whereas damages measures the plaintiff's loss" and finding that the plaintiffs impermissibly sought damages and "not the return of money in which they have an identifiable property interest")(internal citations omitted). As the court stated in *National Rural*, allowing a claim for damages under the UCL would allow "the UCL [to] be used as an all-purpose substitute for a tort or contract action, something the Legislature never intended." *Id.* Consequently, Plaintiff cannot use

the UCL here as a vehicle to obtain damages.

Finally, Office Depot reiterates its contention—which Plaintiff ignores in her Opposition—that Plaintiff cannot seek "disgorgement of all profits accruing to Office Depot," since not all purchasers of the Plan suffered injury. *See* Mot. to Dismiss at pp. 18-19.

### D. Plaintiff Lacks Standing To Seek Prospective Relief Because Any Alleged Injury Is Unlikely To Recur

Without citing any authority, Plaintiff contends that she is entitled to seek injunctive and declaratory relief on behalf of the putative class "because she is subject to future harm from Office Depot's failure to live up to the terms of the ... Plan." Opp'n at 12. This argument ignores well-settled precedent establishing that, in order to recover prospective relief, a plaintiff must be able to show both that she is "realistically threatened by a *repetition* of the violation" and that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Gest v. Bradbury*, 443 F. 3d 1177, 1181 (9th Cir. 2006); *Friends of the Earth, Inc. v. Laidlaw Environmental Svcs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Plaintiff cannot make the necessary showing here. As outlined above, Plaintiff will only be "threatened" by Office Depot's alleged failure to perform if, within the remaining warranty period, plaintiff's computer fails again, and the failure is covered under the terms of the Plan. Until then, Plaintiff can only speculate that such events, each unlikely in their own right, could *all* happen. Because any potential future injury to Plaintiff is mere speculation, dependent on the occurrence of several unlikely events, Plaintiff cannot allege that she is *realistically* threatened by a repetition of the alleged violation, and she lacks standing to seek prospective relief.

### E. Plaintiff Has Not Suffered Damage Under The Song-Beverly Consumer Warranty Act

As Plaintiff admits, the Song-Beverly Consumer Warranty Act provides relief to consumers who are *damaged* by "a failure to comply with any obligation under ... [a] service contract." Cal. Civ. Code § 1794(a). To pursue a claim under the Act, Plaintiff must therefore have suffered some damage as a result of Office Depot's alleged failure to comply with the Act.

Here, Plaintiff asserts that Office Depot violated the Act by failing to provide the full Terms and Conditions at the point of sale. Compl., ¶ 63. However, Plaintiff fails to plead how she has been damaged by this alleged violation. Compl., ¶¶ 61-64. Her Song-Beverly claim fails for this reason alone.

To the extent Plaintiff claims that she would not have purchased the Plan if Office Depot had provided the Terms and Conditions at the point of sale, then Plaintiff's "damage" is the price she paid for the Plan. Because Plaintiff received a refund for the full cost of her Plan before she filed suit, she has no viable claim under the Song-Beverly Act.

### F. Plaintiff Fails To State A Claim For Unjust Enrichment Because She Conferred No Benefit On Office Depot

Plaintiff contends that a claim for unjust enrichment can be made based on not only the actual benefit conferred on the defendant but also any profits gained from the unlawful conduct. Opp'n at 14. As discussed above, however, Office Depot refunded Plaintiff nearly four times the cost of her Plan, thereby far exceeding any alleged profit Office Depot could have received by holding Plaintiff's funds for ten months. Compl., ¶ 26. As a result, Office Depot has not retained any benefit conferred by Plaintiff, nor gained any profit from its allegedly unlawful conduct, and Plaintiff cannot state a claim for unjust enrichment.

### G. Plaintiff Fails To State A Claim For Breach Of Contract

Office Depot's moving papers note that Plaintiff's breach of contract claim fails because Plaintiff has not identified any Plan provision that Office Depot allegedly breached. *See* Mot. to Dismiss at pp. 22-23. In fact, the only conduct specifically alleged—that Office Depot declined to provide on-site service or repair for Plaintiff's computer problems—is expressly permitted under the Terms and Conditions. *See* Compl., ¶ 23 & Exh. 3. Plaintiff admits that Office Depot refused to repair her computer because it was still covered by the manufacturer's warranty. Compl., ¶ 23. As acknowledged in the Complaint, however, the Plan contains an exclusion for "[r]epair or replacement covered by any other warranty, service agreement, or insurance policy in effect at the time of the failure." Compl., ¶¶ 16, 18 & Exh. 3, § 11(c). Since Office Depot's refusal to repair came within an enumerated exception and did not breach a term of the Plan, Plaintiff's breach of contract claim fails on the face of the complaint.

### H. Plaintiff Fails To State Claims For Fraud And Negligent Misrepresentation

Plaintiff alleges that Office Depot fraudulently advertised the Plan—through a brochure attached to the Complaint—as promising "100% of parts and labor coverage from day one," "on-site service," and "24/7" technical service. Compl. ¶¶ 9-11, 75-89; Opp'n at 15. However, the sales brochure upon which Plaintiff relies for these alleged misrepresentations *also* directs consumers to the Terms and Conditions for the Plan on Office Depot's website. Compl., Exh. 2 ("For a copy of your Terms and Conditions, please refer to …. "). Plaintiff therefore selectively read the brochure and ignored the direction to review the full Terms and Conditions, resulting in a misinterpretation on her part, and not a misrepresentation by Office Depot. *See Freeman v. Time, Inc.,* 68 F. 3d 285, 289 (9th Cir. 1995)(customer put

12
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**Case No. C 07-05938 RMW**

\\\LA - 019337/000069 - 372409 v6

on notice of sweepstakes condition where qualifying language was not hidden or unreasonably small). Since the brochure refers customers to the "Terms and Conditions" of the Plan, it puts customers on notice that there are limitations not listed in the brochure. Such language makes it unreasonable for any customer to rely on the brochure as providing complete information about the Plan, defeating Plaintiff's claims for fraud and negligent misrepresentation.

## III. CONCLUSION

Plaintiff irrevocably failed to provide the notice and period for remediation mandated by California law before proceeding with a class action seeking damages under the CLRA. Plaintiff also lacks standing to bring UCL, Song-Beverly Consumer Warranty Act, and unjust enrichment claims because she has not suffered a cognizable injury under any of those theories. Plaintiff's claim for prospective relief fails because she cannot demonstrate any realistic threat of future harm. Plaintiff's breach of contract claim fails because Plaintiff cannot identify any term of the contract that was breached. Finally, Plaintiff's fraud and misrepresentation claims must be dismissed because she could not have justifiably relied on the brochure given its reference to the Terms and Conditions for the Plan. Because Plaintiff cannot cure any of these deficiencies through further pleading, Office Depot respectfully requests that the Court dismiss all of Plaintiff's claims with prejudice. *Albrecht v. Lund*, 845 F. 2d 193, 195 (9th Cir. 1988); *Reddy v. Litton Indus., Inc.*, 912 F. 2d 291, 296-97 (9th Cir. 1990).

Dated: January 18, 2008                    HOGAN & HARTSON LLP


By: /s/ *Robin J. Samuel*
Robin J. Samuel
Attorneys for Defendant
OFFICE DEPOT, INC.