# *EXHIBIT A*

CALIFORNIA LEGISLATURE—1975-76 REGULAR SESSION

# ASSEMBLY BILL                    No. 1411

## Introduced by Assemblymen Chel and Keene

### April 3, 1975

———

REFERRED TO COMMITTEE ON JUDICIARY

An act to amend Section 1752 of the Civil Code, relating to consumers.

LEGISLATIVE COUNSEL'S DIGEST

AB 1411, as introduced, Chel (Jud.).  Consumers: legal remedies.

Existing law provides that the provisions of the Consumers Legal Remedies Act are not exclusive in nature and that the remedies provided therein are in addition to any other procedures and remedies provided for in any other law.

This bill would reiterate that the remedies provided therein for violation of, or for conduct proscribed by, the act are in addition to any other procedures or remedies for such violation or proscription provided for in any other law.

Present law provides that class actions by consumers brought under specified provisions of the Consumers Legal Remedies Act shall be governed exclusively by designated procedural provisions.

This bill would specify that the above provision shall not be construed to deprive a consumer of any statutory or common law right to bring a class action without resort to the act to enjoin or recover damages with respect to conduct proscribed by the act.

Vote: majority. Appropriation: no. Fiscal committee: no. State-mandated local program: no.

2 1411 25  51



LEGISLATIVE INTENT SERVICE    (800) 666-1917

**AB 1411**        — 2 —

*The people of the State of California do enact as follows:*

1    SECTION 1. Section 1752 of the Civil Code is
2 amended to read:
3    1752.    The provisions of this title are not exclusive. The
4 remedies provided herein *for violation of any section of*
5 *this title or for conduct proscribed by any section of this*
6 *title* shall be in addition to any other procedures or
7 remedies *for such violation or conduct* provided for in
8 any other law.
9    Nothing in this title shall limit any other statutory or
10 any common law rights of the Attorney General or any
11 other person to bring class actions. Class actions by
12 consumers brought under the specific provisions of
13 Chapter 3 (commencing with Section 1770) of this title
14 shall be governed exclusively by the provisions of
15 Chapter 4 (commencing with Section 1780) *; however,*
16 *this shall not be construed so as to deprive a consumer of*
17 *any statutory or common law right to bring a class action*
18 *without resort to this title to either enjoin or recover*
19 *damages with respect to any conduct proscribed by any*
20 *section of this title*.

O



2 1411 30 52

AMENDED IN ASSEMBLY JUNE 10, 1975

CALIFORNIA LEGISLATURE—1975–76 REGULAR SESSION

## ASSEMBLY BILL No. 1411

Introduced by Assemblymen Chel and Keene

April 3, 1975

———

REFERRED TO COMMITTEE ON JUDICIARY

An act to amend Section 1752 of the Civil Code, relating to consumers.

LEGISLATIVE COUNSEL'S DIGEST

AB 1411, as amended, Chel (Jud.). Consumers: legal remedies.

Existing law provides that the provisions of the Consumers Legal Remedies Act are not exclusive in nature and that the remedies provided therein are in addition to any other procedures and remedies provided for in any other law.

This bill would reiterate that the remedies provided therein for violation of, or for conduct proscribed by, the act are in addition to any other procedures or remedies for such violation or proscription provided for in any other law.

Present law provides that class actions by consumers brought under specified provisions of the Consumers Legal Remedies Act shall be governed exclusively by designated procedural provisions.

This bill would specify that the above provision shall not be construed to deprive a consumer of any statutory or common law right to bring a class action without resort to the act to enjoin or recover damages with respect to conduct proscribed by the act.

2 1411 20 93

LEGISLATIVE INTENT SERVICE   (800) 666-1917

**AB 1411**                              — 2 —

Vote: majority. Appropriation: no. Fiscal committee: no.
State-mandated local program: no.

*The people of the State of California do enact as follows:*

1   SECTION 1. Section 1752 of the Civil Code is
2   amended to read:
3     1752.   The provisions of this title are not exclusive. The
4   remedies provided herein for violation of any section of
5   this title or for conduct proscribed by any section of this
6   title shall be in addition to any other procedures or
7   remedies for ~~such~~ *any* violation or conduct provided for
8   in any other law.
9     Nothing in this title shall limit any other statutory or
10  any common law rights of the Attorney General or any
11  other person to bring class actions. Class actions by
12  consumers brought under the specific provisions of
13  Chapter 3 (commencing with Section 1770) of this title
14  shall be governed exclusively by the provisions of
15  Chapter 4 (commencing with Section 1780); however,
16  this shall not be construed so as to deprive a consumer of
17  any statutory or common law right to bring a class action
18  ~~without resort to this title to either enjoin or recover~~
19  ~~damages with respect to any conduct proscribed by any~~
20  ~~section of this title.~~ *without resort to this title. If any act*
21  *or practice proscribed under this title also constitutes a*
22  *cause of action in common law or a violation of another*
23  *statute, the consumer may assert such common law or*
24  *statutory cause of action under the procedures and with*
25  *the remedies provided for in such law.*

O



2 1411 30 95

LEGISLATIVE INTENT SERVICE    (800) 666-1917

## CHAPTER 615

An act to amend Section 1752 of the Civil Code, relating to consumers.

[Approved by Governor September 9, 1975. Filed with
Secretary of State September 9, 1975.]

*The people of the State of California do enact as follows:*

SECTION 1.   Section 1752 of the Civil Code is amended to read:
1752.   The provisions of this title are not exclusive. The remedies provided herein for violation of any section of this title or for conduct proscribed by any section of this title shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law.

Nothing in this title shall limit any other statutory or any common law rights of the Attorney General or any other person to bring class actions. Class actions by consumers brought under the specific provisions of Chapter 3 (commencing with Section 1770) of this title shall be governed exclusively by the provisions of Chapter 4 (commencing with Section 1780); however, this shall not be construed so as to deprive a consumer of any statutory or common law right to bring a class action without resort to this title. If any act or practice proscribed under this title also constitutes a cause of action in common law or a violation of another statute, the consumer may assert such common law or statutory cause of action under the procedures and with the remedies provided for in such law.

---

## CHAPTER 616

An act to amend Section 25351 of, and to add Section 25100.1 to, the Vehicle Code, relating to vehicles.

[Approved by Governor September 9, 1975. Filed with
Secretary of State September 9, 1975.]

*The people of the State of California do enact as follows:*

SECTION 1.   Section 25100.1 is added to the Vehicle Code, to read:
25100.1.   Notwithstanding any other provisions of this code, an ambulance may be equipped with clearance and side-marker lamps.
SEC. 2.   Section 25351 of the Vehicle Code is amended to read:
25351.   (a) A commercial vehicle and, except as provided in subdivision (d), any other vehicle 80 or more inches in width may be equipped with not more than three identification lamps mounted in a row on the front or rear, which lamps shall not exceed three inches in diameter, and which shall be equipped with bulbs not in

01462   27 5 560   152

LEGISLATIVE INTENT SERVICE    (800) 666-1917

CALIFORNIA LEGISLATURE

AT SACRAMENTO

1975–76 REGULAR SESSION

---

# ASSEMBLY FINAL HISTORY

## SYNOPSIS OF
### ASSEMBLY BILLS, CONSTITUTIONAL AMENDMENTS, CONCURRENT
### AND JOINT RESOLUTIONS

---

Assembly Convened December 2, 1974

Recessed December 4, 1974            Reconvened January 6, 1975
Recessed March 20, 1975              Reconvened March 31, 1975
Recessed June 27, 1975               Reconvened August 1, 1975
Recessed September 12, 1975          Reconvened January 5, 1976
Recessed April 8, 1976               Reconvened April 19, 1976
Recessed July 1, 1976                Reconvened August 2, 1976

Adjourned August 31, 1976
Adjourned Sine Die November 30, 1976

Legislative Days.............................................256

HON. LEO T. McCARTHY
*Speaker*

HON. JOHN T. KNOX                    HON. PAULINE L. DAVIS
*Speaker pro Tempore*                *Assistant Speaker pro Tempore*

HON. HOWARD L. BERMAN                HON. PAUL PRIOLO
*Majority Floor Leader*              *Minority Floor Leader*

*Compiled Under the Direction of*
JAMES D. DRISCOLL
*Chief Clerk*

GUNVOR ENGLE
*History Clerk*

LEGISLATIVE INTENT SERVICE    (800) 666-1917



A.B. No. 1410—Chel.

An act to amend Section 21454 of the Vehicle Code, relating to traffic control.

1975

April    3—Read first time.
April    7—Referred to Com. on TRANS. To print.
April    8—From printer. May be heard in committee May 8.
April  24—Art. IV, Sec. 8(a) of the Constitution dispensed with and Joint Rule 55 suspended.
May     1—From committee: Do pass. (Ayes 13. Noes 0.)
May     5—Read second time. To third reading.
May    12—Read third time and passed. Motion to reconsider made by Mr. Briggs. Reconsideration waived. To Senate. (Ayes 58. Noes 0. Page 4810.)
May    12—In Senate. Read first time.
May    14—Referred to Com. on TRANS.
Aug.   13—From committee: Do pass. (Ayes 5. Noes 0.)
Aug.   14—Read second time. To third reading.
Aug.   22—Read third time, passed, and to Assembly. (Ayes 32. Noes 0. Page 7089.)
Aug.   25—In Assembly. To enrollment.
Aug.   27—Enrolled and to the Governor at 11 a.m.
Sept.    5—Approved by the Governor.
Sept.    6—Chaptered by Secretary of State—Chapter 529.

A.B. No. 1411—Chel and Keene.

An act to amend Section 1752 of the Civil Code, relating to consumers.

1975

April    3—Read first time.
April    7—Referred to Com. on JUD. To print.
April    8—From printer. May be heard in committee May 8.
June    9—From committee: (June 5) Amend, and do pass as amended. (Ayes 10. Noes 0.)
June   10—Read second time and amended. Ordered returned to second reading.
June   11—Read second time. To third reading.
June   13—Read third time, passed, and to Senate. (Ayes 58. Noes 0. Page 6885.)
June   16—In Senate. Read first time.
June   18—Referred to Com. on JUD.
Aug.   20—From committee: Do pass. To Consent Calendar.
Aug.   21—Read second time. To Consent Calendar.
Aug.   25—Read third time, passed, and to Assembly. (Ayes 31. Noes 0. Page 7217.)
Aug.   25—In Assembly. To enrollment.
Aug.   28—Enrolled and to the Governor at 10 a.m.
Sept.    9—Approved by the Governor.
Sept.    9—Chaptered by Secretary of State—Chapter 615.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

27—A11

**ASSEMBLY COMMITTEE ON JUDICIARY**
JOHN J. MILLER, Chairman

## BILL DIGEST

**BILL:**    AB 1411             **HEARING DATE:**  5/29/75

**AUTHOR:**  Chel

**SUBJECT:**  Consumers Legal Remedies Act – Non-Exclusive Remedy

**BILL DESCRIPTION:**

The Consumers Legal Remedies Act states that its provisions are non-exclusive and are in addition to other legal remedies.  The Act provides that class actions brought under specific provisions of the Act are governed exclusively by certain procedural provisions of the Act (Civil Code, Section 1752).

This bill reaffirms the non-exclusive nature of the remedies provided by the Consumers Legal Remedies Act. Primarily, the bill provides that the Act does not create an exclusive right to bring class actions for conduct specified in the Act.

**SOURCE:**

Western Center on Law and Poverty

**OPPOSITION:**

California Chamber of Commerce
California Loan and Finance Association

(CONTINUED)



(800) 666-1917

LEGISLATIVE INTENT SERVICE

*3σ*

Exhibit A - Page 08

AB 1411
Page 2

COMMENT:

    The purpose of this bill is to clarify the legislative
intent that remedies under the Consumers Legal Remedies Act
are non-exclusive.  In Vasquez v. Superior Court, 4 Cal. 3d
800, the California Supreme Court stated that if a class action
is filed after January 1, 1971 (the effective date of the Act)
and it alleges conduct described in the Act that the procedures
specified in the Act must be followed.

    Proponents of the bill indicate that as a result of
Vasquez the lower courts require compliance with the procedures
of the Consumers Legal Remedies Act for all class actions that
come within the scope of the Act.  The proponents argue that
"what was provided to the consumer as an option has been turned
into a requirement."

    Staff has been advised by former counsel to the Committee
that this bill reflects the original legislative intent regarding
the non-exclusive nature of the Act.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

ASSEMBLY COMMITTEE ON JUDICIARY
JOHN J. MILLER, Chairman

## BILL DIGEST

BILL:    AB 1411                    HEARING DATE:  6/5/75

AUTHOR:   Chel

SUBJECT:  Consumers Legal Remedies Act - Non-Exclusive Remedy

BILL DESCRIPTION:

The Consumers Legal Remedies Act states that its pro-
visions are non-exclusive and are in addition to other legal
remedies.  The Act provides that class actions brought under
specific provisions of the Act are governed exclusively by
certain procedural provisions of the Act (Civil Code, Section
1752).

This bill reaffirms the non-exclusive nature of the
remedies provided by the Consumers Legal Remedies Act.
Primarily, the bill provides that the Act does not create
an exclusive right to bring class actions for conduct spe-
cified in the Act.

SOURCE:

Western Center on Law and Poverty

OPPOSITION:

California Loan and Finance Association

(CONTINUED)

b

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AB 1411
Page 2

COMMENT:

    The purpose of this bill is to clarify the legislative
intent that remedies under the Consumers Legal Remedies Act
are non-exclusive.  In Vasquez v. Superior Court, 4 Cal. 3d
800, the California Supreme Court stated that if a class action
is filed after January 1, 1971 (the effective date of the Act)
and it alleges conduct described in the Act that the procedures
specified in the Act must be followed.

    Proponents of the bill indicate that as a result of
Vasquez the lower courts require compliance with the procedures
of the Consumers Legal Remedies Act for all class actions that
come within the scope of the Act.  The proponents argue that
"what was provided to the consumer as an option has been turned
into a requirement."

    Staff has been advised by former counsel to the Committee
that this bill reflects the original legislative intent regarding
the non-exclusive nature of the Act.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

ASSEMBLY COMMITTEE ON JUDICIARY
JOHN J. MILLER, Chairman

BILL DIGEST

BILL:    AB 1411                    HEARING DATE:  6/5/75

AUTHOR:   Chel

SUBJECT:  Consumers Legal Remedies Act - Non-Exclusive Remedy

BILL DESCRIPTION:

    The Consumers Legal Remedies Act states that its pro-
visions are non-exclusive and are *in addition to other legal
remedies.  The Act provides that class actions brought under
specific provisions of the Act are governed exclusively by
certain procedural provisions of the Act (Civil Code, Section
1752).

    This bill reaffirms the non-exclusive nature of the
remedies provided by the Consumers Legal Remedies Act.
Primarily, the bill provides that the Act does not create
an exclusive right to bring class actions for conduct spe-
cified in the Act.
* The bill does not preclude a consumer from pursuing
any common law or statutory cause of action under
the procedures and with the remedies provided for in
SOURCE: such law.

    Western Center on Law and Poverty

OPPOSITION:

    California Loan and Finance Association

                                        (CONTINUED)

                        4

(800) 666-1917

LEGISLATIVE INTENT SERVICE

AB 1411
Page 2

## COMMENT:

The purpose of this bill is to clarify the legislative intent that remedies under the Consumers Legal Remedies Act are non-exclusive.  In <u>Vasquez v. Superior Court</u>, 4 Cal. 3d 800, the California Supreme Court stated that if a class action is filed after January 1, 1971 (the effective date of the Act) and it alleges conduct described in the Act that the procedures specified in the Act must be followed.

Proponents of the bill indicate that as a result of <u>Vasquez</u> the lower courts require compliance with the procedures of the Consumers Legal Remedies Act for all class actions that come within the scope of the Act.  The proponents argue that "what was provided to the consumer as an option has been turned into a requirement."

Staff has been advised by former counsel to the Committee that this bill reflects the original legislative intent regarding the non-exclusive nature of the Act.

LEGISLATIVE INTENT SERVICE    (800) 666-1917



AP· 2

ASSEMBLY THIRD READING                          AB _1_ _1_

AB _1411_  ( ___Chel_____ )  As amended:  10 June 1975

COMMITTEE __JUD.__    VOTE _10-0_    COMMITTEE _____    VOTE _____

Ayes:                              Ayes:

Nays:                              Nays:

## DIGEST
The Consumers Legal Remedies Act states that its provisions are non-exclusive
and are in addition to other legal remedies.  The Act provides that class
actions brought under specific provisions of the Act are governed exclusively
by certain procedural provisions of the Act (Civil Code, Section 1752).

This bill reaffirms the non-exclusive nature of the remedies provided by
the Consumers Legal Remedies Act.  The bill provides that the Act does <u>not</u>
create an exclusive right to bring class actions for conduct specified in
the Act.  The bill further specifies that the procedures established by the
Act shall not be construed to deprive a consumer of any statutory or common
law right to bring a class action without resort to the Act to enjoin or
recover damages with respect to conduct proscribed by the Act.

## FISCAL EFFECT
None

## COMMENTS
According to the Assembly Judiciary Committee analysis, the purpose of this
bill is to clarify the legislative intent that remedies under the Consumers
Legal Remedies Act are non-exclusive.  In <u>Vasquez v. Superior Court</u>, 4 Cal.
3d 800, the California Supreme Court stated that if a class action is filed
after 1 January 1971 (the effective date of the Act) and it alleges conduct
described in the Act, the procedures specified in the Act must be followed.

The Western Center on Law and Poverty, which supports the bill, indicates
that as a result of <u>Vasquez</u> the lower courts require compliance with the
procedures of the Consumers Legal Remedies Act for all class actions that
come within the scope of the Act.  The proponents argue that "What was
provided to the consumer as an option has been turned into a requirement."

The committee analysis reports, "Staff has been advised by former counsel
to the committee that this bill reflects the original legislative intent
regarding the non-exclusive nature of the Act."

AB 1411 is opposed by the California Loan and Finance Association.

5

SENATE COMMITTEE ON JUDICIARY          1975–76 REGULAR SESSION

AB 1411 (Chel)
As amended June 10                                        A
Civil Code                                                B

### CONSUMER PROTECTION
### -CLASS ACTIONS-

1
4
1
1

### HISTORY

Source:  Western Center on Law & Poverty

Prior Legislation:  None

Support:  Consumer Federation of Calif.

Opposition:  No Known

### DIGEST

Provides that the Consumers Legal Remedies Act
shall not be construed to deprive a consumer of
any statutory or common law right to bring a
class action without resort to the act.

Permits a consumer, where an act or practice
proscribed by the Consumers Legal Remedies Act
also constitutes a cause of action under the
common law or another statute, to assert the
common law or statutory cause of action under the
procedures and with the remedies provided for in
that law.

### PURPOSE

Remove case law requirement that all consumer
class actions comply with the Consumers Legal
Remedies Act.

### COMMENT

1.  Under existing law, a class action based on

(More)



(800) 666-1917

LEGISLATIVE INTENT SERVICE

6

AB 1411 (Chel)
Page Two

a cause of action arising under state law
may be brought under Section 382 of the Code
of Civil Procedure or under the Consumers
Legal Remedies Act (CLRA) (Title 1.5
(commencing with Section 1750) of Part 4
of Division 3 of the Civil Code). A class
action may be brought under the CLRA only
when based on conduct falling within the
proscribed "grocery list" of unfair or
deceptive acts or practices (Sec. 1770,
Civ. C.). Section 382, however, is broadly
worded, and is not limited to any particular
variety of action.

On the other hand, Section 382 specifies no
protections for the defendant in a class action
brought under it, while the CLRA permits a
class action only upon compliance by the
consumer with a number of procedural require-
ments, including affording the defendant the
opportunity to rectify. These requirements
are extremely beneficial to the defendant
and it may be desirable, therefore, for a
consumer who wishes to bring a class action
to eschew the CLRA in certain cases.

2.  However, the Supreme Court of California, in
    Vasquez v. Superior Court (1971) 4 Cal. 3d
    800, stated that any future class action
    based on conduct which is described in the
    CLRA, must comply with the CLRA, even if the
    action is based on another statute or on the
    common law.

    While this statement was dictum, it has
    nevertheless been adhered to by the lower
    courts.

    This bill would abrogate this rule, and make
    it clear that the non-exclusivity provisions
    of the CLRA apply to class actions.

                    (More)

A
B
1
4
1
1

LEGISLATIVE INTENT SERVICE     (800) 666-1917

AB 1411 (Chel)                                          A
Page Three                                              B

3.  Proponents claim that the CLRA was never           1
    intended to supplant existing rights and           4
    remedies, relying on the rather clear              1
    language of Section 1752 that the CLRA             1
    was not intended to "limit any other
    statutory or any common law rights of the
    Attorney General or any other person to bring
    class actions."

    They claim, therefore, that the interpretation
    given to the CLRA by the supreme court was
    erroneous, and that this bill does nothing
    more than to further the intent of the
    original legislation.

                        ******

LEGISLATIVE INTENT SERVICE    (800) 666-1917

SENATE COMMITTEE ON JUDICIARY

BACKGROUND INFORMATION

*AB 1411*

1. <u>Source</u>

   (a)  What group, organization, governmental agency, or other
        person, if any, requested the introduction of the bill?

        Western Center on Law and Poverty

   (b)  Which groups, organizations, or governmental agencies have
        contacted you in support of, or in opposition to,
        your bill?

Support:  Consumer Federation of California, Western Center on Law and
          Poverty.  The California Loan and Finance Association has
          withdrawn their opposition as a result of the June 10, 1975,
   (c)  amendments to the bill
        If a similar bill has been introduced at a previous session
        of the Legislature, what was its number and the year of
        its introduction?

        This bill relates back to the Original Consumer Legal Remedies Act
        and the intent of this bill is to clarify legislative intent
        that remedies under the Consumers Legal Remedies Act are
        non-exclusive.

2. <u>Purpose</u>

   What problem or deficiency under existing law does the bill
   seek to remedy?  Civil Code 1752 when enacted was to provide a "non-
   exclusive" remedy to the consumer.  Under Vasquez v. Superior Court,
   4 Cal.3d 800, the court by way of dicta states that class actions after
   January 1, 1971, must comply with the procedures specified in the act
   AB 1411 will clarify legislative intent that the remedy is "non-
   exclusive"

If you have any further background information or material relating
to the bill, please enclose a copy of it or state where the infor-
mation or material is available.

   Attached hereto a memorandum pertaining to Vasquez v. Superior
   Court.

PLEASE COMPLETE THIS FORM AND RETURN IT TO THE SENATE COMMITTEE ON
JUDICIARY, ROOM 2046 AS SOON AS POSSIBLE.  IN ANY CASE, PLEASE
RETURN IT NOT LATER THAN 14 DAYS AFTER RECEIPT.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

7

SP1

SP-1

## AMENDMENT TO CIVIL CODE §1752

PURPOSE:    Clarification of non-exclusivity of provisions
of Consumer Legal Remedies Act.

AMENDMENT:    §1752.  Provisions Not Exclusive-Right to
Bring Class Actions.

The provisions of this title are not
exclusive.  The remedies provided herein for
violation of any section of this title or
for conduct proscribed by any section of this
title shall be in addition to any other pro-
cedures or remedies for such violation or conduct
provided for in any other law.

Nothing in this title shall limit any
other statutory or any common law rights of the
Attorney General or any other person to bring
class actions.  Class actions by consumers
brought under the specific provisions of Chapter 3
(commencing with Section 1770) of this title
shall be governed exclusively by the provisions of
Chapter 4 (commencing with Section 1780);
however, nothing in this sentence shall deprive
a consumer of any statutory or common law right
to bring a class action without resort to this
title to either enjoin or recover damages for any
conduct proscribed by any section of this title.

COMMENT:  Section 1752 was enacted to provide a non-exclusive

remedy to a consumer for conduct proscribed by this title.  The

second paragraph of §1752, pertaining to class actions, was

intended to provide only that the provisions of Chapter 4 of

this title shall apply to actions brought under the specific

provisions of Chapter 3, with no requirement that all actions

alleging conduct either explicitly or implicitly within the

scope of Chapter 3 need be brought under that Chapter or are

(800) 666-1917

LEGISLATIVE INTENT SERVICE

5p 2

governed by Chapter 4.   See Reed, <u>Consumer Legislation</u> 2
Pac.L.J.1(1971).

However, the California Supreme Court in dicta in
<u>Vasquez v. Superior Court</u>, 4 Cal.3d 800, 818(1971) stated:

> "Significantly, the act provides in
> Section 1752 that its provisions are not exclusive,
> that the remedies provided therein shall be
> in addition to any other procedures or remedies
> provided for in any other law, and that nothing in
> the act shall limit any other statutory or any
> common law rights to bring class actions.
> However, class actions by consumers brought under
> Section 1770 of the act (which lists certain
> unlawful deceptive practices) must be brought under
> the provisions of the act.   The statute applies
> to suits filed on or after January 1, 1971.
> (§1756.)

> The Legislature thus made it abundantly
> clear that consumer class actions allowable
> under any other provisions of law are not affected
> by the act....

> ....

> ....However, if a class action is filed
> after January 1, 1971, the effective date of the
> act, and it alleges conduct described in Section
> 1770, the procedures specified in the act must
> be utilized."   (Emphasis added.)

As a result of this language in <u>Vasquez</u>, the lower courts

now are requiring compliance with the procedures specified

in the Consumer Legal Remedies Act for all class actions alleging

conduct arguably within the ambit of Section 1770.   What

was provided to the consumer as an option has been turned into

a requirement.   Consumers therefore are forced to grant to

defendants the procedural benefits of the act even when the

consumers do not need or want the advantages bestowed by the act.

-2-

(800) 666-1917   LEGISLATIVE INTENT SERVICE

SP-3

ASSEMBLY COMMITTEE ON JUDICIARY
JOHN J. MILLER, CHAIRMAN

## BILL DIGEST

**BILL:**    AB 1411                    **HEARING DATE:**  6/5/75

**AUTHOR:**  Chel

**SUBJECT:**  Consumers Legal Remedies Act - Non-Exclusive Remedy

**BILL DESCRIPTION:**

The Consumers Legal Remedies Act states that its pro-
visions are non-exclusive and are in addition to other legal
remedies.  The Act provides that class actions brought under
specific provisions of the Act are governed exclusively by
certain procedural provisions of the Act (Civil Code, Section
1752).

This bill reaffirms the non-exclusive nature of the
remedies provided by the Consumers Legal Remedies Act.
Primarily, the bill provides that the Act does <u>not</u> create
an exclusive right to bring class actions for conduct spe-
cified in the Act.

*The bill does not preclude a consumer from pursuing
any common law or statutory cause of action under
the procedures and with the remedies provided for in
such law.*

**SOURCE:**

Western Center on Law and Poverty

**OPPOSITION:**

California Loan and Finance Association

(CONTINUED)

Exhibit A - Page 21

SP- 4

(800) 666-1917    LEGISLATIVE INTENT SERVICE

AB 1411
Page 2


COMMENT:

The purpose of this bill is to clarify the legislative
intent that remedies under the Consumers Legal Remedies Act
are non-exclusive.  In <u>Vasquez v. Superior Court</u>, 4 Cal. 3d
800, the California Supreme Court stated that if a class action
is filed after January 1, 1971 (the effective date of the Act)
and it alleges conduct described in the Act that the procedures
specified in the Act must be followed.


Proponents of the bill indicate that as a result of
<u>Vasquez</u> the lower courts require compliance with the procedures
of the Consumers Legal Remedies Act for all class actions that
come within the scope of the Act.  The proponents argue that
"what was provided to the consumer as an option has been turned
into a requirement."


Staff has been advised by former counsel to the Committee
that this bill reflects the original legislative intent regarding
the non-exclusive nature of the Act.

(800) 666-1917

LEGISLATIVE INTENT SERVICE

SP 5

SP- 5

POSITIONS

SOURCE:  Western Center on Law & Poverty

UPPORT: Consumer Federation of California

OPPOSITION:  None Known

DATE TYPED:  8-21-75

BILL NUMBER:  AB-1411

AUTHOR:  Chel et al.

AMENDED COPY: 6/10/75
CONSENT CALENDAR

Committee Votes:                    Senate Floor Vote:

| COMMITTEE: JUDICIARY<br>BILL NO.: AB 1411<br>DATE OF HEARING<br>August 19, 1975<br>SENATORS: | AYE | NO |
|---|---|---|
| Carpenter | ✓ | |
| Deukmejian | ✓ | |
| Grunsky | ✓ | |
| Moscone | ✓ | |
| Presley | ✓ | |
| Rains | ✓ | |
| Robbins | ✓ | |
| Roberti | ✓ | |
| Stevens | ✓ | |
| Petris (V. Chair ) | ✓ | |
| Song (Chairman) | ✓ | |
| TOTAL: | 10 | 0 |

Assembly Floor Vote: Ayes, 58. Noes, 0 (P. 6885)

DIGEST

Provides that the Consumers Legal Remedies Act (CLRA) shall not be construed to deprive a consumer of any statutory or common law right to bring a class action without resort to the act.

Permits a consumer, where an act or practice proscribed by the Consumers Legal Remedies Act also constituues a cause of action under the common law or another statute, to asser the common law or statutory cause of action under the procedures and with the remedies provided for in that law.

FISCAL EFFECT:  Appropriation, no.  Fiscal Committee, no.  Local, no.

COMMENTS

The Supreme Court of California, in Vasquez v. Superior Court (1971) 4 Cal. 3d 800, stated that class action based on conduct which is described in the CLRA, must comply with the CLRA, even if the action is based on another statute or on the common law.

The purpose of the bill is to remove case law requirements that all consumer class actions comply with the Consumers Legal Remedies Act.

LEGISLATIVE INTENT SERVICE (800) 666-1917

8

 

| ENROLLED BILL MEMORANDUM TO GOVERNOR | DATE September 3, 1975 |
|---|---|
| BILL NO. AB 1411 | AUTHOR Chel |

Vote—Senate ___X___ Unanimous

   Ayes— 31
   Noes— 0

Vote—Assembly ___X___ Unanimous

   Ayes— 58
   Noes— 0

AB 1411 Chel

Present law provides that class actions by consumers brought under specified provisions of the Consumers Legal Remedies Act shall be governed exclusively by designated procedural provisions.

This bill would specify that the above provision shall not be construed to deprive a consumer of any statutory or common law right to bring a class action without resort to the act to enjoin or recover damages with respect to conduct prohibited by the act.

SPONSOR

Western Center on Law and Poverty

SUPPORT

Department of Consumer Affairs

OPPOSITION

No known opposition

STATE FISCAL IMPACT

None

9

PE-1

| Recommendation Approve | Legislative Secretary |
|---|---|

PE-1

LEGISLATIVE INTENT SERVICE (800) 666-1917

BERNARD CZESLA
CHIEF DEPUTY

OWEN K. KUNS
EDWARD K. PURCELL
RAY H. WHITAKER

KENT L. DECHAMBEAU
ERNEST H. KUNZI
STANLEY M. LOURIMORE
SHERWIN C. MacKENZIE, JR.
ANN M. MACKEY
EDWARD F. NOWAK
RUSSELL L. SPARLING
PRINCIPAL DEPUTIES

3021 STATE CAPITOL
SACRAMENTO 95814

107 SOUTH BROADWAY
LOS ANGELES 90012

# Legislative Counsel
## of California

### GEORGE H. MURPHY

GERALD ROSS ADAMS
DAVID D. ALVES
MARTIN L. ANDERSON
PAUL ANTILLA
JEFFREY D. ARTHUR
CHARLES C. ASBILL
JAMES L. ASHFORD
JOHN CORZINE
BEN E. DALE
CLINTON J. DEWITT
C. DAVID DICKERSON
FRANCES S. DORBIN
ROBERT CULLEN DUFFY
CARL NED ELDER, JR.
LAWRENCE H. FEIN
JOHN FOSSETTE
HARVEY J. FOSTER
HENRY CLAY FULLER III
ALVIN D. GRESS
ROBERT D. GRONKE
JAMES W. HEINZER
THOMAS R. HEUER
MICHAEL J. KERSTEN
L. DOUGLAS KINNEY
JEAN KLINGENSMITH
VICTOR KOZIELSKI
STEPHEN E. LENZI
DANIEL LOUIS
JAMES A. MARSALA
PETER F. MELNICOE
MIRKO A. MILICEVICH
VERNE L. OLIVER
EUGENE L. PAINE
TRACY O. POWELL, II
MARGUERITE ROTH
HUGH P. SCARAMELLA
MARY SHAW
JOHN T. STUDEBAKER
MARY ANN VILLWOCK
BRIAN L. WALKUP
THOMAS D. WHELAN
JIMMIE WING
CHRISTOPHER ZIRKLE
DEPUTIES

LEGISLATIVE INTENT SERVICE    (800) 666-1917

Sacramento, California
August 28, 1975

Honorable Edmund G. Brown Jr.
Governor of California
Sacramento, California

Assembly Bill No. 1411

Dear Governor Brown:

Pursuant to your request we have reviewed the above-numbered bill authored by Assemblyman Chel and, in our opinion, the title and form are sufficient and the bill, if chaptered, will be constitutional. The digest on the printed bill as adopted correctly reflects the views of this office.

Very truly yours,

George H. Murphy
Legislative Counsel

By _____
Principal Deputy

Copy to Honorable Fred W. Chel
pursuant to Joint Rule 34.

Exhibit A - Page 25

PE-2

PE- 2

Analyst: Cristina Rose
Home Phone: 446-7365
Business Phone: 322-4292

# ENROLLED BILL REPORT

| AGENCY | BILL NUMBER |
|---|---|
| Agriculture and Services | AB 1411 |

| DEPARTMENT, BOARD OR COMMISSION | AUTHOR |
|---|---|
| Department of Consumer Affairs | Chel |

SUBJECT: Consumer Remedies

HISTORY, SPONSORSHIP, AND RELATED LEGISLATION:

AB 1411, authored by Assemblyman Chel, is sponsored by the Western Center on Law and Poverty. No similar legislation has been introduced this session.

ANALYSIS

Specific Findings:

AB 1411 was sponsored by the Western Center on Law and Poverty in response to an interpretation of the Consumers Legal Remedies Act by the California Supreme Court. In Vasquez v. Superior Court ((1971) 4 C. 3d 800,818,819 (94 Cal. Rptr. 796, 484 p.2d 964)), the court stated that if a class action is filed after January 1, 1971, and it alleges conduct described in the Act, the procedures specified in the Act must be followed. As a result of this decision, lower courts can require compliance with notice and demand procedures of the Act for all class actions that come within its scope. The Act's notice provisions and the requirement that a demand be made to the alleged violator to correct the alleged violations thirty days before the commencement of an action create an unnecessary burden for the potential plaintiff who does not intend to bring suit under the provisions of the Act.

AB 1411 clarifies the application of the Consumer Legal Remedies Act. This law now states that "the provisions of this title are not exclusive. The remedies provided for herein shall be in addition to any other procedures or remedies provided for in any other law". (Civil Code section 1752) An apparent conflict with these statements is created by the provision that "class actions by consumers brought under the specific provisions of Chapter 3 (deceptive practices) shall be governed exclusively by the provisions of Chapter 4 (remedies and procedures)." (Civil Code section 1752) AB 1411 resolves this conflict by reaffirming the nonexclusive nature of the Act. The bill specifies that even if a consumer brings a class action for one of the unfair or deceptive practices described in the Act, if this practice also constitutes a cause of action in common law or a violation of another statute, the consumer is not obligated to follow procedural requirements of the Consumer Legal Remedies Act.

AB 1411 reflects the original legislative intent regarding the non-exclusive nature of the Consumer Legal Remedies Act. We recommend signature.

Fiscal Analysis:

No fiscal impact on this Department.

VOTE:  Assembly: 58-0   Senate:  31-0

PE-3

| RECOMMENDATION: | | | |
|---|---|---|---|
| SIGN | | Good consumer bill. | |
| DEPARTMENT DIRECTOR Elisabeth Kersten Deputy | DATE 8-27-75 | AGENCY SECRETARY Lou E. Bird | DATE 8/28 |

99D-16 (Rev. 1/71)

PE-3



**WESTERN CENTER ON LAW AND POVERTY**
LEGISLATIVE INFORMATION CENTER
SERVING SOUTHERN CALIFORNIA LEGAL SERVICES CLIENTS
1900 "K" STREET, SUITE 200, SACRAMENTO, CALIFORNIA 95814
Telephone (916) 442-0753

BRIAN PADDOCK
Directing Attorney

TERRENCE S. TERAUCHI
Staff Attorney

September 2, 1975

Hon. Edmund G. Brown, Governor
State of California
State Capitol
Sacramento, California 95814

Re: Assembly Bill 1411 (Chel)--Consumer Legal Remedies Act:
Non-Exclusive Remedy

Dear Governor Brown:

The Western Center on Law and Poverty urges you to sign Assembly
Bill 1411 by Assemblyman Fred Chel when it appears before you.

AB 1411 provides that class actions brought under the Consumer Legal
Remedies Act shall not inhibit the consumer of his common law or statu-
tory right to bring class actions outside the Act. This would resolve
the problem created by Vasques v. Superior Court, 4 Cal 3d at 818
(1971) which stated that all consumer class actions related to Section
1770 must be sought under Section 1780 of the Act.

This bill will restore the Consumer Legal Remedies Act as an
additional device for consumer remedy rather than a limiting factor
for bringing consumer class actions.

Sincerely yours,

TERRENCE S. TERAUCHI
Staff Attorney

TST/al

(800) 666-1917    LEGISLATIVE INTENT SERVICE



DANIEL M. LUEVANO, Executive Director
CENTRAL OFFICE  1709 West Eighth Street  Los Angeles, California 90017  Telephone (213) 483-1491

PE-4

Exhibit A - Page 27

PE- 4

DISTRICT OFFICE
2750 BELLFLOWER BLVD., SUITE 208
LONG BEACH, CA 90815
(213) 420-2471

SACRAMENTO ADDRESS
STATE CAPITOL
SUITE 2104
SACRAMENTO 95814
(916) 445-4892



# Assembly
# California Legislature

### FRED W. CHEL
MEMBER, CALIFORNIA LEGISLATURE
FIFTY-EIGHTH ASSEMBLY DISTRICT
(EAST LONG BEACH, LAKEWOOD, HAWAIIAN GARDENS AND SIGNAL HILL)

COMMITTEES
JUDICIARY, VICE CHAIRMAN
REVENUE AND TAXATION
TRANSPORTATION
JOINT COMMITTEE ON
PUBLIC DOMAIN
SUBCOMMITTEE ON SOUTHERN
CALIFORNIA REGIONAL
TRANSPORTATION

REPLY TO:
☐ DISTRICT OFFICE
☒ SACRAMENTO OFFICE

August 28, 1975

The Honorable Edmund G. Brown, Jr.
Governor of California
State Capitol
Sacramento, California 95814

    Re:  AB 1411

Dear Governor:

This bill was introduced by me at the request of the Western
Center on Law and Poverty.  AB 1411 amends Civil Code Section
1752, to clarify the non-exclusivity of the provisions of the
Consumers Legal Remedies Act.

When Section 1752 was originally enacted it provided quite
clearly, in the first sentence thereof, that the provisions
of the act were not exclusive.  Nevertheless, in the opinion
of the California Supreme Court in Vasquez v. Superior Court,
4 Cal. 3d 800, at Page 818, the court, in dicta, noted that
in class actions filed after the effective date of the act,
the procedures specified therein must be utilized.  As a result
of this dicta in the Vasquez Case, the lower courts are now
requiring compliance with the procedures specified in the
Consumer Legal Remedies Act for all class actions alleging
conduct which is arguably within the ambit of California
Civil Code Section 1770.  That which was clearly provided to
the consumer as an alternative has been turned into a require-
ment.  Consumers therefore are forced to grant to defendants
the procedural benefits of the act even when the consumers
do not need or want the advantages bestowed by the act.

LEGISLATIVE INTENT SERVICE    (800) 666-1917

PE-5

The Honorable Edmund G. Brown, Jr.              August 28, 1975
Page two

AB 1411 makes it clear that in the event any act or practice
proscribed also constitutes a cause of action in common law
or a violation of another statute, the consumer may assert
such legal action without regard to the Consumer Legal Remedies
Act.  In effect, AB 1411 nullifies the dicta contained in the
Vasquez Case.

Although the bill, in its original form, was opposed by the
California Loan and Finance Association, following amendments
on June 10, their opposition was withdrawn.

The bill is actively supported by the Western Center on Law
and Poverty and by the Consumer Federation of California, and
your favorable consideration of this bill is appreciated.

With kindest personal regards.

                                    Sincerely,

                                    Fred W. Chel

                                    FRED W. CHEL
                                    Assemblyman, 58th District

FWC:cgw



LEGISLATIVE INTENT SERVICE          (800) 666-1917

PE-6