Submitted Jointly

Submitting counsel identified on accompanying signature pages

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE DEPOT, INC., a corporation, and DOES 1-20,<br><br>Defendant. | Case No. C 07-05938 RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[Fed. R. Civ. P. 26(f)]**<br><br>**CLASS ACTION**<br><br>Conference:<br><br>Date: March 21, 2008<br>Time: 10:30 a.m.<br>Ctrm: 6<br>Judge: Hon. Ronald M. Whyte |

Pursuant to this Court's Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, plaintiff Mary Sanbrook ("Plaintiff") and defendant Office Depot, Inc. ("Office Depot") jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as required by Civil L.R. 16-3.

The parties make the following representations and recommendations:

## 1. JURISDICTION AND SERVICE

### A. The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims

The Court has subject matter jurisdiction over plaintiff's claims and defendant's counterclaims pursuant to 28 U.S.C. Section 1332(d) because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action in which any member of a class of more than 100 putative plaintiffs is a citizen of a state different from any defendant. No dispute exists regarding jurisdiction.

### B. Whether any issues exist regarding personal jurisdiction or venue

No dispute exists regarding personal jurisdiction or venue.

### C. Whether any parties remain to be served

No parties remain to be served.

## 2. FACTS

### A. Brief chronology of the facts

On June 24, 2006, Plaintiff purchased several products from Office Depot, including a desktop computer and a Performance Protection Plan ("PPP") extended service agreement for the computer. The PPP cost $119.99. In May 2007, Plaintiff experienced problems with her computer and sought repairs under the PPP. Plaintiff

alleges that Office Depot improperly refused to repair the computer, and that as a result, Plaintiff had to retain a third party to repair her computer at the cost of $650.00. Plaintiff alleges that after she complained to Office Depot about the PPP, Office Depot refunded to her the $119.99 cost of the PPP, plus an additional $330.01, for a total of $450.00.

In this lawsuit, Plaintiff alleges that Office Depot falsely advertised the terms of the PPP that Plaintiff purchased. Plaintiff further alleges that Office Depot failed to provide her with the services she contracted for at the time she purchased the PPP.

Plaintiff maintains this action on behalf of herself and "All persons in California who purchased a Performance Protection Plan from Office Depot." Plaintiff alleges that Office Depot violated California's Unfair Competition Law ("UCL"), the California Legal Remedies Act ("CLRA"), California Business and Professions Code Section 17200 ("Section 17200") and the Song-Beverly Consumer Warranty Act and further asserts claims for fraud, negligent misrepresentation, breach of contract, and unjust enrichment.

**B.      Statement of the principal factual issues in dispute**

1) Whether Office Depot made misrepresentations in its advertisement for the PPP.

2) Whether Office Depot made the terms and conditions of the PPP available to Plaintiff or the putative class members at the point of sale.

3) Whether Plaintiff or the putative class members reasonably relied on alleged misrepresentations in advertisements for the PPP.

4) Whether Office Depot wrongfully refused to provide coverage or service under the terms of the PPP to Plaintiff or the putative class members.

5) Whether Plaintiff or the putative class members suffered any damages as a result of Office Depot's conduct.

6) The amount of damages, if any, suffered by Plaintiff or the

putative class members.

3. **LEGAL ISSUES**

   A.  **Plaintiff's brief statement of the disputed points of law**

   1) Whether Office Depot violated the UCL, Cal. Prof. Bus. Code §17200 et seq., and/or the CLRA, Cal. Civ. Code §1750 et seq., by allegedly making certain misrepresentations in its advertisement for the Performance Protection Plan.

   2) Whether Office Depot violated the Song Beverly Consumer Warranty Act, Cal. Civ. Code §1790 et seq., by failing to make the terms and conditions of the Performance Protection Plan available at the point of sale.

   3) Whether Office Depot was unjustly enriched as a result of misrepresentations concerning its Performance Protection Plan.

   4) Whether a contract was created through acceptance of the terms outlined in the Performance Protection Plan sales brochure, and if so, whether Office Depot breached the contract by allegedly imposing contradictory terms and conditions upon Named Plaintiff and Class Members and allegedly refusing to provide services promised.

   5) Whether Office Depot is liable in fraud or misrepresentation for statements made in connection with the sale of the Performance Protection Plan.

   B.  **Defendant's brief statement of the disputed points of law**

   In addition to Plaintiff's disputed points 1 through 5, Office Depot believes the following points of law are disputed:

   1) Whether Plaintiff was required to satisfy the notice requirement in the CLRA prior to filing this action.

   2) Whether the CLRA is the exclusive remedy for an action brought pursuant to the CLRA and preempts all other causes of action arising from the same conduct.

   3) Whether Plaintiff has standing to pursue an action pursuant to

Section 17200, which requires that Plaintiff have suffered injury in fact.

4) Whether Plaintiff has standing to seek injunctive or declaratory relief, which requires that Plaintiff face the reasonable threat of future occurrence of the conduct alleged in the complaint.

5) Whether Plaintiff has standing to pursue a claim under the Song-Beverly Consumer Warranty Act, which requires that Plaintiff was damaged by the alleged wrongful conduct.

6) Whether Plaintiff can bring a claim for unjust enrichment where she received a refund from Office Depot.

7) Whether Plaintiff can establish a breach of contract where she does not allege that Office Depot breached any terms and conditions of the PPP.

8) Whether Plaintiff can bring a claim for fraud where the allegedly fraudulent advertisement refers to Terms and Conditions disclosing the full terms.

9) Whether Plaintiff can bring a claim for negligent misrepresentation where the advertisement containing the alleged misrepresentation refers to Terms and Conditions disclosing the full terms.

10) Whether the class is so numerous that joinder of all members is impracticable.

11) Whether there are questions of law or fact common to the putative class or whether individual questions predominate.

12) Whether Plaintiff's claims and defenses are typical of the claims or defenses of the class.

13) Whether Plaintiff will fairly and adequately protect the interests of the class.

14) Whether Plaintiff has suffered injury in fact to confer standing to pursue the action on behalf of a class.

15) Whether a class action is superior to other methods for

adjudicating the claims.

## 4. MOTIONS

### A. Pending motions

Office Depot filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") on December 3, 2007, and the Court heard oral argument from both sides on February 1, 2008. Pursuant to a Minute Order issued by the Court on February 1, 2008, the Court has taken the matter under submission and will send out a ruling to the parties.

### B. Anticipated motions

Plaintiff will file a Motion for Class Certification after taking appropriate discovery.

Should the Court grant all or part of the Motion to Dismiss and Plaintiff file an amended complaint, Office Depot anticipates that it may file a future motion to dismiss based on the allegations of any amended complaint. Office Depot also anticipates that it will file a motion for summary adjudication or summary judgment after sufficient discovery.

## 5. AMENDMENT OF PLEADINGS

### A. Extent to which parties, claims or defenses are expected to be added or dismissed

Plaintiff anticipates amending the Complaint in order to seek monetary damages under the CLRA, which Plaintiff claims California law permits at any time, without leave to amend, after the requisite 30 days has passed from the time defendant is served with a demand letter pursuant to Cal. Civ. Code §1782. Defendant contends that the complaint cannot be amended, as argued in the pending the Motion to Dismiss.

Since the Court has not yet issued a ruling on the Motion to Dismiss, Office Depot has not filed an answer stating its defenses.

**B.     Proposed deadline for amending the pleadings**

Plaintiff proposes that the deadline for amending the complaint coincide with the close of discovery. Defendant proposes that the parties be required to make any amendments to the pleadings within two months from the Court's ruling on the Motion to Dismiss.

## 6. EVIDENCE PRESERVATION

The parties have taken necessary steps to retain all relevant evidence.

## 7. DISCLOSURES

**A.     Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26**

The parties have submitted a stipulation and proposed order to the Court to request that the deadline for Rule 26 initial disclosures be set for March 28, 2008. The parties will comply with their initial disclosure obligations under Fed. R. Civ. P. 26 on or before that date.

**B.     Description of the disclosures made**

As stated in 7(A) above, initial disclosures have not yet been made.

## 8. DISCOVERY

**A.     Discovery taken to date**

No party has yet propounded written discovery.

**B.     Scope of anticipated discovery**

The parties anticipate that they will commence discovery immediately after the Motion to Dismiss has been ruled upon.

**C.     Proposed limitations or modifications of the discovery rules**

The parties do not propose any limitations or modification of the discovery rules.

**D.     Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)**

The parties have conferred and agreed that discovery will proceed without

bifurcation as to class and merits discovery. The parties anticipate that they will need approximately eighteen months from the ruling on the Motion to Dismiss to complete discovery. The parties agree that:

    1)    No changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

    2)    Discovery is required regarding the merits and propriety of class certification. Discovery of these issues will proceed concurrently with merits discovery and should not be conducted in phases or otherwise limited.

    3)    Electronically stored information may be produced in hard copy or on a CD in TIFF format.

    4)    The parties do not anticipate any issues regarding protection of documents as trial-preparation material and will adhere to FRCP 26(b)(5) in the event that privileged information is withheld or inadvertently disclosed.

    5)    No changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

## 9. CLASS ACTIONS

**Proposal for how and when the class will be certified:** Plaintiff anticipates filing a Motion for Class Certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class defined as "all persons in California who purchased a Performance Protection Plan from Office Depot." Plaintiff anticipates filing this motion within 90 days after discovery commences.

The parties have tentatively agreed upon (and respectfully propose to the Court) a briefing schedule for the motion for class certification as follows:

| Event | Deadline |
| --- | --- |
| Motion for class cert. filed | Within 90 days of start of discovery |
| Opposition to motion for class cert. due | 60 days after service of motion |
| Reply in support of motion for class cert. due | 60 days after service of opposition |

## 10. RELATED CASES

**Any related cases or proceedings:** The parties are not aware of any related cases or proceedings.

## 11. RELIEF

**All relief sought through complaint or counterclaim:** Plaintiff seeks the following relief:

    a.    An order that Office Depot be permanently enjoined from engaging in the activities and practices outlined in the Complaint;

    b.    An order awarding restitution and disgorgement of all charges paid by Plaintiff and the Class Members and/or any ill-gotten gains realized by Office Depot as a direct result of the activities and practices outlined in the Complaint;

    c.    An order awarding as damages all monies paid by Plaintiff and the Class Members for any repairs that had to be made by third party companies because Office Depot refused to perform under the PPP;

    d.    An order imposing a constructive trust for the benefit of Plaintiff and Class Members upon all charges paid by Plaintiff and the Class Members to Office Depot;

    e.    Declaratory relief;

    f.    An order awarding attorneys' fees and costs of suit, including expert witness fees;

    g.    An order awarding pre-judgment and post-judgment interest as prescribed by law; and

    h.    Actual and punitive damages plus interest thereon.

## 12. SETTLEMENT AND ADR

**A.    Prospects for settlement**

The parties agree that initial discovery should be conducted before the case will be ready for settlement discussions. Once an adequate amount of discovery has

been conducted, the parties have stipulated to complete a private mediation within 8 months of the ruling on the motion to dismiss, as outlined in their ADR Certification.

      **B.**    **ADR efforts to date**

The parties have not yet undertaken ADR.

      **C.**    **Specific ADR plan for the case**

See 12(A) above.

**13.**   **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

    **Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment:** The parties do not unanimously consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.**   **OTHER REFERENCES**

    **Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation:** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**   **NARROWING OF ISSUES**

      **A.**    **Issues that can be narrowed by agreement or by motion**

The parties cannot at this time meaningfully determine whether the factual or legal issues in this case may be narrowed by stipulation or otherwise. Once the parties have completed discovery, the parties will reconsider the possibility of narrowing the issues by agreement or by motion.

      **B.**    **Suggestions to expedite the presentation of evidence at trial**

The parties cannot at this time meaningfully determine how the presentation of evidence at trial could be expedited. The parties will confer on this subject in advance of the pre-trial conference.

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07-05938 RMW

\\\\LA - 019337/000069 - 376920 v5

    **C.    Any request to bifurcate issues, claims or defenses**

    None at this time.

**16.   EXPEDITED SCHEDULE**

    **Whether this is the type of case that can be handled on an expedited basis with streamlined procedures:** Given the class action allegations made in this case, the parties do not believe that the case may be handled on an expedited basis.

**17.   SCHEDULING**

    The parties propose the following scheduling:

    1) The fact discovery cut-off will be eighteen months from the Court's pending ruling on the Motion to Dismiss.

    2) Plaintiff will provide her expert reports to Defendant within 30 days of the close of fact discovery. Defendant will provide its expert reports to Plaintiff within 60 days of the close of fact discovery. Rebuttal expert reports will be exchanged within 75 days of the close of fact discovery. Expert depositions will be completed, and expert discovery will close within 90 days of the close of fact discovery.

    3) Discovery motions (other than motions concerning expert discovery) will be <u>heard</u> no later than 30 days from the close of fact discovery.

    4) Dispositive motions and expert discovery motions will be <u>heard</u> no later than 90 days from the close of expert discovery.

**18.   TRIAL**

    **A.    Whether the case will be tried to a jury or to the court**

    Plaintiff has demanded a jury trial.

    **B.    Expected length of trial**

    The parties estimate that the trial will last approximately two weeks, exclusive of jury selection.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   A. **Whether each party has filed the "Certification of Interested Entities or Persons"**

   Plaintiff knows of no non-party interested entities or persons, and has not filed a Certification of Interested Entities or Persons. Office Depot filed a Certification of Interested Entities or Persons on November 26, 2007.

   B. **Plaintiff's restatement of the contents of its certification**

   Not applicable.

   C. **Defendant's restatement of the contents of its certification**

   Pursuant to Civ. L.R. 3-16, Office Depot certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Warranty Corporation of America; AIG Warranty Services and Insurance Agency.

20. **OTHER MATTERS**

   None are known at this time.

Dated: March 14, 2008                California Lemon Lawyers

By: /s/ Barbara Quinn Smith
Attorneys for Plaintiff
MARY SANBROOK
And all others similarly situated

Scott R, Kaufman, SBN 190129
**CALIFORNIA LEMON LAWYERS**
1400 Coleman Ave Suite C-14

11

\\LA - 019337/000069 - 376920 v5

|   |   |
|---|---|
| 1 | Santa Clara, CA 95050 |
| 2 | Telephone: (408) 727-8882 |
|   | Facsimile:  (408) 727-8883 |
| 3 |   |
| 4 | Barbara Quinn Smith |
| 5 | bqsesq@aol.com |
|   | (admitted *pro hac vice*) |
| 6 | **MADDOX HARGETT & CARUSO** |
| 7 | 9853 Johnnycake Ridge Road |
|   | Suite 302 |
| 8 | Mentor, OH 44060 |
|   | Telephone: 440-354-4010 |
| 9 | Facsimile: 440-848-8175 |
| 10 |   |
| 11 | Thomas A. Hargett |
|   | tahargett@mhclaw.com |
| 12 | (admitted *pro hac vice*) |
| 13 | Thomas K. Caldwell |
|   | tkcaldwell@mhclaw.com |
| 14 | (admitted *pro hac vice*) |
| 15 | **MADDOX HARGETT & CARUSO** |
|   | 10100 Lantern Road |
| 16 | Suite 150 |
| 17 | Fishers, IN 46038 |
|   | Telephone: 317-598-2040 |
| 18 | Facsimile: 317-598-2050 |
| 19 |   |
| 20 | Marnie C. Lambert (SBN 165019) |
|   | mlambert@dmlaws.com |
| 21 | DAVID P. MEYER & ASSOCIATES, CO., LPA |
| 22 | 1320 Dublin Road, Suite 100 |
| 23 | Columbus, Ohio 43215 |
|   | Telephone: (614) 224-6000 |
| 24 | Facsimile: (614) 224-60660 |

(Line numbers 25-28 follow, blank)

12

**JOINT CASE MANAGEMENT STATEMENT**
**Case No. C 07-05938 RMW**

\\\LA - 019337/000069 - 376920 v5

1

Dated: March 14, 2008                HOGAN & HARTSON LLP

By: /s/ *Robin J. Samuel*
Attorneys for Defendant
OFFICE DEPOT, INC.

HOGAN & HARTSON LLP
Robin J. Samuel (SBN 173090)
Julie A. Shepard (SBN 175538)
Laura M. Wilson (SBN 246522)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
RJSamuel@hhlaw.com
JAShepard@hhlaw.com
LMWilson@hhlaw.com