1

2

3

4                                                   **E-FILED on** ___5/5/08_____

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

**United States District Court**
For the Northern District of California

12   MARY SANBROOK on behalf of herself and          No. C-07-05938 RMW
     others similarly situated,
13
                      Plaintiff,
14                                                    ORDER GRANTING IN PART AND
          v.                                          DENYING IN PART MOTION TO DISMISS
15
     OFFICE DEPOT, INC.,                              **[Re Docket No. 6, 14]**
16
                      Defendant.
17

18

19        Defendant Office Depot, Inc. ("Office Depot") moves to dismiss plaintiff Mary Sanbrook's

20   complaint.  For the reasons set forth below, the court grants in part and denies in part defendant's

21   motion.

22                                    **I. BACKGROUND**

23        On July 24, 2006, plaintiff Mary Sanbrook bought a computer, printer and other products

24   from an Office Depot store in Mountain View, California.  Compl. ¶ 5, Ex. 1.  On the same date,

25   after seeing Office Depot's advertisements for the Performance Protection Plan ("the Plan"),

26   Sanbrook also purchased a two-year repair plan for $119.99.  *Id.* ¶¶ 6, 21.  The Plan is offered for

27   sale by Office Depot throughout the country to consumers who purchase items such as computers

28   and peripherals.  *Id.* ¶ 8.  Office Depot advertises the Plan as providing "100% of parts and labor

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS    —No. C-07-05938 RMW
MAG

**United States District Court**
For the Northern District of California

coverage from day one," "on-site service for your computer system," and "[c]ertified technical assistance [] available toll free, 24 hours a day, 7 days a week." Compl. ¶¶ 9-11, Ex. 2. A brochure containing the foregoing representations was given to Sanbrook and is allegedly given to every purchaser at the time of sale.[1] *Id.* ¶ 12. The terms and conditions for the Plan are separately available on a website to users who click a link labeled "Register Your Plan."[2] *Id.* ¶ 13. The terms and conditions are not distributed with the brochure and allegedly differ materially from the representations set forth in the brochure distributed to consumers at the Office Depot store. *Id.* ¶¶ 13-14; *see also id.* ¶¶ 16-18 (asserting that there are 26 categories of exclusions set forth in the terms and conditions for the Plan that do not appear in the Plan's brochure).

In May 2007, Sanbrook's computer froze and she sought to have it repaired under the Plan. Compl. ¶ 22. Office Depot allegedly refused to repair the computer, asserting that it was still under the manufacturer's warranty. *Id.* ¶ 23. Sanbrook then sought to have the problem fixed by the manufacturer, only to be told that the problem was not covered by the manufacturer's warranty. *Id.* ¶ 24. Sanbrook again contacted Office Depot and requested on-site repair of the computer, but was told that Office Depot did not offer on-site repair. *Id.* ¶ 25. Sanbrook ultimately hired a third party to repair the computer at a cost of $650.00. *Id.*

Sanbrook complained to Office Depot and received a refund of her $119.99 purchase price for the Plan. *Id.* ¶ 26. She was also refunded approximately half of what she paid for the third party repair of her computer, for a total refund of $450.00. *Id.* Sanbrook claims to have sustained damages in the amount of the interest lost on the funds paid to Office Depot (or the amount gained by Office Depot during the time Office Depot held Sanbrook's funds) as well as "consequential damages of approximately $323.00." *Id.* ¶ 27.

On October 12, 2007, Sanbrook filed a putative class action against Office Depot in the Superior Court of California for the County of Santa Clara asserting causes of action for (1) violation of Cal. Bus. & Prof. Code § 17200; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (3) violation of the Song-Beverly Consumer Warranty Act, Cal.

---

[1] This brochure is attached to the complaint as Exhibit 2.

[2] The terms and conditions are attached to the complaint as Exhibit 3.

**United States District Court**
For the Northern District of California

1  Civ. Code § 1790; (4) unjust enrichment; (5) breach of contract; (6) fraud; and (7) negligent

2  misrepresentation.  On November 7, 2007, Office Depot removed the action to this court.[3]

3                                        **II.  ANALYSIS**

4        **A.     CLRA**

5        Office Depot argues that the CLRA is the exclusive mechanism for pursuing the remedies

6  sought in the instant action.  Accordingly, Office Depot asks the court to dismiss plaintiff's first and

7  third through seventh claims for violations of Cal. Bus. & Prof. Code § 17200 and Cal. Civ. Code §

8  1790, and for unjust enrichment, breach of contract, fraud and negligent misrepresentation.

9        In support of its position, Office Depot cites *Vasquez v. Superior Court*, 4 Cal. 3d 800 (1971)

10  and *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30 (1975), which state that the

11  CLRA "provides the exclusive remedy for conduct falling within its purview." *Outboard Marine*,

12  52 Cal. App. 3d at 35-36 (citing *Vasquez*, 4 Cal. 3d at 818).

13        The current text of the CLRA contradicts Office Depot's position.  Section 1752 of the

14  CLRA reads:

15        The provisions of this title are not exclusive. The remedies provided herein *for
16        violation of any section of this title or for conduct proscribed by any section of this
         title* shall be in addition to any other procedures or remedies for any violation or
         conduct provided for in any other law.

17
18        Nothing in this title shall limit any other statutory or any common law rights of the
         Attorney General or any other person to bring class actions.  Class actions by
         consumers brought under the specific provisions of Chapter 3 [] of this title shall be
19        governed exclusively by the provisions of Chapter 4 []; *however this shall not be
         construed so as to deprive a consumer of any statutory or common law right to bring
20        a class action without resort to this title.  If any act or practice proscribed under this
         title also constitutes a cause of action in common law or a violation of another
21        statute, the consumer may assert such common law or statutory cause of action under
         the procedures and with the remedies provide for in such law.*

22  Cal. Civ. Code § 1752 (emphasis added).  In 1975, this section was amended to add the highlighted

23  text above.  As plaintiff points out, *Vasquez* was decided before the 1975 amendment of the CLRA.

24  *Outboard Marine*, although decided in 1975, does not appear to have considered the 1975

25  amendment to the CLRA, but instead relies heavily on *Vasquez* in reaching its conclusion that the

26

27  _____

28  [3]  Plaintiff filed a motion to remand on December 26, 2007.  She has since withdrawn that motion
     stating that Office Depot has provided evidence that supports this court's jurisdiction over the action.
     *See* Docket No. 20.

**United States District Court**
For the Northern District of California

1  CLRA provides the exclusive remedy for conduct falling within the proscriptions set forth in the act.

2  *See Outboard Marine*, 52 Cal. App. 3d at 36 ("The Supreme Court has made it clear in *Vasquez* that

3  the legislative intent was not to grant consumers the unfettered discretion whether or not to sue

4  under the act.  The court pointed out that consumers have no choice if the defendant's conduct falls

5  within the purview of the act, for it provides the exclusive remedy.").  Thus, the court finds Office

6  Depot's contention that the CLRA provides the exclusive mechanism for plaintiff's claims to be

7  without merit.  *Cf. Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116, 153-54 (2000)

8  (Werdegar, J., concurring and dissenting) ("[T]he CLRA sweepingly declares its provisions are 'not

9  exclusive' and are 'in addition to any other procedures or remedies' in 'any other law.'").

10  Accordingly, the court declines to dismiss plaintiff's first and third through seventh causes of action

11  on that basis at the pleading stage.

12         **B.      CLRA Demand Letter**

13         At least thirty days prior to initiating an action for damages under the CLRA, a consumer

14  plaintiff must "(1) Notify the person alleged to have employed or committed methods, acts, or

15  practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770."

16  and "(2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services

17  alleged to be in violation of Section 1770."  Cal. Civ. Code § 1782(a).  This section requires the

18  notice to be in writing and be sent certified or registered mail, return receipt requested, to the place

19  where the transaction occurred or to the person's principal place of business within California.  *Id.*

20  By contrast, under § 1782(d), a consumer who brings an action for injunctive relief may give notice

21  after filing suit, and at least thirty days after giving notice, may amend her complaint to add a

22  request for damages.

23         Plaintiff acknowledges that although her complaint was filed on October 12, 2007, she did

24  not serve a demand letter as required by the CLRA until October 23, 2007.  Nevertheless, she

25  contends that because the demand letter has now been filed, she may amend her complaint to include

26  claims for damages under the CLRA.  Office Depot, on the other hand, argues that plaintiff's

27  complaint originally claimed damages under the CLRA and that any such claim must be dismissed

28  for failure to comply with § 1782(a).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS    —No. C-07-05938 RMW
MAG                                                                     4

**United States District Court**
For the Northern District of California

1    Plaintiff asserts that it is clear that she sought only injunctive relief and not damages under

2  the CLRA in her complaint such that her having failed to give the required thirty-day notice is

3  irrelevant.  It is true that the paragraphs of the complaint in which she sets forth her CLRA claim do

4  not expressly seek damages.  Compl. ¶¶ 54-59.  Instead, plaintiff cites Cal. Civ. Code § 1780(a) and

5  seeks relief as follows:

6         California Civil Code § 1780(a) provides, "Any consumer who suffers damages as a
          result of the use or employment by any person of a method, act, or practice declared
7         to be unlawful by Section 1770 may bring an action against that person to obtain an
          order enjoining those methods, acts, or practices.["]  In accordance with that
8         provision, Named Plaintiff seeks an order prohibiting Defendant from
          misrepresenting the Plan to potential purchasers.

9
*Id.* ¶ 59.  Office Depot points out, however, that in her prayer for relief, plaintiff seeks not only an
10
injunction, but "an order awarding as damages all monies paid by Plaintiff and the Class Members
11
for any repairs that had to be made by third party companies because Office Depot refused to
12
perform under the Plan"; and "actual and punitive damages plus interest thereon."  Compl. at 15 ¶¶
13
d, i.  These prayers for relief make no attempt to differentiate between the theories of liability that
14
plaintiff asserts, thus Office Depot contends that plaintiff impermissibly seeks damages under the
15
CLRA without having complied with § 1782.
16
        Although a close call, the court concludes that, as pleaded, plaintiff's complaint does not seek
17
damages for the alleged CLRA violations.  In her third, fifth, sixth and seventh claims, plaintiff
18
specifies with respect to each of those claims that she is seeking damages.  In contrast, she only
19
specifies a request for equitable relief in her first, second and fourth claims.  Although her global
20
prayer for relief does not limit her damages claims to specific legal theories and thus could be read
21
to ask for damages on her CLRA claim, the prayer is not technically part of the complaint.
22
*Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2000).  Therefore, plaintiff's CLRA claim is
23
governed by § 1782(d) and no pre-filing demand was required.
24
        Since the court concludes that plaintiff's complaint does not seek damages on her CLRA
25
claim, the court does not reach the question of whether, if it did, the failure to give pre-suit notice
26
would be fatal.  District court decisions go both ways.  However, in a well-reasoned case from this
27
district, wherein the complaint asserted injunctive relief and alluded to a request for damages, the
28
court stated, "Given that the legislature specifically contemplated that an action seeking injunctions

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS    —No. C-07-05938 RMW
MAG                                                                                      5

**United States District Court**
For the Northern District of California

1   can be amended to include a damages claim after the thirty days have run, the goal of the legislature

2   would best be served by allowing amendment in the circumstances of this case." *Deitz v. Comcast*

3   *Corp.*, 2006 WL 3782902 at *6 (N.D. Cal. Dec. 21, 2006) (Alsup, J.) (suggesting that "[t]here are

4   other disciplinary ways to deal with any willful disregard of the law, such as attorney's fees awards .

5   . ."); *see also Kennedy*, 2007 WL 2300746 at *3 ("Here, the complaint is unclear as to whether

6   Plaintiff seeks damages under the CLRA. Under the circumstances of this case, the Court dismisses

7   any damages allegation under the CLRA without prejudice.").

8           **C.      Plaintiff's § 17200 Standing**

9           In November 2004, California voters approved Proposition 64, which amended Cal. Bus. &

10   Prof. Code § 17200 to provide that a private individual only has standing to assert a claim under

11   California's Unfair Competition Law ("UCL") if she "has suffered injury in fact and has lost money

12   or property as a result of such unfair competition. Cal. Bus. & Prof. Code § 17204. Office Depot

13   contends that Sanbrook cannot assert claim under the UCL because she has not alleged that she has

14   been injured by Office Depot's alleged misconduct. It contends that the allegation in the complaint

15   that Office Depot has paid approximately $450.00, which includes a refund of her $119.99 payment

16   for the Plan, demonstrates that Sanbrook has not suffered any injury in fact or lost money or

17   property as a result of the actions allegedly undertaken by Office Depot. Compl. ¶ 26. Office Depot

18   contends that this amount refunds plaintiff for all sums she spent purchasing the Plan, including any

19   interest associated with the lost use of the funds used to pay the original purchase price.

20           Office Depot contends that because remedies under the UCL are restricted to injunctive relief

21   and restitution, Sanbrook cannot demonstrate that she has suffered injury for which restitution would

22   be appropriate. An order for restitution is one "compelling a UCL defendant to return money

23   obtained through an unfair business practice to those persons in interest from whom the property

24   was taken, that is, to persons who had an ownership interest in the property or those claiming

25   through that person." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003).

26   Office Depot argues that Sanbrook's allegations cannot state a claim for restitution. To the extent

27   that Sanbrook has alleged that she was required to pay for third party repairs, Office Depot argues

28   that the amount paid for such repairs was paid to the third party, not to Office Depot. Because

**United States District Court**
For the Northern District of California

1  Office Depot was not a recipient of these amounts paid to third parties for repair, Sanbrook cannot

2  seek restitution against Office Depot.

3      Plaintiff, on the other hand, argues that she had a vested interest in receiving services under

4  the Plan because she experienced problems with her computer.  Because repair of these problems

5  should have been covered under the Plan but were not, plaintiff argues that she is entitled to

6  restitution in the amount of the services denied by Office Depot, which, she contends, is equal to the

7  cost of the service she was forced to obtain from a third party.  In support of her argument, she cites

8  *Lozano v. AT&T Wireless*, 504 F.3d 718, 734 (9th Cir. 2007).  In *Lozano*, the Ninth Circuit assessed

9  whether restoring "reserved" minutes to a user who was deprived of them under his cell phone plan

10  constituted restitution for purposes of the UCL.   The question was whether restitution could lie

11  where the plaintiff had never had "possession" of the minutes.  Ninth Circuit noted, "The California

12  Supreme Court has 'stated that the concept of restoration or restitution, as used in the UCL, is not

13  limited only to the return of money or property that was once in the possession of that person.

14  Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or

15  she has a vested interest.'"  *Lozano*, 504 F.3d at 733-34 (citing *Juarez v. Arcadia Fin., Ltd.*, 152 Cal.

16  App. 4th 889, ___, 61 Cal. Rptr. 3d 382, 400 (2007)).  Although the court does not quarrel with the

17  proposition that a plaintiff may have a restitutionary interest in property that was never in *plaintiff's*

18  possession where plaintiff has a vested interest, the court does not find that this is the question

19  presented here.  Rather, the question is whether plaintiff has a restitutionary interest in property that

20  was never in the possession of the *defendant*.  The court finds that *Lorenzo* does not support

21  plaintiff's position.

22      Based on the allegations of the complaint, the court agrees that Sanbrook lacks standing to

23  pursue a claim for restitution under the UCL.  Sanbrook's allegations establish that Office Depot has

24  paid Sanbrook approximately $450.00, an amount that reimburses Sanbrook for the $119.99

25  purchase price for the Plan as well as for any detriment Sanbrook may have suffered for the use of

26  the funds otherwise used to purchase the Plan.  The money Sanbrook paid for third party repair is

27  not money that *Office Depot* obtained through any alleged unfair business practice.  Therefore,

28

**United States District Court**
For the Northern District of California

1   Sanbrook does not have standing to seek restitution under the UCL based on the allegations of her

2   complaint.

3       Nevertheless, the court does not come to the same conclusion regarding Sanbrook's standing

4   to pursue injunctive relief.  Taking her allegations as true as the court must for purposes of a motion

5   to dismiss, Sanbrook suffered an injury in fact by having had to pay $650.00 to obtain third party

6   repair of her computer.  She has not alleged that the entire amount of the third party repair has been

7   repaid by Office Depot, therefore she has experienced an injury as a result of Office Depot's alleged

8   unfair business practices.[4]

9       Office Depot further argues that Sanbrook lacks Article III standing to pursue any claim for

10  prospective relief because all she can demonstrate is "past exposure to illegal conduct" which "does

11  not in itself show a present case or controversy regarding injunctive releif if unaccompanied by any

12  continuing, present adverse effects."  Mot. at 20 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

13  564 (1992)).  Specifically, Office Depot argues that there is no evidence that Sanbrook's injury is

14  likely to be repeated because the return of Sanbrook's purchase price for the Plan demonstrates that

15  she is no longer utilizing the Plan, and, even assuming Sanbrook is still entitled to coverage under

16  the Plan, the two-year term of the Plan is due to expire in less than seven months and there is no

17  evidence that Sanbrook's computer will fail again during that time.  Neither argument is particularly

18  persuasive in the context of a motion to dismiss.  First, the pleadings do not sufficiently establish

19  that Sanbrook is no longer entitled to coverage on the Plan, even assuming the purchase price was

20  refunded.  Second, assuming that Sanbrook still has coverage for her computer under the Plan, there

21  is still a likelihood that some repair or replacement of the computer may be required during the time

22  remaining on the Plan.

23      In sum, the court concludes that Sanbrook does not have standing to seek restitution under

24  the UCL, therefore her remedy under the UCL is limited to injunctive relief.

25

26

27  [4]  For the same reason, Office Depot's argument that Sanbrook cannot state a claim under the Song-
    Beverly Consumer Warranty Act fails.  The allegation that Sanbrook had to pay $650.00 for a third
28  party to repair her computer, which was not reimbursed by Office Depot, is sufficient to demonstrate
    damages under the act for purposes of a motion to dismiss.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS    —No. C-07-05938 RMW
MAG                                                                                8

**United States District Court**
For the Northern District of California

1      **C.      Failure to State A Claim**

2          Finally, Office Depot argues that plaintiff fails to state a claim for unjust enrichment, breach

3   of contract, fraud or negligent misrepresentation.

4          Unjust enrichment is a general equitable principle "underlying various legal doctrines and

5   remedies." *Dinosaur Development, Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (1989).  It is "based

6   on the idea 'that one person should not be permitted unjustly to enrich himself at the expense of

7   another, but should be required to make restitution of or for property or benefits received, retained,

8   or appropriated, where it is just and equitable that such restitution be made, and where such action

9   involves no violation or frustration of law or opposition to public policy, either directly or

10  indirectly.'"  *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, ___, 69 Cal. Rptr. 3d 848,

11  855 (2007) (citing *Dinosaur Development*, 216 Cal. App. 3d at 1315).  As set forth above in the

12  court's discussion of Sanbrook's standing under the UCL, Sanbrook has been repaid $450.00, which

13  includes her cost for the Plan and any interest that may have been due on her original $119.99

14  payment.  Thus, as currently pleaded, she does not have standing to seek restitution.  Accordingly,

15  the court dismisses her unjust enrichment claim.

16         Office Depot also contends that plaintiff's allegations fail to establish that Office Depot

17  breached the actual terms and conditions of the Plan.  Plaintiff's allegations establish that the terms

18  and conditions of the Plan were available on a website and are attached to the complaint.  Office

19  Depot argues that these online terms and conditions, not the brochure, set forth the terms of the

20  contract and that plaintiff's pleadings do not allege that Office Depot ever breached those terms and

21  conditions.  The court agrees that plaintiff's complaint does not sufficiently allege that Office Depot

22  breached the online terms and conditions.  Nevertheless, plaintiff alleges that it is the content of the

23  brochure, not the online terms and conditions, that constitutes the terms of the contract between

24  plaintiff and Office Depot because the online terms and conditions were not provided at the time the

25  Plan was purchased and could not have been reviewed by the purchaser.  *See, e.g.*, Compl. ¶ 19

26  ("Defendant cannot reasonably expect customers to read the Terms and Conditions prior to

27  purchasing the Plan when it is offered at the time of sale.  In order to read the Terms and Conditions,

28  customers must first find them online at http://www.officedepotservices.com.  Even after customers

**United States District Court**
For the Northern District of California

1  access the designated website, they still have to click on a link titled "Register Your Plan" in order

2  to finally view the Terms and Conditions."); *id.* ¶¶ 71-73 (alleging that the brochure constituted an

3  offer to enter into a service contract, which was accepted by purchasing the Plan and subsequently

4  breached when Office Depot refused to provide the coverage as promised in the brochure).  Because

5  the facts alleged set forth that the brochure may have formed the basis of the contract between

6  Office Depot and Sanbrook, these allegations are sufficient to plead a breach of contract.

7      Based on similar arguments, Office Depot argues that plaintiff's sixth and seventh causes of

8  action for fraud and negligent misrepresentation fail.  Specifically, Office Depot asserts that the

9  "claims for fraud and negligent misrepresentation fail because the Terms and Conditions attached to

10  the Complaint show that Plaintiff was not defrauded."  Mot. at 24.  As discussed above, even though

11  the complaint does not allege that Office Depot misrepresented the services available under the Plan

12  as set forth in the online terms and conditions, plaintiff sufficiently alleges that she relied upon the

13  terms of the brochure because of the unavailability of the online terms at the time the Plan was sold.

14  While it is questionable whether this would be sufficient to sustain a claim for fraud or negligent

15  misrepresentation for purposes of a motion for summary judgment, the allegations are sufficient to

16  state a claim.

17                                    **III.  ORDER**

18      For the foregoing reasons, the court grants in part and denies in part Office Depot's motion to

19  dismiss as follows:

20      1.      defendant's motion to dismiss plaintiff's claim under the CLRA is denied as the claim

21              is deemed to be one for equitable relief only;

22      2.      plaintiff's claim for restitution under the UCL is dismissed without prejudice;

23      3.      plaintiff's claim for unjust enrichment is dismissed without prejudice;

24      4.      defendant's motion to dismiss is denied with respect to all other claims.

25  Plaintiff shall have twenty (20) days to amend her complaint to state a claim for restitution and unjust

26  enrichment.

27  DATED:      5/5/08

28                                    RONALD M. WHYTE
                                      United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS    —No. C-07-05938 RMW
MAG                                    10

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Scott Richard Kaufman          lemonatty@gmail.com
Barbara Quinn Smith            bqsesq@aol.com

**Counsel for Defendants:**

Robin Jonathan Samuel          rjsamuel@hhlaw.com
Julie Shepard                  jashepard@hhlaw.com
Laura Michelle Wilson          lmwilson@hhlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____5/5/08_____                    _____/s/ MAG_____
                                                   **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS    —No. C-07-05938 RMW
MAG                                                11