DAVID M. WALSH (SB# 120761)
GEOFFREY T. STOVER (SB# 211715)
MELANIE A. FULL (SB# 253586)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
davidwalsh@paulhastings.com
geoffreystover@paulhastings.com
melaniefull@paulhastings.com

ROBIN J. SAMUEL (SB# 173090)
LAURA M. WILSON (SB# 246522)
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
RJSamuel@hhlaw.com
LMWilson@hhlaw.com

Attorneys for Defendant
OFFICE DEPOT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE DEPOT, INC., a corporation and DOES 1-20,<br><br>Defendants. | CASE NO. C 07-05938 RMW<br><br>**OFFICE DEPOT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Office Depot, Inc. ("Office Depot") answers the Complaint of Mary Sanbrook ("Plaintiff") and asserts affirmative defenses as follows:

### Nature of the Action

1. Answering Paragraph 1, Office Depot denies, generally and specifically, each and every allegation contained therein.

2. Answering Paragraph 2, Office Depot denies, generally and specifically, each and every allegation contained therein.

### Jurisdiction and Venue

3. Answering Paragraph 3, Office Depot denies, generally and specifically, each and every allegation contained therein. This federal Court has subjection matter jurisdiction over this case.

4. Answering Paragraph 4, Office Depot denies, generally and specifically, each and every allegation contained therein. Venue is proper in the federal District for this Court.

### Parties

5. Answering Paragraph 5, Office Depot admits that Plaintiff purchased a computer from an Office Depot store in Mountain View, California. Except as expressly admitted herein, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and, on that basis, denies these allegations.

6.  Answering Paragraph 6, Office Depot admits that Plaintiff purchased a Performance Protection Plan and has attached a receipt to her Complaint. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in Paragraph 6.

7.  Answering Paragraph 7, Office Depot denies, generally and specifically, each and every allegation contained therein.

Factual Allegations

8.  Answering Paragraph 8, Office Depot admits that it offers Performance Protection Plans to its customers who purchase certain merchandise. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 8.

9.  Answering Paragraph 9, Office Depot denies, generally and specifically, each and every allegation contained therein.

10. Answering Paragraph 10, Office Depot denies, generally and specifically, each and every allegation contained therein.

11. Answering Paragraph 11, Office Depot admits that the brochure attached as Exhibit 2 to Complaint states that "[C]ertified technical assistance is available toll free, 24 hours a day, 7 days a week." Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 11.

12. Answering Paragraph 12, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies these allegations.

13. Answering Paragraph 13, Office Depot denies, generally and specifically, each and every allegation contained therein.

14. Answering Paragraph 14, Office Depot denies, generally and specifically, each and every allegation contained therein.

15. Answering Paragraph 15, Office Depot denies, generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 16, Office Depot denies, generally and specifically, each and every allegation contained therein.

17. Answering Paragraph 17, Office Depot admits that the Terms and Conditions attached as Exhibit 2 to the Complaint contain exclusions for failures due to "manufacturer defect," damages from "negligence, misuse and abuse," "failures due to general environmental conditions," and "loss or damage caused by accidental or intentional physical damage, spilled liquids." Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 17.

18. Answering Paragraph 18, Office Depot admits that the Terms and Conditions attached to the Complaint as Exhibit 2 contain 26 categories of exclusions. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 18.

19. Answering Paragraph 19, Office Depot denies, generally and specifically, each and every allegation contained therein.

20. Answering Paragraph 20, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies these allegations.

21. Answering Paragraph 21, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies these allegations.

22. Answering Paragraph 22, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies these allegations.

23. Answering Paragraph 23, Office Depot denies, generally and specifically, each and every allegation contained therein.

24. Answering Paragraph 24, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies these allegations.

25. Answering Paragraph 25, Office Depot denies, generally and specifically, each and every allegation contained therein.

26. Answering Paragraph 26, Office Depot admits that it refunded to Plaintiff the sum of $199.99 (the purchase price of her Performance Protection Plan), and also "reimbursed" Plaintiff the additional sum of $323.50, which is approximately one-half of what Plaintiff claimed she paid to have her computer repaired. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 26.

27. Answering Paragraph 27, Office Depot denies, generally and specifically, each and every allegation contained therein.

28. Answering Paragraph 28, Office Depot denies, generally and specifically, each and every allegation contained therein.

1  29. Answering Paragraph 29, Office Depot denies, generally and specifically, each and every allegation contained therein.

## Class Action Allegations

30. Answering Paragraph 30, Office Depot denies, generally and specifically, each and every allegation contained therein.

31. Answering Paragraph 31, Office Depot denies, generally and specifically, each and every allegation contained therein.

32. Answering Paragraph 32, Office Depot denies, generally and specifically, each and every allegation contained therein.

33. Answering Paragraph 33, Office Depot denies, generally and specifically, each and every allegation contained therein.

34. Answering Paragraph 34, Office Depot denies, generally and specifically, each and every allegation contained therein.

35. Answering Paragraph 35, Office Depot denies, generally and specifically, each and every allegation contained therein.

36. Answering Paragraph 36, Office Depot denies, generally and specifically, each and every allegation contained therein.

37. Answering Paragraph 37, Office Depot denies, generally and specifically, each and every allegation contained therein.

38. Answering Paragraph 38, Office Depot denies, generally and specifically, each and every allegation contained therein.

39. Answering Paragraph 39, Office Depot denies, generally and specifically, each and every allegation contained therein.

40. Answering Paragraph 40, Office Depot denies, generally and specifically, each and every allegation contained therein.

41. Answering Paragraph 41, Office Depot denies, generally and specifically, each and every allegation contained therein.

First Cause of Action

42. Answering Paragraph 42, Office Depot denies, generally and specifically, each and every allegation contained therein.

43. Answering Paragraph 43, Office Depot admits that it provided the brochure attached as Exhibit 2 to the Complaint (without interlineations) to one or more customers in its Mountain View store on or around July 24, 2006. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 43.

44. Answering Paragraph 44, Office Depot admits that it provided the brochure attached as Exhibit 2 to the Complaint (without interlineations) to one or more customers in Office Depot's retail stores in California on or around July 24, 2006. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 44.

45. Answering Paragraph 45, Office Depot denies, generally and specifically, each and every allegation contained therein.

46. Answering Paragraph 46, Office Depot denies, generally and specifically, each and every allegation contained therein.

47.  Answering Paragraph 47, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies these allegations.

48.  Answering Paragraph 48, Office Depot denies, generally and specifically, each and every allegation contained therein.

49.  Answering Paragraph 49, Office Depot lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies these allegations.

50.  Answering Paragraph 50, Office Depot denies, generally and specifically, each and every allegation contained therein.

51.  Answering Paragraph 51, Office Depot denies, generally and specifically, each and every allegation contained therein.  Plaintiff's claims for damages under California Business and Professional Code §17200 were dismissed by this Court in its Order of May 5, 2008.

52.  Answering Paragraph 52, Office Depot denies, generally and specifically, each and every allegation contained therein.

53.  Answering Paragraph 53, Office Depot denies, generally and specifically, each and every allegation contained therein.  Plaintiff's claims for damages under California Business and Professional Code §17200 were dismissed by this Court in its Order of May 5, 2008.

## Second Cause of Action

54.  Answering Paragraph 54, Office Depot realleges and incorporates herein by reference its answers to the foregoing paragraphs of the

Complaint, inclusive of Office Depot's answers to the allegations set forth in Plaintiff's First Cause of Action.

55. Answering Paragraph 55, Office Depot denies, generally and specifically, each and every allegation contained therein.

56. Answering Paragraph 56, Office Depot denies, generally and specifically, each and every allegation contained therein.

57. Answering Paragraph 57, Office Depot denies, generally and specifically, each and every allegation contained therein.

58. Answering Paragraph 58, Office Depot denies, generally and specifically, each and every allegation contained therein.

59. Answering Paragraph 59, Office Depot admits that California Civil Code §1780(a) contains the language quoted by Plaintiff in the Complaint. Except as expressly admitted herein, Office Depot denies, generally and specifically, each and every allegation contained in paragraph 59.

## Third Cause of Action

60. Answering Paragraph 60, Office Depot realleges and incorporates herein by reference its answers to the allegations of the preceding paragraphs of the Complaint.

61. In answering Paragraph 61, Office Depot denies, generally and specifically, each and every allegation contained therein.

62. In answering Paragraph 62, Office Depot denies, generally and specifically, each and every allegation contained therein.

63. Answering Paragraph 63, Office Depot denies, generally and specifically, each and every allegation contained therein.

64. Answering Paragraph 64, Office Depot denies, generally and specifically, each and every allegation contained therein.

### Fourth Cause of Action

65. Answering Paragraph 65, Office Depot realleges and incorporates herein by reference its answers to the allegations of the preceding paragraphs of the Complaint.

66. Answering Paragraph 66, Office Depot notes that the Fourth Cause of Action for Unjust Enrichment was dismissed by order of this Court on May 5, 2008.

67. Answering Paragraph 67, Office Depot notes that the Fourth Cause of Action for Unjust Enrichment was dismissed by order of this Court on May 5, 2008.

68. Answering Paragraph 68, Office Depot notes that the Fourth Cause of Action for Unjust Enrichment was dismissed by order of this Court on May 5, 2008.

69. Answering Paragraph 69, Office Depot notes that the Fourth Cause of Action for Unjust Enrichment was dismissed by order of this Court on May 5, 2008.

### Fifth Cause of Action

70. Answering Paragraph 70, Office Depot realleges and incorporates herein by reference its answers to the allegations of the preceding paragraphs of the Complaint.

71. Answering Paragraph 71, Office Depot denies, generally and specifically, each and every allegation contained therein.

72. Answering Paragraph 72, Office Depot denies, generally and specifically, each and every allegation contained therein.

73. Answering Paragraph 73, Office Depot denies, generally and specifically, each and every allegation contained therein.

74. Answering Paragraph 74, Office Depot denies, generally and specifically, each and every allegation contained therein.

Sixth Cause of Action

75. Answering Paragraph 75, Office Depot realleges and incorporates herein by reference its answers to the allegations of the preceding paragraphs of the Complaint.

76. Answering Paragraph 76, Office Depot denies, generally and specifically, each and every allegation contained therein.

77. Answering Paragraph 77, Office Depot denies, generally and specifically, each and every allegation contained therein.

78. Answering Paragraph 78, Office Depot denies, generally and specifically, each and every allegation contained therein.

79. Answering Paragraph 79, Office Depot denies, generally and specifically, each and every allegation contained therein.

80. Answering Paragraph 80, Office Depot denies, generally and specifically, each and every allegation contained therein.

81. Answering Paragraph 81, Office Depot denies, generally and specifically, each and every allegation contained therein.

82. Answering Paragraph 82, Office Depot denies, generally and specifically, each and every allegation contained therein.

### Seventh Cause of Action

83. Answering Paragraph 83, Office Depot realleges and incorporates herein by reference its answers to the allegations of the preceding paragraphs of the Complaint.

84. Answering Paragraph 84, Office Depot denies, generally and specifically, each and every allegation contained therein.

85. Answering Paragraph 85, Office Depot denies, generally and specifically, each and every allegation contained therein.

86. Answering Paragraph 86, Office Depot denies, generally and specifically, each and every allegation contained therein.

87. Answering Paragraph 87, Office Depot denies, generally and specifically, each and every allegation contained therein.

88. Answering Paragraph 88, Office Depot denies, generally and specifically, each and every allegation contained therein.

89. Answering Paragraph 89, Office Depot denies, generally and specifically, each and every allegation contained therein.

## PRAYER FOR RELIEF

Answering the Prayer for Relief, Office Depot denies that it is liable to Plaintiff or others similarly situated to Plaintiff in any manner whatsoever, and denies each and every allegation of the paragraphs separately and severally to the extent that these allegations imply any wrongdoing by Office Depot. Office Depot further denies that Plaintiff or others similarly situated to Plaintiff are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint, and each and every alleged cause of action contained therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's claims are time barred to the extent that the alleged conduct took place outside of the applicable statute of limitations periods.

## THIRD AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff, and the class of persons Plaintiff purports to represent, the existence of which is expressly denied, have waived the right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by

reason of their own actions and course of conduct.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped from seeking the relief set forth in her Complaint by her own acts or omissions, or by the acts or omissions of her agents based on the allegations in the Complaint and each and every cause of action set forth therein.

## FIFTH AFFIRMATIVE DEFENSE

(Obligations Fully Performed)

Office Depot alleges that it has fully performed all obligations, if any, that it was required to perform under the Performance Protection Plan as alleged in the Complaint, and as a consequence thereof, Plaintiff is barred from recovering attorney's fees, costs of litigation, or any other expenses from Office Depot.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Provide Proper Notice Under the CLRA)

Plaintiff, individually, fails to state a claim for violation of CLRA to the extent she seeks damages in addition to injunctive relief because she has not and cannot allege compliance with the CLRA notice requirement.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff's claims are barred because Plaintiff lacks standing to pursue both an UCL claim and/or prospective relief in this case because she has not suffered an injury in fact.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver, Laches, Abandonment, Estoppel, Election of Remedies and Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, abandonment, estoppel, election of remedies, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Consent)

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of consent.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith)

Plaintiff's claims are barred because Office Depot's actions or omissions were in good faith and Office Depot had reasonable grounds for believing that the actions or omissions did not violate any provision of the law.

## RESERVATION OF OTHER AFFIRMATIVE DEFENSES

Office Depot reserves the right to interpose any and all defenses available to it under federal and state law that may be later found applicable to this action and as may be established during discovery and by the evidence in this case.

WHEREFORE, Office Depot prays for judgment as follows:

1. That Plaintiff, and the class of persons Plaintiff purports

to represent, the existence of which is expressly denied, take nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Office Depot;

    2.      That Office Depot be awarded all recoverable costs;

    3.      That class certification be denied; and

    4.      That Office Depot be awarded such other and further relief as the Court deems just and proper.

DATED: June _16_, 2008      DAVID M. WALSH

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _/s/ David M. Walsh_
         DAVID M. WALSH

Attorney for Office Depot
OFFICE DEPOT, INC.

LEGAL_US_W # 59135128.3