Barbara Quinn Smith (Pro Hac Vice)
Maddox Hargett & Caruso, PC
9853 Johnnycake Ridge Road
Suite 302
Mentor, OH 44060
Phone: 440-354-4010
Fax:  440-848-8175
Email: BQSmith@mhclaw.com
(Additional Counsel Listed Below)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>OFFICE DEPOT, INC., a corporation and DOES 1-20,<br><br>        Defendants. | Case No:  C 07-05938 RMW<br><br>Judge: Hon. Ronald M. Whyte<br><br>**<u>NAMED PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION</u>**<br><br>Date:  December 5, 2008<br>Time:  9:00 am<br>Courtroom: 6<br>Judge:  Hon. Ronald M. Whyte |

TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

STATEMENT OF FACT ........................................................................................................ 1

ARGUMENT OF LAW ........................................................................................................... 3

I. THE PRINCIPLES UNDERLYING CLASS ACTION LITIGATION SUPPORT CERTIFYING THIS ACTION AS A CLASS ACTION ................................................................................. 3

II. THE REQUIREMENTS OF RULE 23 ARE SATISFIED .................................................. 4

    A.    Rule 23(a)(1) – Numerosity ........................................................................... 4

    B.    Rule 23(a)(2) – Commonality ....................................................................... 5

    C.    Rule 23(a)(3) – Typicality .............................................................................. 6

    D.    Rule 23(a)(4) –Adequacy ............................................................................... 7

    E.    The Requirements of Rule 23(b)(2) are Satisfied ......................................... 8

    F.    The Requirements of Rule 23(b)(3) are Satisfied ......................................... 8

        1.    Predominance ........................................................................................ 9

        2.    Superiority ........................................................................................... 12

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

*Anchem Prods. v. Windsor*, 521 U.S. 591 (1997)...................................................................... 8

*Arnorld v. UA Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994).................................... 4

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ..................................................................... 3

*Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005).................... 5

*Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334 (N.D. Cal. 2008)................................................................................................................................. 3

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326 (1980). ....................................................... 3

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ................................................................. 3

*First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731 (Cal. App. 2nd Dist. 2001). ............. 9

*Gray v. Don Miller & Associates, Inc.,* 35 Cal.3d 498 (1984)...............................................10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................................. 5, 8

*Hanon v. Dataproducts Corp.,* 976 F.2d 497 (9th Cir. 1992). .................................................. 6

*Harazim* v. *Lynam,* 267 Cal.App.2d 127 (1968) ..................................................................... 10

*In re Am. Med. Sys., Inc.* 75 F.3d 1069 (6th Cir. 1996)............................................................ 4

*In re Beer Distrib. Antitrust Litig.*, 188 F.R.D. 549 (N.D. Cal. 1998) ................................... 5

*In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 163 F.R.D. 200 (S.D.N.Y. 1995). ................... 5

*Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507 (9th Cir. 1978) ................................ 7

*Martinez v. Bechtel Corp.*, 21 Fed. R. Serv. 2d 85 (N.D. Cal. 1975).................................... 4

*Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D. Ill 1992)............................ 5

*Vasquez v. Superior Court*, 4 Cal. 3d 800 (1971)................................................................. 10

*Walters v. Marler*, 83 Cal. App. 3d 1 (1978)........................................................................ 10

*Weinberger v. Jackson*, 102 F.R.D. 839 (N.D. Cal. 1984) .................................................... 3

**Statutes**

Cal. Civ. Code §1794.41(a)(2). ............................................................................................... 15

**Rules**

Rule 23, Federal Rules of Civil Procedure ……………………………………………….Passim

## INTRODUCTION

Plaintiff Mary Sanbrook ("Named Plaintiff" or "Plaintiff"), individually and on behalf of all others similarly situated, respectfully requests that the Court certify this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Named Plaintiff requests certification on behalf of a class consisting of:

**All persons in California who purchased a Performance Protection Plan from Office Depot**.

This case is ideally suited for class certification. As discussed more fully below, each of Rule 23(a)'s factors - numerosity, commonality, typicality, and adequacy - are satisfied in this case. Furthermore, Rule 23 (b)(2) and 23(b)(3) are also satisfied. Named Plaintiff therefore respectfully requests that the Class be certified, that Named Plaintiff be designated Class Representative, and that Named Plaintiff's counsel be appointed Class Counsel.

## STATEMENT OF FACT

Named Plaintiff brings this action against Defendant Office Depot ("Defendant" or "Office Depot") to recover damages incurred as a result of Office Depot's unlawful conduct in marketing and selling its Performance Protection Plan ("the Plan").

Office Depot offers and sells the Plan as an extended service plan for computers, peripherals, and other goods sold over the internet and at each of its 1200 stores throughout the United States. (Complaint, ¶¶ 7 and 8). While purchasing a computer, printer, and other products from Office Depot on June 24, 2006, Named Plaintiff also purchased a two year Performance Protection Plan for $119.99. (Complaint ¶¶ 6 and 7).

Office Depot advertised the Performance Protection Plan as providing "100% of parts and labor coverage from day one" and "on-site service for your computer system." (Complaint ¶¶ 9, 10). Office Depot also advertises the availability of technical support "24/7." (Complaint ¶ 11). The brochure containing these representations is given to every purchaser at the time of sale. (Complaint ¶ 13). The brochure also refers purchasers to the website where they may obtain the "Terms and Conditions" pertaining to the plan. (Complaint ¶ 13). Thus, instead of printing the Terms and Conditions on the brochure so that prospective purchasers could review the limits of coverage prior to purchase, Office Depot chose to make the Terms and Conditions available only online, and to hide them even there; the terms only appear when one clicks a link entitled "Register Your Plan." (Complaint ¶ 13).

The Terms and Conditions vary greatly from, and contradict outright in several instances, the terms advertised in the brochure accompanying the sale. (Complaint ¶ 13). For example, despite promising "on-site" repair, *i.e.*, repairs made at the consumer's home or place of business, Office Depot refused to provide this service to Named Plaintiff and other Class Members. (Complaint ¶ 14). Additionally, despite promising "100% coverage from day one," the Terms and Conditions specifically exclude coverage for a repair or replacement covered by the manufacturer's warranty. (Complaint ¶ 16), Moreover, as Office Depot readily admits, the Plan contains 26 different categories of exclusions for which no coverage is offered. (Complaint ¶17; Answer ¶18).

In May 2007, Plaintiff's computer froze and she sought to have the problem repaired by Office Depot on-site under the "100% coverage" purportedly provided by the Plan. (Complaint ¶22). Office Depot denied that the problem experienced by the Plaintiff was covered under the Plan and refused to repair her computer, stating that the computer was still covered by the manufacturer's warranty. (Complaint ¶ 23). Plaintiff then sought to have the problem fixed by the

manufacturer, but was told by the manufacturer that the problem was not covered under the manufacturer's warranty either. (Complaint ¶ 24). Due to Office Depot's refusal to honor its obligations under the Plan, Named Plaintiff ultimately had to hire a third party to repair her computer, and to pay for it out of her own pocket. (Complaint ¶ 25).

## ARGUMENT OF LAW

### I. THE PRINCIPLES UNDERLYING CLASS ACTION LITIGATION SUPPORT CERTIFYING THIS ACTION AS A CLASS ACTION

Class action jurisprudence reveals three basic guidelines which should be followed in determining whether to grant class certification. First, in determining whether a class should be certified, the merits of the case are not to be examined and the substantive allegations of the complaint are to be taken as true. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). In other words, when adjudicating a motion for class certification, the court accepts the allegations in the complaint as true so long as those allegations are sufficiently specific to permit an informed assessment as to whether the requirements of Rule 23 have been satisfied. *See Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

Second, "[t]he Court maintains great discretion in certifying a class action." *Californians for Disability Rights, Inc. v. Californians Dep't of Transp.,* 249 F.R.D. 334 (N.D. Cal. 2008). Class certification under Rule 23 is a preliminary ruling and is subject to modification. *Weinberger v. Jackson*, 102 F.R.D. 839, 843 (N.D. Cal. 1984).

Third, when "it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they … employ the class action device." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).

## II. THE REQUIREMENTS OF RULE 23 ARE SATISFIED

Rule 23(a) requires that: (1) the putative class be so numerous that joinder of all members is impractical; (2) questions of law or fact are common to the class; (3) the class representative's claims or defenses are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). A class should be certified where the movant satisfies these requirements and one or more of the requirements of Rule 23(b). This action satisfies all of the requirements of Rule 23(a), as well as those of Rule 23(b)(2) and (b)(3).

### A.    Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Pro. 23(a)(1). "Plaintiffs need not state the exact number of potential members nor identify all the members of the class so long as the putative class is not amorphous." *Arnorld v. UA Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994), *quoting*, *Martinez v. Bechtel Corp.*, 21 Fed. R. Serv. 2d 85 (N.D. Cal. 1975) (internal quotations omitted). Numerosity is typically presumed when there are 40 or more class members; however, "there is no general rule or single 'magic number' for how many parties make joinder impracticable." *In re Am. Med. Sys., Inc.* 75 F.3d 1069, 1079 (6th Cir. 1996).[1]

Named Plaintiff is unable to determine the exact number of class members at the present time. However, it is safe to assume that this number is well above the number needed for the numerosity requirement. Defendant removed this case from California state court because, in part, its sales of the Performance Protection Plan to residents of California exceeded $5 million. *See*

---

[1] The Northern District of California has held that a putative class consisting of only 236 members met numerosity requirement. *Breeden v. Benchmark Lending Group, Inc.*, 229 FRD 623, 629-630 (N.D. Cal. 2005).

Defendant's Notice of Removal (Docket No. 1) at ¶ 11.  Since the cost of the Plan ranges from $19.99 to a few hundred dollars, it is reasonable for one to surmise that the number of class members is in the tens of thousands, making the class so numerous that joinder of all members is impracticable.  Thus, the numerosity requirement is easily satisfied.

### B.     Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that "questions of law or fact common to the class" must exist.  Fed. R. Civ. Pro. 23(a)(2).  "This requirement has been given a permissive interpretation, and 'all questions of fact and law need not be common to satisfy the rule." *Breeden v. Benchmark Lending Group, Inc.,* 229 F.R.D. 623, 630 (N.D. Cal. 2005), quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Furthermore, "[t]he fact that there is some factual variation among the class grievances will not defeat a class action . . . A common nucleus of operative facts is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *In re Beer Distrib. Antitrust Litig.*, 188 F.R.D. 549, 553 (N.D. Cal. 1998).  Indeed, Courts have consistently labeled the commonality requireent a "low hurdle, easily surmounted." *See, e.g., Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill 1992); *see also, In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 163 F.R.D. 200, 206, n.8 (S.D.N.Y. 1995).

Perhaps most importantly, this Class Action revolves around identical or similar advertisements.  (Complaint ¶ 35). Moreover, there are numerous additional issues common to every class member.  These include:

a.  Whether Defendant's advertisements of the Plan were deceptive to a reasonable consumer;

b.  Whether Defendant marketed the Plan;

c.  Whether Defendant sold the Plan;

d. Whether the advertisements for the Plan constituted an offer to enter into a contract;

e. Whether Defendant knew or should have known that its advertisements for the Plan were deceptive;

f. Whether the Plan's deficiencies and Defendant's behavior amount to a breach of contract on the part of Defendant vis-à-vis the putative Class Members who purchased the Plans, and;

g. Whether Defendant refused to change the false advertising.

Because of the numerous common issues among Named Plaintiff and Class Members, the commonality requirement of Rule 23(a)(2) is met.

### C.     Rule 23(a)(3) – Typicality

Rule 23(a)(2) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. Pro. 23(a)(3). The test "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

In the present case, Named Plaintiff bought the same Performance Protection Plan that every other Class Member bought. (Complaint, ¶6). The Plan was sold through the same or similar brochure, and was subject to the identical or similar Terms and Conditions. Thus, Named Plaintiff, like every Class Member, suffered damages as a result of buying the illusory and deceptively advertised Performance Protection Plan. Therefore, the typicality requirement of Rule 23(a)(3) is fulfilled.

### D. Rule 23(a)(4) – Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4). There are two main considerations for the adequacy requirement. "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

In the present case, Named Plaintiff will prosecute the action vigorously through qualified counsel. She is familiar with the facts of her claim and has no personal interests that are adverse or antagonistic to those of the Class. Plaintiff also fully understands the claims of the other Class Members because they were victims of the same misconduct of Office Depot that she experienced. Accordingly, Plaintiff is a more than adequate representative of the Class.

Furthermore, Plaintiff has selected and retained the law firms of DAVID P. MEYER & ASSOCIATES CO., L.P.A. and MADDOX, HARGETT & CARUSO, P.C. as Counsel in this action. These firms possess extensive experience prosecuting complex class action litigation. These firms have served in leadership roles, negotiated multimillion dollar class settlements, and in one instance, received a jury verdict of approximately $266 million for a class.[2] These firms are well-qualified and will vigorously protect the interests of the Class.

Per the above analysis, the Rule 23(a) requirements are satisfied and, therefore, class certification is proper if **any** of the requirements of 23(b) are met.

---

[2] *See generally, Burns v. Prudential Sec., Inc.*, 857 N.E.2d 621 (Ohio Ct.App. 2006).

### E. The Requirements of Rule 23(b)(2) are Satisfied

Once the requirements of Rule 23(a) are fulfilled, the Court must determine whether a class can be certified under any of the provisions contained in Rule 23(b). Certification is appropriate in this action pursuant to both Rule 23(b)(2) and Rule 23(b)(3).

Injunctive claims under California's Unfair Competition Law and California Legal Remedies Act satisfy the requirements for certification pursuant to Rule 23(b)(2). Rule 23(b)(2) provides for certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respected the class as a whole." Fed. R. Civ. Pro. 23(b)(2). Plaintiff alleges that Office Depot has acted uniformly towards Class Members by offering, marketing, and selling an illusory warranty plan. As this conduct appears to be common to every purchaser of the Performance Protection Plan, the requirements of Rule 23(b)(2) are satisfied.

### F. The Requirements of Rule 23(b)(3) are Satisfied

Named Plaintiff submits that certification is also appropriate in this action pursuant to Rule 23(b)(3).

Certification of a class under Rule 23(b)(3) requires two findings: 1) that "the common questions of law or fact common to class members predominate over any questions affecting only individual members, and 2) that a class action is superior to other methods available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements are met in the present case.

### 1. Predominance

Named Plaintiff fulfills the predominance requirement of Rule 23(b)(3). "The requirement of Rule 23(b)(3) that common questions predominate over individual questions tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Anchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997) (internal citation omitted). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998).

In this instance, each claim as to which Plaintiff seek class certification will be proven or disproven by evidence that is predominantly common to all class members, making these issues eminently appropriate for class treatment.

### a. Breach of Contract

With respect to the breach of contract cause of action, common questions far outnumber any individual issues that surround the sale of the Performance Protection Plan. To state a claim for breach of contract under California law, Plaintiff must allege (a) a contract, (b) plaintiff's performance or excuse for non-performance, (c) defendant's breach, and (d) damage to plaintiff. *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (Cal. App. 2nd Dist. 2001). Evidence necessary to establish breach of contract will necessarily focus on Office Depot's conduct. Each class member accepted identical, standard form offers and performed their duties under the contract by purchasing the Plan. Office Depot's offer contained the same terms and promises, such as Office Depot's promise to provide "100% coverage." (Complaint, ¶ 9). Plaintiff alleges that Office Depot uniformly breached the contract and never intended to provide the promised coverage

to purchasers of the Performance Protection Plan. As a result of this breach, every class member incurred damages at least equal to the purchase price of the plan. Since a substantial number of common issues pertain to Plaintiff's claim for breach of contract, the predominance requirement is met for this cause of action.

### b. Negligent Misrepresentation and Fraud

With respect to the negligent misrepresentation and fraud claims, any potential individual issues also pale in comparison to the common issues among class members. Fraud is an intentional tort, the elements of which are: 1) misrepresentation; 2) knowledge of falsity; 3) intent to defraud, *i.e.*, to induce reliance; 4) justifiable reliance; and 5) resulting damage. *Harazim* v. *Lynam,* 267 Cal.App.2d 127, 130 (1968). The elements of a cause of action for negligent misrepresentation are similar, except that there is no scienter requirement. *Walters v. Marler*, 83 Cal. App. 3d 1, 17 (1978), overruled on other grounds in *Gray v. Don Miller & Associates, Inc.,* 35 Cal.3d 498, 505-507 (1984).

Office Depot provided the same brochure containing the same misrepresentations to Class Members, including, but not limited to, that the Performance Protection Plan provided "100% of parts and labor coverage from day one" and that it would provide "on-site service for your computer system." (Complaint, ¶ 9). These and other representations formed the basis of the bargain between Office Depot and Class Members and were fundamentally material to any reasonable Class Member's decision to purchase the plan. Office Depot knew the terms of its offer were misleading or, at the very minimum, failed to exercise ordinary care in communicating the benefits of the Plan to Class Members. Further, because reliance can be presumed under California law in circumstances like those found here, any alleged individual questions regarding that particular element of fraud and negligent misrepresentation are of no import to the question of predominance.

*Vasquez v. Superior Court*, 4 Cal. 3d 800, 814 (1971). ("The fact of reliance upon alleged false representations may be inferred from the circumstances attending the transaction which oftentimes afford much stronger and more satisfactory evidence of the inducement which prompted the party defrauded to enter into the contract than his direct testimony to the same effect.").

Because Class Members reasonably relied on these misrepresentations and have been damaged by buying warranty protection that Office Depot never intended to provide, common issues affecting the class necessarily outnumber any individual questions. Thus, the predominance requirement is met for fraud and negligent misrepresentation.

### c. Song-Beverly Consumer Warranty Act

The Song-Beverly Warranty Act requires that "[t]he contract shall be available for inspection by the buyer prior to purchase and either the contract, or a brochure which specifically describes the terms, conditions, and exclusions of the contract, and the provisions of this section relating to contract delivery, cancellation, and refund, shall be delivered to the buyer at or before the time of purchase of the contract." Cal. Civ. Code §1794.41(a)(2). Plaintiff has alleged that the Terms and Conditions for the Performance Protection Plan were only available online after purchasers went to a website listed in the brochure and then clicked on a link titled "Register Your Plan." (Complaint, ¶ 13). Evidence necessary to prove this allegation will focus upon Office Depot's conduct in failing to make the Terms and Conditions available prior to purchase, and will therefore be common to all Class Members' claims.

Class Members have virtually identical issues and proof necessary to bring their claims under these various causes of action. Because of these common issues and questions, the predominance requirement of Rule 23(b)(3) is satisfied.

### 2. Superiority

Named Plaintiff also fulfills the superiority requirement of Rule 23(b)(3). The superiority requirement of Rule 23(b)(3) mandates that the class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. Rule 23(b)(3). The damages incurred by each class member are less than a thousand dollars, making individual lawsuits impractical. Given the relatively small amount of damages, individual class members have little interest in controlling their own litigation against Office Depot. In fact, to Named Plaintiff's knowledge, no other lawsuits are currently pending based upon the sale of the Performance Protection Plan, despite Office depot's obvious violations of law in marketing and selling the Plan. Thus, Rule 23(b)(3)'s superiority requirement is satisfied.

### CONCLUSION

For the aforementioned reasons, Named Plaintiff's Motion for Class Certification should be granted. Named Plaintiff respectfully requests that the Court enter an order granting this motion, certifying the Class defined by Named Plaintiff, appointing Named Plaintiff as the Representative of the Class, and appointing Named Plaintiff's attorneys as Class Counsel.

Dated: July 25, 2008                Respectfully submitted,

                            ___/s/Barbara Quinn Smith_____
                            Barbara Quinn Smith (Pro Hac Vice, Ohio Bar 0055328)
                            **MADDOX HARGETT & CARUSO**
                            9853 Johnnycake Ridge Road, Suite 302
                            Mentor, OH 44060
                            Telephone: 440-354-4010
                            Facsimile: 440-848-8175
                            BQSmith@mhclaw.com

Scott R, Kaufman, SBN 190129
**CALIFORNIA LEMON LAWYERS**
1400 Coleman Ave Suite C-14
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile:  (408) 727-8883

Thomas A. Hargett (Pro Hac Vice, Indiana Bar 11252-49)
(tahargett@mhclaw.com)
Thomas K. Caldwell (Pro Hac Vice, Indiana Bar 16001-49
(tkcaldwell@mhclaw.com*)*
**MADDOX HARGETT & CARUSO**
10100 Lantern Road, Suite 150
Fishers, IN 46038
Telephone: 317-598-2040
Facsimile: 317-598-2050

Marnie Lambert (SBN 165019)
**DAVID P. MEYER & ASSOCIATES, CO., LPA**
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

**ATTORNEYS FOR PLAINTIFF**