**E-FILED on** __11/26/08__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE DEPOT, INC.,<br><br>    Defendant. | No. C-07-05938 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO RESPOND<br><br>**[Re Docket No. 68]** |

    Plaintiff Mary Sanbrook ("Sanbrook") moves under Fed. R. Civ. P. 56(f) for additional time to respond to defendant Office Depot, Inc.'s ("Office Depot") motion for summary judgment. Office Depot opposes the motion. For the reasons set forth below, the court denies Sanbrook's motion.

    On October 28th, 2008, Office Depot moved for summary judgment as to Sanbrook's individual claims. Office Depot argues that Sanbrook is not entitled to relief as a matter of law because 1) Sanbrook's computer malfunctioned because of a software problem, which is not covered under the warranty at issue; 2) Office Depot did agree to repair Sanbrook's computer; 3) Office Depot refunded the extended warranty plan amount and paid double Sanbrook's repair costs; 4) Sanbrook's extended warranty plan has now expired. Def.'s Mot. For Summ. J. 2. These allegations form the factual basis of Office Depot's motion.

1     Rule 56(f) states that when "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."  Fed. R. Civ. P. 56(f).  To justify such a continuance, a party must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

    Sanbrook here fails to meet that standard.  The affidavit supporting Sanbrook's motion states that further discovery will likely produce the following "relevant information" regarding Office Depot's training procedures, capability to service computers at its retail stores, and authority to repair computers under a manufacturer's warranty.  Decl. of Barbara Quinn Smith 2.  This information may be relevant to Sanbrook's class claims, but it does not appear relevant to her individual claim, which is all that Office Depot's summary judgment motion contests.  Moreover, the declaration does not explain how these facts, when discovered, would preclude summary judgment.  The court will not delay adjudication of Sanbrook's individual claim because class-related discovery is incomplete.

    Therefore, Sanbrook's motion for a continuance of time to respond to Office Depot's motion for summary judgment is denied.  Because of the instant motion, however, plaintiff may file her opposition by December 5, 2008.  Defendant shall file a reply by December 12, 2008.  The hearing will take place, as scheduled, on December 19, 2008.

DATED:     11/26/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Scott Richard Kaufman | lemonatty@gmail.com |
| Barbara Quinn Smith | bqsesq@aol.com |
| Marnie Cherie Lambert | mlambert@dmlaws.com |
| Thomas K. Caldwell | tkcaldwell@mhclaw.com |

**Counsel for Defendants:**

| | |
|---|---|
| David Michael Walsh | davidwalsh@paulhastings.com |
| Robin Jonathan Samuel | rjsamuel@hhlaw.com |
| Julie Shepard | jashepard@hhlaw.com |
| Laura Michelle Wilson | lmwilson@hhlaw.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**  11/26/08

JAS
**Chambers of Judge Whyte**