Scott R. Kaufman, SBN 190129
**California Lemon Lawyers**
1900 Lafayette Street, Suite 215
Santa Clara, CA  95050
Telephone: (408) 727-8882
Facsimile: (408) 727-8883

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE DEPOT, INC., a corporation and DOES 1-20,<br><br>Defendants. | Case No:  C 07-05938 RMW<br><br>Judge: Hon. Ronald M. Whyte |

_____

**NAMED PLAINTIFFS FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT OFFICE DEPOT, INC.**
_____

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Named Plaintiff hereby requests that Defendant Office Depot, Inc. produce for inspection and copying the documents and things requested herein within thirty (30) days of service at the offices of Scott Kaufman, 1900 Lafayette Street, Suite 215, Santa Clara, CA  95050, or at such other place and by such other means as is acceptable to the parties.

### INSTRUCTIONS

A.  The documents responsive to this request for documents ("Document Request") are to be produced as they were kept in the ordinary course of business, and/or in

1

the ordinary course of record keeping, and are to be labeled in such way as to show from which files they came, and to which numbered paragraphs and/or categories of particular requests they correspond. If the document is produced from the files, office, or department of a particular person, identify for such person his or her name, address, job title and description, dates of employment, current employer and last known address. If there are no documents responsive to a particular numbered paragraph and/or category, so state in writing.

B.  All documents produced in response to this Document Request shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested. All interim or draft versions as well as final versions of the documents shall be produced and all versions or copies that are not identical to the original or other produced copy of the document, whether due to handwritten notations, revisions, interlineations, receipt, stamp, indication of copy sent or received, or otherwise, shall be produced.

C.  For each document withheld from production on the claim of any alleged privilege or other immunity from disclosure, the following information shall be provided to counsel for Plaintiff within 45 days of the date of this request: (a) the nature of the privilege claim; (b) the type of document being withheld; (c) the general subject matter of the document; (d) the date of the document; (e) the author(s), addressee(s) and all recipients of the document; (f) the identity of all persons who have or have had access, or purport to have or have had access to said document; and (g) such other information as is sufficient to identify the document, the addressee(s) of the document, and, where not apparent, the

relationship of the author and the addressee(s) to each other.

D. If any document within the scope of these requests has been destroyed, lost, transferred voluntarily or involuntarily to others not subject to Defendant's control, or otherwise disposed of, or if any responsive document exists but is not available, a list of such documents shall be provided to counsel for Plaintiffs within 45 days of the date of this request, and contain the following information: (a) a brief description of the document; (b) the names, employment positions and addresses of authors and preparers of the document; (c) the date the document was prepared; (d) the date the document was destroyed or lost; (e) the name of the person authorizing destruction or having responsibility for the loss of the document; (f) if the document was destroyed, the reason for its destruction; (g) if the document is not in Defendant's control, or is unavailable, the name and address of the person(s) or entities in possession of said document; (h) the location of all copies of the document; (i) the number(s) of the request(s) under which the document would otherwise be produced.

E. If any documents are provided on disks, CDs or other computer-related storage device, identify or produce the software needed to read what is provided.

**DEFINITIONS**

As used herein, the following terms shall have the meaning indicated below:

"**All**" means all or any, and "**any**" means all or any.

"**Brochure"** refers to the document, and any revisions thereto, given to purchasers of the Performance Protection Plan at the point of sale.   An example of the brochure has been produced by Plaintiff and labeled Sanbrook 00003-00005.

"**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

"**Document**" or "**documents**" means the original or any copies, regardless of origin or location, of any correspondence, book, pamphlet, brochure, periodical, application, agreement, contract, appointment book, calendar, diary, memorandum, message, circular, facsimile, release, newspaper or magazine article, journal, electronic mail or message, e-mail, telegram, cable report, study, analysis, statistical statement, summary, work paper or draft, opinion, budget, forecast, projection, audit, trade ticket, trade confirmation, account statement or summary, notes or summary of investigation, stenographic or handwritten note, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, photograph, voice recording, tape, microfilm, data sheet or data processing card or disk, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter, whether produced or reproduced on paper, cards, tapes, films, electronic facsimile, computer storage device, or any other media to which you have or had access, and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording, however produced or reproduced, which is in your possession, custody, or control or in the possession, custody, or control of any agent, officer, or employee of yours, including your attorney(s). The term "document" or "documents" also specifically shall include any and all data produced, recorded or copied by you, whether on hardware or software owned and/or leased by you, or on hardware and/or software owned by or in your possession, including all software, tapes, and/or floppy disks, and any backups thereof or hard copies produced therefrom. Designated documents are to be considered as including all attachments, enclosures, and other documents that relate to such designated documents. The enumeration of various specific items

as included within the definition of the term "document" or "documents' shall not be taken to limit the generality of the terms, and the document requests herein are intended to identify all documents in the broadest and most comprehensive sense and meaning of the term.

To "**identify**" a person, when used in reference to a natural person, means to give (i) the person's full name; (ii) present or last known address and telephone number; (iii) job title and description; (iv) dates of employment; and (v) current employer.

To "**identify**" an entity, whether a business, government entity or any other organization, means to give (i) the entity's name; (ii) address and principal place of business; and (iii) telephone number.

To "**identify**" a document means to give (i) the type of document; (ii) general subject matter; (iii) the date of the document; (iv) the author(s); (v) addressee(s); and (vi) recipients(s).

"**Relating to**" or "**in relation to**" means relating to, referring to, concerning, describing, evidencing, constituting, involving, or touching upon in any way.

"**You**" or "**your**" means Office Depot, Inc., its parents, subsidiaries, affiliates, partners, and agents.

The word "and" and the word "or' shall be used conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

As used herein, the past tense shall include the present tense, and vice versa; and the word "including" means "including without limitation", the word "he", or any other masculine pronoun, includes any individual regardless of sex.

**RELEVANT TIME PERIOD**

The time period encompassed by these requests shall be from 2000 until the present, unless otherwise specified.

## DOCUMENT REQUESTS

1. All versions or revisions of the brochure used to sell the Performance Protection Plan.

2. All documents which reflect all reasons for any revisions to the brochure.

3. All marketing materials related to the Performance Protection Plan.

4. Copies of all terms and conditions applicable to the Performance Protection Plan.

5. All documents related to the design of the website www.officedepotservices.com.

6. All documents related to the training of employees in the sale of the Performance Protection Plan.

7. All documents which describe any information which must be provided to purchasers of the Performance Protection Plan at the point of sale.

8. All documents related to the commissions or other incentives provided to employees directly related to their sales of the Performance Protection Plans.

9. All documents related to Office Depot's income and expenses derived from the sale of the Performance Protection Plan.

10. All documents related to Named Plaintiff's purchase of the Performance Protection Plan.

11. All correspondence related to Named Plaintiff.

12. All customer complaints received by you concerning the Performance Protection Plan.

13. All documents related to customer complaints received by you concerning the Performance Protection Plan.

14. All correspondence with purchasers of the Performance Protection Plan.

15. All documents which relate or refer to the number of Performance Protection Plans sold by you within the state of California.

16. All documents sufficient to identify all purchasers of the Performance Protection Plan within the state of California.

17. All documents sufficient to identify all employees, copywriters, consultants, divisions or departments of Office Depot involved in the design or development of marketing materials related to the Performance Protection Plan.

18. A copy of any records retention policy in effect during the last 10 years.

19. Documents related to any other lawsuit involving the Performance Protection Plan in which you have been named as a defendant.

20. All documents sufficient to identify the individuals or entities that provide "on site" repair as described in the Performance Protection Plan.

21. All documents sufficient to identify the individuals or entities that provide technical support as described in the Performance Protection Plan.

22. All documents sufficient to identify the individuals or entities responsible for training employees in the sale of the Performance Protection Plan.

23. Copies of any agreement between you and any third party under which you are entitled to indemnification, or which requires you to indemnify a third party, for any liability incurred in connection with this litigation.

Dated May 22nd, 2008   _____

Scott R, Kaufman, SBN 190129
**CALIFORNIA LEMON LAWYERS**
1900 Lafayette Street, Suite 215
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile:  (408) 727-8883

Barbara Quinn Smith (Ohio Bar 0055328)
(admitted *pro hac vice*)
**MADDOX HARGETT & CARUSO**
9853 Johnnycake Ridge Road
Suite 302
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

Thomas A. Hargett (Indiana Bar 11252-49)
(admitted *pro hac vice*)
Thomas K. Caldwell (Indiana Bar 16001-49
(admitted *pro hac vice*)
**MADDOX HARGETT & CARUSO**
10100 Lantern Road
Suite 150
Fishers, IN 46038
Telephone: 317-598-2040
Facsimile: 317-598-2050

Marnie Lambert (SBN 165019)
**DAVID P. MEYER & ASSOCIATES, CO., LPA**
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NAMED PLAINTIFFS FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT OFFICE DEPOT, INC,** was sent via ordinary U.S. mail, postage pre-paid, to the counsel listed below on this 22nd day of May, 2008:

| | |
|---|---|
| Robin J. Samuel | David M. Walsh |
| Laura M. Wilson | Paul, Hastings, Janofsky & Walker LLP |
| Hogan & Hartson LLP | 515 S. Flower Street |
| 1999 Avenue of the Stars, Suite 1400 | 25th Floor |
| Los Angeles, CA 90067 | Los Angeles, CA 90071 |

_____
Barbara Quinn Smith
Attorney for Plaintiff