# MADDOX HARGETT & CARUSO, P.C.

Representing Investors

9853 Johnnycake Ridge Road
Suite 302
Mentor, OH 44060
440.354.4010
440.848.8175 fax

**www.investorprotection.com**

Mark E. Maddox[2]
Thomas A. Hargett[1]
Steven B. Caruso[3]
Thomas K. Caldwell[5]
Keith L. Griffin[1]
Barbara Quinn Smith[4]
T. John Kirk[1]

| Indianapolis | New York |
|---|---|
| 10100 Lantern Road | 80 Broad Street |
| Suite 150 | Fifth Floor |
| Fishers, IN 46037 | New York, NY 10004 |
| 317.598.2040 | 212.837.7908 |
| 317.598.2050 fax | 212.837.7998 fax |

November 24, 2008

David Walsh
Geoff Stover
Paul Hastings Janofsky & Walker
515 S. Flower Street
25th Floor
Los Angeles, CA 90071

RE:   *Sanbrook v. Office Depot, Inc.*
United States District Court for the Northern District of California
Case No. 07 CV 05938

Dear David and Geoff:

I write, pursuant to Federal Rule of Civ. Pro. 37(a)(1) and Local Rule 37-1(a), regarding outstanding discovery issues. Plaintiff served Document Request on May 21st, 2008, in the above referenced case, to which Office Depot has not adequately responded.

First, Office Depot has not produced a privilege log for any documents withheld and/or redactions made pursuant to the attorney-client privilege or the attorney work product doctrine. Please produce such a log.

Despite Office Depot's oral representations that all relevant and non-privileged documents have been produced, Plaintiff believes additional documents may still exist for a number of requests, as specified below.

Based on your oral representations, it is believed that all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced for document requests Nos. 1, 2, 3, 4, 6, 8, 9, 10, 11, 17, 20, 21, and 23. Plaintiff would like confirmation in writing that Office Depot has produced all documents responsive to these requests.

[1]Admitted in IN   [2]Admitted in IN & IL   [3]Admitted in NY   [4]Admitted in OH   [5]Admitted in IN & MI

David Walsh, Esq.
Page 2 of 10
November 24, 2008

Finally, Office Depot has inappropriately made objections or limited its response in a number of key areas. A detailed listing is outlined below:

**Document Request No. 5: All documents related to the design of the website www.officedepotservices.com.**

**Response to Document Request No. 5:** Defendant objects to this Request on the grounds that it is vague and ambiguous as to "design." Defendant objects to this Request on the grounds that it is overly broad as to time and scope. Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry.

*Discussion:* Plaintiff uses the word "design" in its ordinary use. Plaintiff defines the word "design" as the overall plan, scheme, pattern, or arrangement. If Defendant still believes that the word "design" is vague and ambiguous, Plaintiff can give further explanation.

**Document Request No. 7: All documents which describe any information which must be provided to purchasers of the Performance Protection Plan at the point of sale.**

**Response to Document Request No. 7:** Defendant objects to this Request on the grounds that it is vague and ambiguous as to "must be provided." Defendant further objects to this Request on the grounds that it calls for the production of documents protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the grounds that it is overly broad as to time and scope. Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry.

*Discussion:* Plaintiff uses the words "must be provided" in their ordinary use. "[M]ust be provided" means mandated by Office Depot policy, required by law, or otherwise

David Walsh, Esq.
Page 3 of 10
November 24, 2008

obligated.  If Defendant still believes that the words "must be provided" are vague and ambiguous, Plaintiff can give further explanation.

However, based on the representations of counsel for Defendant Office Depot, it is believed that all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced.  If this clarification of the meaning of "must be provided" will lead Defendant to produce further documents, these documents should be produced as soon as practicable.

**Document Request No. 12:  All customer complaints received by you concerning the Performance Protection Plan.**

**Response to Document Request No. 12:**  Defendant objects to this Request on the grounds that it is overly broad as to time and scope.  Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individual's constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows:  Subject to the Protective Order, Defendant will produce documents related to complaint from California customers about Performance Protection Plans offering on-site service for computers and computer peripheral devices.

***Discussion:***  Based on the representations of counsel for Defendant Office Depot, it is believed that all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced for California customers complaining about Performance Protection Plans offering on-site service for computers and computer peripheral devices within California.

However, Plaintiff believes that this is an unreasonable geographical limitation of the document request.  Complaints regarding the Performance Protection Plan made by purchasers outside of California are certainly relevant to whether Office Depot knew of any problems associated with its advertisement of the Performance Protection Plan.

Furthermore, Plaintiff brings this action based on multiple representations made in the Performance Protection Plan brochure, not just on-site service.  For instance, Plaintiff complains of other misleading representations, including "100% of parts and

David Walsh, Esq.
Page 4 of 10
November 24, 2008

labor coverage from day one" (Complaint ¶ 9) and "technical support '24/7'" (Complaint ¶11). Similar representations were made in all three brochures that Office Depot used from September, 2004 until August, 2006. Therefore, Plaintiff believes that limiting the response to only complaints regarding "onsite service" and the "computers and computer peripheral" brochure is an unreasonable limitation.

Thus, Plaintiff hereby requests all customer complaints received by Office Depot concerning the Performance Protection Plan.

**Document Request No. 13: All documents related to customer complaints received by you concerning the Performance Protection Plan.**

**Response to Document Request No. 13:** Defendant objects to this Request on the grounds that it is overly broad as to time and scope. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individual's constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry; specifically, Defendant will produce documents related to complaints from California customers about Performance Protection Plans offering on-site service for computers and computer peripheral devices.

***Discussion:*** Based on the representations of counsel for Defendant Office Depot, it is believed that all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced for California customers complaining about Performance Protection Plans offering on-site service for computers and computer peripheral devices.

However, Plaintiff believes that this is an unreasonable geographical limitation of the document request. Documents concerning complaints about the Performance Protection Plan made by purchasers outside of California are certainly relevant to whether Office Depot knew of any problems associated with its advertisement of the Performance Protection Plan within California.

Furthermore, Plaintiff brings this action based on multiple representations made in the Performance Protection Plan brochure, not just "on-site service." For instance,

David Walsh, Esq.
Page 5 of 10
November 24, 2008

Plaintiff complains of other misleading representations, including "100% of parts and labor coverage from day one" (Complaint ¶ 9) and "technical support '24/7'" (Complaint ¶11). Similar representations were made in all three brochures that Office Depot used from September, 2004 to the August, 2006. Therefore, Plaintiff believes that limiting the response to only documents related to complaints regarding "onsite service" and the "computers and computer peripheral" brochure is an unreasonable limitation.

Thus, Plaintiff is entitled to all documents related to complaints received by Office Depot concerning the Performance Protection Plan.

**Document Request No. 14: All correspondence with purchasers of the Performance Protection Plan**

**Response to Document Request No. 14:** Defendant objects to this Request on the grounds that it is overly broad as to time and scope. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individual's constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry; specifically, Defendant will produce documents related to correspondence with California customers about Performance Protection Plans offering on-site service for computers and computer peripheral devices.

***Discussion:*** Based on the representations of counsel for Defendant Office Depot, it is believed that all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced for California customers about Performance Protection Plans offering on-site service for computers and computer peripheral devices.

However, Plaintiff believes that this is an unreasonable geographical limitation of the document request. Correspondence with Performance Protection Plan purchasers outside of California are certainly relevant to whether Office Depot knew of any problems associated with its advertisement of the Performance Protection Plan within California.

David Walsh, Esq.
Page 6 of 10
November 24, 2008

Furthermore, Plaintiff brings this action based on multiple representations made in the Performance Protection Plan brochure, not just "on-site service." For instance, Plaintiff complains of other misleading representations, including "100% of parts and labor coverage from day one" (Complaint ¶ 9) and "technical support '24/7'" (Complaint ¶11). Similar representations were made in all three brochures that Office Depot used from September, 2004 to the August, 2006. Therefore, Plaintiff believes that limiting the response to only correspondence with customers about the Performance Protection Plan offering "onsite service" and for the "computers and computer peripheral devices" brochure is an unreasonable limitation.

Thus, Plaintiff is entitled to correspondence with Performance Protection Plan purchasers.

**Document Request No. 15**: **All documents which relate or refer to the number of Performance Protection Plans sold by you within the state of California.**

**Response to Document Request No. 15:** Defendant objects to this Request on the grounds that it is overly broad as to time and scope. Defendant further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individual's constitutional, statutory and/or common law rights to personal privacy and confidentiality.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry; specifically, Defendant will produce documents related to the number of Performance Protection Plans offering on-site service for computers and computer peripheral devices that were sold to California customers.

***Discussion:*** Despite opposing counsel representations that all documents have been produced, Plaintiff is not aware of any documents produced related to the number of Performance Protection Plans offering on-site service for computers and computer peripheral devices that were sold to California customers.

Furthermore, Plaintiff defines the class as "All persons in California who have purchased a Performance Protection Plan from Office Depot." (Complaint ¶ 30, Motion for Class Certification, pg. 1). The class is defined in such manner because purchasers of the other types of plans were given identical or substantially similar representations, even though they had separate brochures. Thus, Plaintiff believes that limiting the scope of Defendant's response to the number of Performance Protection Plans offering on-site service for computers and computer peripheral devices is an unreasonable limitation.

David Walsh, Esq.
Page 7 of 10
November 24, 2008

_____

Plaintiff is entitled to documents which relate or refer to the number of
Performance Protection Plans sold by Office Depot within the state of California.

**Document Request No. 16:  All documents sufficient to identify all purchasers of the
Performance Protection Plan within the state of California.**

**Response to Document Request No. 16**:  Defendant objects to this Request on the
grounds that it is overly broad as to time and scope.  Defendant further objects to the
extent this Request seeks detailed information relating to potential class members,
including consumer names and addresses, prior to class certification.  Defendant further
objects to this Request to the extent that it seeks information pertaining to individuals, the
disclosure of which would constitute an unwarranted invasion of the affected individual's
constitutional, statutory and/or common law rights to personal privacy and
confidentiality.  California courts have held that the "scope of disclosure will be narrowly
circumscribed; such an invasion of the right to privacy must be drawn with narrow
specificity and is permitted only to the extent necessary for a fair resolution of the
lawsuit."  *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990),
citing with approval *Moskowitz vs. Superior Court*, 137 Cal. App. 3d 313, 316 (Cal. App.
2d Dist. 1982).  Here, Defendant has agreed to provide Plaintiff with more than adequate
access to information concerning the sales of Performance Protection Plans in California
(see Defendant's response to Request 15) in order to fairly allow Plaintiff to ascertain the
scope of any potential class.  In addition, Plaintiff's Request is not drawn with narrow
specificity nor has Plaintiff demonstrated the compelling need necessary to justify the
release of this type of customer contact information, particularly prior to class
certification.  *See Palmer v. Stassinos*, No. 04-3026 RMW, 2005 U.S. Dist. LEXIS
41270, at *12-13 (N.D. Cal. May 18, 2005).

*Discussion:*  Although Defendant states that it "has agreed to provide Plaintiff with more
than adequate access to information concerning the sales of Performance Protection Plans
in California in order to fairly allow Plaintiff to ascertain the scope of any potential
claims," Defendant has not produced those documents.

Furthermore, contact information and identify of potential class members is
generally discoverable, so that the lead plaintiff may learn of the names of other persons
who might assist in prosecuting the case. *Tierno v. Rite Aid Corp.*, 2008 U.S. Dist.
LEXIS 58748, 10 (N.D. Cal. 2008); *Alch v. Superior Court,* 165 Cal. App. 4th 1412,
1423 (Cal. App. 2nd Dist. 2008); *Bartold v. Glendale Federal Bank,* 81 Cal. App. 4th 816,
820-821, 836 (Cal. App. 4th Dist. 2000); *Budget Finance Plan v. Superior Court*, 34 Cal.
App. 3d 794, 799-800 (Cal. App. 1st Dist. 1973).

In support of its position, Office Depot cites *Palmer v. Stassinos*.  As Office
Depot knows, the *Palmer C*ourt relied on the Appellate Court's decision in *Pioneer*

David Walsh, Esq.
Page 8 of 10
November 24, 2008

*Electronics v. Superior Court of Los Angeles* for its decision to deny plaintiff's request for putative class members' contact information. However, the appellate court in *Pioneer* was subsequently overruled by the California Supreme Court on this very issue. *See Pioneer Electronics v. Superior Court of Los Angeles County*, 40 Cal. 4th 360 (2007). In its unanimous opinion, the California Supreme Court held that the plaintiffs' discovery interests outweighed privacy concerns of putative class members' contact information. *Id.* at 374-375.

Plaintiff believes the contact information for putative class members will be helpful to determine, among other things, whether Office Depot complied with the terms of the Song-Beverly Act and whether putative class members were able to obtain service from Office Depot during the manufacturer's warranty.

**Document Request No. 18**:  **A copy of any records retention policy in effect during the last 10 years.**

**Response to Document Request No. 18:**  Defendant objects to this request on the grounds that it is vague and ambiguous as to "any records retention policy." Defendant further objects to this Request on the grounds that it is overly broad as to time and scope. Defendant further objects to this request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of the admissible evidence.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant has produced or will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry.

***Discussion:***  Plaintiff uses to the words "any records retention policy" in their ordinary use. "[A]ny records retention policy" means any policy by Office Depot to retain certain types of records pursuant to company policy, state and/or federal law, or any other mandate. If Defendant still believes that the words "any records retention policy" are vague and ambiguous, Plaintiff can give further explanation.

Despite representations that Office Depot has produced all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced, Office Depot has not produced any records retention schedule referenced in SAN 0585 for the relevant time periods. Furthermore, Office Depot has not produced any "Master Classification Plan," which is referenced in SAN 0585. Please produce these documents as soon as practicable.

David Walsh, Esq.
Page 9 of 10
November 24, 2008

Since Office Depot maintains that it does not have the contact information for purchasers of the Performance Protection Plan, these documents are particularly relevant to determine whether Office Depot had a policy to maintain those records and, if so, for how long. Plaintiff is entitled to and hereby requests these documents.

**Document Request No. 19:  Documents related to any other lawsuits involving the Performance Protection Plan in which you have been named a defendant.**

**Response to Document Request No. 19:** Defendant objects to this Request on the grounds that is overly broad as to time and scope. Defendant further objects to this request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to this Request to the extent it seeks information protected by the attorney client privilege and/or work product doctrine. Defendant further objects that these documents are equally available to Plaintiff.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows: Subject to the Protective Order, Defendant has produced or will produce all relevant, responsive, non-privileged documents within its possession, custody or control that it has been able to locate after conducting a diligent search and making a reasonable inquiry.

*Discussion:*  Despite representations that Office Depot has produced all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced, Office Depot has only produced documents related to California lawsuits involving the Performance Protection Plan. Although Defendant did not specifically limit its response to California lawsuits, Plaintiff believes that there are documents regarding other lawsuits, outside California, involving the Performance Protection Plan, which Defendant has not produced.

Plaintiff disagrees with Defendant's assertion that these documents are equally available to Plaintiff. The documents that Office Depot has produced responsive to this request have been from California small claims court. Plaintiff is not aware of any reasonable way to find other small claims cases that have been filed elsewhere involving Office Depot's Performance Protection Plan. Small claims cases are not searchable with any national online database and can not be accessed without considerable cost to Plaintiff. Plaintiff believes that Office Depot is in the best position to provide these documents. Plaintiff is entitled to these documents.

David Walsh, Esq.
Page 10 of 10
November 24, 2008

**Document Request No. 22**:  **All documents sufficient to identify the individuals or entities responsible for training employees in the sale of the Performance Protection Plan.**

**Response to Document Request No. 22:**  Defendant objects to this Request on the grounds that it is overly broad as to time and scope.

Subject to and without in any way waiving the foregoing objections, Defendant responds as follows:  Subject to the Protective Order, Defendant will produce a list identifying the companies that provide training to employees in connection with the Performance Protection Plan.

***Discussion:***  Despite representations that Office Depot has produced all relevant and non-privileged documents responsive to this request (that are within the possession, custody, control, or in the possession of third parties to which Defendant was entitled access) have been produced, Office Depot has not produced a list identifying the companies that provide training to employees in connection with the Performance Protection Plan.

Plaintiff is entitled this list as soon as practicable.


I look forward to your response regarding these issues.

Very Truly Yours,
Maddox Hargett & Caruso

*Barbara Quinn Smith*

By: Barbara Quinn Smith