**E-FILED on**   03/30/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK on behalf of herself and others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICE DEPOT, INC.,<br><br>   Defendant. | No. C-07-05938 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>**[Re Docket No. 46, 88]** |

Plaintiff Mary Sanbrook ("Sanbrook") moves to certify two class arising out of her purchase of a computer and extended warranty from Office Depot, Inc. ("Office Depot"). After class-certification briefing was complete, the court requested additional briefing from Office Depot to respond to new matter in Sanbrook's reply memorandum. In that order the court noted that Sanbrook's reply exceeded the 15-page limit imposed by Local Rule 7-4(b). Sanbrook later filed a motion to file excess pages *nunc pro tunc*, contending that the extra pages were included pursuant to a mistakenly unfiled stipulation. For the reasons set forth below, the court grants Sanbrook's motion to file excess pages and grants in part and denies in part Sanbrook's motion for class certification.

## I. BACKGROUND

On July 24, 2006, Sanbrook bought a computer, printer and other products from an Office Depot store in Mountain View, California. Compl. ¶ 5, Ex. 1. On the same date, after seeing Office Depot's advertisements for the Performance Protection Plan ("the Plan"), Sanbrook also purchased a two-year repair plan for $119.99. *Id.* ¶¶ 6, 21. The Plan is offered for sale by Office Depot throughout the country to consumers who purchase items such as computers and peripherals. *Id.* ¶ 8. Office Depot advertises the Plan as providing "100% of parts and labor coverage from day one," "on-site service for your computer system," and "[c]ertified technical assistance [] available toll free, 24 hours a day, 7 days a week." Compl. ¶¶ 9-11, Ex. 2. A brochure containing the foregoing representations was given to Sanbrook and is allegedly given to every purchaser at the time of sale.[1] *Id.* ¶ 12. The terms and conditions for the Plan are separately available on a website to users who click a link labeled "Register Your Plan."[2] *Id.* ¶ 13. The terms and conditions are not distributed with the brochure and allegedly differ materially from the representations set forth in the brochure distributed to consumers at the Office Depot store. *Id.* ¶¶ 13-14; *see also id.* ¶¶ 16-18 (asserting that there are 26 categories of exclusions set forth in the terms and conditions for the Plan that do not appear in the Plan's brochure). This mismatch between the Plan terms on the website and those advertised in the brochure are the basis for Sanbrook's class claims for fraud and breach of contract.

In May 2007, Sanbrook's computer froze and she sought to have it repaired under the Plan. Compl. ¶ 22. Office Depot allegedly refused to repair the computer, asserting that it was still under the manufacturer's warranty. *Id.* ¶ 23. Sanbrook then sought to have the problem fixed by the manufacturer, only to be told that the problem was not covered by the manufacturer's warranty. *Id.* ¶ 24. Sanbrook again contacted Office Depot and requested on-site repair of the computer, but was told that Office Depot did not offer on-site repair. *Id.* ¶ 25. Office Depot apparently attempted to, but did not, repair Sanbrook's computer. Sanbrook ultimately hired a third party to repair the computer at a cost of $650.00. *Id.*

---

[1] This brochure is attached to the complaint as Exhibit 2.

[2] The terms and conditions are attached to the complaint as Exhibit 3.

1  Sanbrook complained to Office Depot and received a refund of her $119.99 purchase price
2  for the Plan. *Id.* ¶ 26. She was also refunded approximately half of what she paid for the third party
3  repair of her computer, for a total refund of $450.00. *Id.* Sanbrook claims to have sustained
4  damages in the amount of the interest lost on the funds paid to Office Depot (or the amount gained
5  by Office Depot during the time Office Depot held Sanbrook's funds) as well as "consequential
6  damages of approximately $323.00." *Id.* ¶ 27.

7  On October 12, 2007, Sanbrook filed a putative class action against Office Depot in the
8  Superior Court of California for the County of Santa Clara asserting causes of action for (1)
9  violation of Cal. Bus. & Prof. Code § 17200; (2) violation of the Consumer Legal Remedies Act
10 ("CLRA"), Cal. Civ. Code § 1750; (3) violation of the Song-Beverly Consumer Warranty Act, Cal.
11 Civ. Code § 1790; (4) unjust enrichment; (5) breach of contract; (6) fraud; and (7) negligent
12 misrepresentation. On November 7, 2007, Office Depot removed the action to this court. On
13 October 28, 2008, Office Depot moved for summary judgment on Sanbrook's individual claim. That
14 motion was denied.

## II. ANALYSIS

### A.   Motion to File Excess Pages

Sanbrook moves to file excess pages in her reply, stating that the parties had stipulated to allow her to exceed the page limit by ten pages. Office Depot has not opposed the motion. In the analysis below, the court takes all 25 pages of Sanbrook's reply into account.

### B.   Class Certification

As an initial matter, there is some uncertainty as to the class that plaintiff seeks to certify. The complaint states that plaintiff "maintains this action on behalf of herself and a Class defined as: All persons in California who purchased a Performance Protection Plan from Office Depot.'" Compl. ¶ 30. Plaintiff moved to certify that same class on July 25, 2008, noticing the class-certification hearing for over four months later, on December 5, 2008. After a stipulated extension of time, plaintiff filed her reply memorandum in support of class certification on November 28. *See* Docket No. 75. That reply included two new proposed class definition and provided, for the first time, factual support for class certification in the form of declarations and documents. *See* Order

Continuing Mot. for Class Cert. and Requesting Add'l Briefing 1-2.  The court requested that Office Depot file a sur-reply and continued the class-certification hearing to January 23, 2009.

Sanbrook's reply sought certification of the following classes:

*The "Song-Beverly Class"*: All persons who purchased a Performance Protection Plan from Office Depot in California.

*The "Contract Class"*: All persons who purchased a Performance Protection Plan from Office Depot in California from September 1, 2004 until August 31, 2006.

Pls.' Reply ISO Class Cert. 3.

The court concluded that the above classes had a number of defects that, while not fatal to certification of every possible class of plaintiffs, rendered plaintiff's particular proposed class definitions unworkable.  First, neither the Song-Beverly Class nor the Contract Class above are sufficiently limited to exclude persons who likely have no cause of action against Office Depot.  The Song-Beverly Class, for example, does not exclude those persons to whom the terms of the PPP were made available for inspection prior to sale.  If the terms were made available, then the purchaser has no claim under Cal. Civ. Code § 1794.41(a)(2), the Song-Beverly provision on which plaintiff relies.  And the Contract Class above includes every person who purchased a PPP from Office Depot within a certain date range.  But plaintiff's allegations of breach arise out of Office Depot's purported refusal to perform a contractually required service. Compl. ¶ 71-74.  Those who have submitted no service request, then, have no claim for breach of contract.  The court was also concerned that the Song-Beverly class had no date limitation.  On the basis of these concerns, the court issued an order requesting comment on the following class definitions:

*Song-Beverly Class:* All persons who purchased the PPP from Office Depot in California after October 12, 2004 and to whom the terms of the PPP were not made available for inspection prior to purchase.
*Contract Class*: All persons who purchased a PPP during the period from September 1, 2004 through August 31, 2006 and submitted a request for service under the plan.

Order Continuing Mot. for Class Cert. and Requesting Add'l Briefing 1-2.

The parties responded regarding whether the court's suggested definitions satisfied the requirements of Rule 23, which the court analyzes below.  But Sanbrook made two related points that warrant consideration here. First, Sanbrook argues that the Contract Class should not be limited to those who have submitted a request for service.  Sanbrook offers a hypothetical of an insurance

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
—No. C-07-05938 RMW
JAS                                                                                 4

company falsely offering insurance on which it never intends to pay claims. Purchasers of that insurance, Sanbrook points out, should still be reimbursed despite never having submitted a claim.

Sanbrook's hypothetical insurance purchaser would have a cause of action sounding in fraud, not breach of contract. *See* RESTATEMENT (SECOND) OF CONTRACTS § 235(2) (1981) ("When performance under a contract is due any non-performance is breach"). *See also Gold Mining & Water Co. v. Swinerton,* 23 Cal.2d 19, 29 (1943) (distinguishing actual and anticipatory breach). Apparently appreciating this, Sanbrook next argues that "as set forth in our memorandum and at oral argument," her fraud and misrepresentation claims are also well suited to class treatment. Whether Sanbrook meant to or not, she has not formally requested certification of a class based on her cause of action for fraud. The submitted class definitions are for the Song-Beverly and breach of contract claims alone. Therefore, the court will consider certifying the classes that plaintiff proposes, with the court's added limitations.

### 2.  **Burden of Factual Proof**

Office Depot first contends that because Sanbrook relies only on allegations in her complaint in seeking class certification, her motion presents insufficient evidence to establish any of Rule 23's requirements. Sanbrook disagrees, arguing that substantive allegations in the complaint should be taken as true so long as they allow an "informed assessment as to whether the requirements of Rule 23 are satisfied." Mot. for Class Certification 3.

District courts have significant discretion in determining whether to certify a case for class treatment. *See Armstrong v. Davis*, 275 F.3d 849, n.28 (9th Cir. 2001). The application of Rule 23's criteria must be a rigorous one, wherein each requirement of 23(a), and at least one requirement of 23(b), is met. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended* 273 F.3d 1266 (9th Cir. 2001). The party seeking certification bears the burden of showing that each requirement is met. *Id.* That party must present, including the allegations in the complaint, "material sufficient to form a reasonable judgment on each requirement." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Whether a movant's particular offering is sufficient depends on the element of Rule 23 under consideration and the facts of the individual case. The numerosity requirement, for example, could be satisfied on the basis of the pleadings (as below), or, if contested,

could require more inquiry. *See,e.g., In re Initial Public Offering Securities Litigation,* 471 F.3d 24, 40 (2d Cir. 2006) ("[I]n considering whether the numerosity requirement is met, a judge might need to resolve a factual dispute as to how many members are in a proposed class.").

Thus, the fact that Sanbrook's initial motion relies exclusively on allegations in the complaint and legal argument is not necessarily fatal to certification.

### 3. Rule 23(a) Certification Requirements

Federal Rule of Civil Procedure 23(a) lists four criteria that must be met to certify a class action: numerosity, commonality of issues, typicality of the representative plaintiffs' claims, and adequacy of representation. A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982). The plaintiff bears the burden of demonstrating the requirements of Rule 23(a) are satisfied. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (1992); *see also Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th Cir. 1969) ("[T]here must not only be allegations relative to the matters mentioned in Rule 23 . . . but, in addition, there must be a statement of basic facts. Mere repetition of the language of the Rule is inadequate.").

#### a. Numerosity

Rule 23(a) requires that the proposed class be "so numerous that the joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Sanbrook plausibly contends that the proposed class here numbers in the thousands based on the notice of removal, and Office Depot does not contest the assertion. Courts can make reasonable assumptions in assessing whether a proposed class is numerous. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604 (N.D.Cal.2004). And as a general rule, classes numbering greater than forty individuals satisfy the numerosity requirement. *See* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.22[1] [b] (3d ed.2004). The numerosity requirement is thus satisfied.

#### b. Commonality

"A class has sufficient commonality 'if there are questions of fact and law which are common to the class.' " *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998) (quoting Rule 23(a)(2)). All questions of fact and law need not be common to satisfy the rule, and the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
  —No. C-07-05938 RMW
JAS                        6

existence of shared legal issues, even with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Id.*

Office Depot does not specifically contend that the commonality is not satisfied. And indeed, many issues in the Song-Beverly and Contract actions are common to the class. For example, common issues to the class include the content and deceptiveness of the advertisements, Office Depot's policy regarding sales of and service under the Plan, and whether the terms of the Plan were offered to potential customers.

### c.     Typicality

Rule 23(a)(3) provides that the "claims or defenses of the class representative must be typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of Sw.,* 457 U.S. 147, 156 (1982). The Ninth Circuit stated in *Hanlon* that "[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." 150 F.3d at 1020. Some degree of individuality is to be expected, but that specificity does not necessarily defeat typicality. *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Office Depot argues that Sanbrook's claim is not typical of those in the Contract Class because Office Depot did attempt to repair her computer, and therefore her injury is of a different character than the injury suffered by the Contract Class. In *Gonzales v. Proctor and Gamble Co.*, 247 F.R.D. 616 (S.D. Cal. 2007), the court found that a plaintiff who brought suit on behalf of a class of purchasers of hair-care products was not typical because the named plaintiff had purchased a product that did not include the hair-strengthening claims that were the subject of the suit. *Id.* at 621. The court finds Sanbrook's circumstances similar. As the court explained in its order denying summary judgement, "Office Depot's attempt, and apparent failure, to repair the computer is as much a breach of the Plan as any initial refusal to service it would have been. If Sanbrook incurred costs because the attempt to fix the computer created other problems, they may be compensable in her breach of contract action." Order Denying Defendant's Mot. for Summary Judgment 4. That is, Sanbrook effectively alleges two breaches of the Plan (the initial refusal to repair and the negligent

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
    —No. C-07-05938 RMW
JAS                                                               7

repair), and her breach of contract claim seeks damages that arise out of the second. As a result, Sanbrook's claim for breach of contract relies on the circumstances and results of the negligent repair, and not Office Depot's class-wide repair policy. The court therefore finds that Sanbrook's claim is not typical of the Contract Class under Rule 23(a)(3).

No such differences exist between Sanbrook's Song-Beverly Act claim and the Song-Beverly Class. The court therefore finds that plaintiff's Song-Beverly class satisfies the typicality requirement of Rule 23.

### d.    Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The Ninth Circuit has elaborated: "To determine whether the representation meets [the] standard [of Rule 23(a)(4) ], we ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton*, 327 F.3d at 957; *see also* Rule 23(g)(1)(B) ("An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class."). The court finds plaintiffs and their attorneys are here qualified to adequately represent the class in this action.

### 4.    Certification Under Rule 23(b)(3)

Rule 23(b)(3) requires that "questions of law or fact common to class members predomiunate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The Song-Beverly class claim is significantly subject to common proof. The nature of the Song-Beverly violation is common to all class members: failure to provide the terms of the Plan for inspection prior to sale. Furthermore, the injury suffered by each class member is likely equivalent as well: the purchase price of the Plan. As for causation, the evidence on which the class members decided whether to purchase the plan – the brochures and any representations made by Office Depot personnel – is class-wide. Finally, the terms of the Plan were filed along with the complaint. While there may be some individual deviation among the class as to whether the Song-Beverly violation caused them to purchase the Plan, the evidence on which causation might be established is largely

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
—No. C-07-05938 RMW
JAS                                    8

common. The court therefore finds that common questions predominate on plaintiff's Song-Beverly claim, and that class treatment is superior to other forms of relief.

### III. ORDER

For the reasons stated above, the court denies certification of plaintiff's Contract Class. The court certifies the following class for plaintiffs' Song-Beverly Act claim:

> All persons who purchased the Performance Protection Plan from Office Depot in California after October 12, 2004 and to whom the terms of the Performance Protection Plan were not made available for inspection prior to purchase.

Sanbrook's motion for leave to file excess pages *nunc pro tunc* is granted. Sanbrook's motion to strike Office Depot's filing after the requested letter comments is granted.

DATED:     03/30/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Scott Richard Kaufman   lemonatty@gmail.com
Barbara Quinn Smith     bqsesq@aol.com
Marnie Cherie Lambert   mlambert@dmlaws.com
Thomas K. Caldwell      tkcaldwell@mhclaw.com

**Counsel for Defendants:**

David Michael Walsh     davidwalsh@paulhastings.com
Robin Jonathan Samuel   rjsamuel@hhlaw.com
Julie Shepard           jashepard@hhlaw.com
Laura Michelle Wilson   lmwilson@hhlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     03/30/09                          JAS
                                          **Chambers of Judge Whyte**