UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK,<br><br>        Plaintiff,<br><br>  v.<br><br>OFFICE DEPOT,<br><br>        Defendant. | Case No.: C 07-5938 RMW (PVT)<br><br>**ORDER RE NAMED PLAINTIFF'S MOTION TO COMPEL** |

On March 24, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Named Plaintiff Mary Sanbrook's motion to compel.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Named Plaintiff's motion is GRANTED as to Document Request No. 16. However, the document request is deemed limited to customers who purchased a performance protection repair plan during the putative class period. As to such customers, Defendant shall produce documents sufficient to provide all contact information Defendant has within its possession, custody or control, including documents in the possession of Defendant's third party administrator for the performance protection repair plan. Named Plaintiff is entitled to

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

discover this contact information because the customers who purchased repair plans are percipient witnesses of, at a minimum, what representations Defendant made regarding those plans. *See Pioneer Electronics, Inc. v. Superior Court*, 40 Cal.4th 360, 373-74 (2007).

Although in *Pioneer Electronics* the trial court had conditioned the discovery on advance notice to the defendant's customers and an opportunity for them to object to disclosure of their contact information, the California Supreme Court's opinion only supports the proposition that an "opt in" style of notice is *not* required. *See ibid.* It does not impose an "opt out" style of notice as any kind of minimum requirement. *See Tierno v. Rite Aid Corp.*, 2008 WL 3287035 (N.D. Cal. 2008) (noting that *Pioneer Electronic* "did not impose a notice requirement."). On the contrary, the court in *Pioneer Electronics* expressly noted that "[f]rom the standpoint of fairness to the litigants in prosecuting or defending the forthcoming class action, Pioneer would possess a significant advantage if it could retain for its own exclusive use and benefit the contact information of those customers who complained regarding its product." *See Pioneer Electronics*, 40 Cal.4th at 373-74. The court in *Pioneer Electronics* also noted that "'the identity and location of persons having (discoverable) knowledge' are proper subjects of civil discovery." *See Pioneer Electronics*, 40 Cal.4th at 374. Defendant has not shown any factual basis for giving its customers greater protections than what the law provides for other persons having discoverable knowledge.[2]

The court is limiting the scope of the request to customers who purchased performance protection repair plans, as opposed to performance protection replacement plans, because Named Plaintiff has not articulated what relevant information would likely be within the knowledge of customers who purchased replacement plans. This order is without prejudice to Named Plaintiff seeking reconsideration in the event District Judge Whyte certifies a class that includes customers who purchased replacement plans. *See Pioneer Electronics*, 40 Cal.4th at 373 (noting that contact information for class members is generally discoverable).

IT IS FURTHER ORDERED that Named Plaintiff's motion is GRANTED as to Document

---

[2] In this regard, it is significant that the California legislature did *not* include the kind of customer contact information at issue here when it imposed a statutory requirement of advance notice to consumers when certain kinds of private information is subpoenaed. *See* CAL. CODE CIV. PROC. § 1985.3.

Request Nos. 12, 13 & 14. As with Document Request No. 16, these requests are deemed limited to documents related to performance protection repair plans purchased during the putative class period. Complaints Defendant received from customers outside of California are relevant, at a minimum, to show what it knew or should have known at particular points in time regarding any perceived problems with its performance protection repair plans. Thus, Defendant must produce responsive documents from states other than California.

Defendant must also produce any responsive information that it maintains in electronic form if that information has not otherwise been produced. *See* FED.R.CIV.PROC. 34(b)(2)(E)(iii) ("A party need not produce the same electronically stored information in more than one form"). Defendant has not provided any evidentiary support for its objections on grounds of burden. If Defendant finds it too burdensome to print out the electronic data in order to produce it in hard copy form, it is free to provide the data in electronic form, so long as it is produced in "a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." *See* FED.R.CIV.PROC. 34(b)(2)(E)(ii).

IT IS FURTHER ORDERED that Named Plaintiff's motion is deemed MOOT with regard to the privilege log issue, and with regard to the other document requests for which Defendant produced responsive documents after this motion was filed.[3] This order is without prejudice to a renewed motion if, after reviewing the privilege log recently produced by Defendant, Named Plaintiff determines believes the log is deficient and the parties are unable to resolve their dispute through meet and confer.

Dated: *3/27/09*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] In her reply, Named Plaintiff noted she has asked Defendant for written confirmation that it has now provided all relevant and non-privileged documents responsive to Document Request Nos. 1-4, 6, 8-11, 17, 20-21 & 23, but that Defendant had not done so. Rule 34 does not mandate such a post-production written confirmation, and Plaintiff did not request any specific relief. The court encourages the parties to meet and confer further regarding this issue. If Named Plaintiff is unsatisfied with the outcome of the meet and confer, she is free to renew this motion seeking whatever relief is appropriate under Rules 34 and 37.