UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK,<br><br>        Plaintiff,<br><br>   v.<br><br>OFFICE DEPOT,<br><br>        Defendant. | Case No.: C 07-5938 RMW (PVT)<br><br>**ORDER RE PLAINTIFF'S SECOND MOTION TO COMPEL AND RE PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY OFFICE DEPOT SHOULD NOT BE HELD IN CONTEMPT** |

      Currently scheduled to be heard by this court on June 30, 2009, are Plaintiff's Second Motion to Compel and Plaintiff's Motion for an Order to Show Cause Why Office Depot Should Not Be Held in Contempt. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order. Based on the moving, opposition and reply papers filed in connection with the foregoing two motions, and the file herein,

      IT IS HEREBY ORDERED that, to the extent responsive documents are in the possession of non-party Warranty Corporation of America ("WaCA") and not Defendant, Plaintiff's second motion to compel is DENIED. Plaintiff shall obtain those documents directly from WaCA. While the documents sought appear to be relevant to this action, the resistance of WaCA to providing copies to Defendant demonstrates that the documents are not currently sufficiently under Defendant's control to warrant issuance of an order compelling Defendant to produce them.

1  IT IS FURTHER ORDERED that Defendant's privilege and common-interest doctrine objections to producing to Plaintiff the documents submitted for in camera review on June 30, 2009, are SUSTAINED, and Plaintiff's second motion to compel is DENIED as to those documents. Under California law the documents are protected because Plaintiff has not shown[1] that sharing the information with WaCA and Jarod Turner Communications was "not reasonably necessary to accomplish the purpose for which attorneys were consulted." *See OXY Resources California LLC v. Superior Court*, 115 Cal.App.4th 874, 900-901 (2004); *see also,* CAL. EVID. CODE § 952. The case relied on by Plaintiff, *Berger v. Seyfarth Shaw LLP.*, 2008 U.S. Dist. LEXIS 88811, at 7 (N.D. Cal. 2008), is not to the contrary. There the court noted that "There is no waiver when disclosure is in the presence of or to a business associate when 'made to further the interest of the client or when reasonably necessary for the transmission or accomplishment of the purpose of the consultation.'" *Id.* quoting *Ins. Co. of N. Am. v. Superior Court*, 108 Cal.App.3d 758, 771(1980).

IT IS FURTHER ORDERED that Plaintiff's second motion to compel is DENIED as to Document Request No. 2. As worded it is too vague to inform Defendant what kind of documents are sought.

IT IS FURTHER ORDERED that, except to the extent otherwise ordered herein, Plaintiff's second motion to compel is GRANTED as to Document Request Nos. 1, 3, 4, 6, 7, 8, 9, 10, 14, 15 & 16. If it has not yet done so, Defendant shall complete its production of all non-privileged documents responsive to these requests no later than August 3, 2009.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order to Show Cause Why Office Depot Should Not Be Held in Contempt is DENIED.

Dated: *7/17/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Under California law, Plaintiff had the burden to show the communications were not privileged or that the privilege had been waived. *See* CAL. EVID. CODE, § 917(a); *see also Titmas v. Superior Court*, 87 Cal.App.4th 738, 745 (2001).