UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated,<br><br>         Plaintiffs,<br><br>   vs.<br><br><br>OFFICE DEPOT, INC., a corporation, and DOES 1-20,<br><br>         Defendants. | Case No. C 07-05938 RMW (PVT)<br><br>CLASS ACTION SETTLEMENT AGREEMENT<br><br>Judge: Hon. Ronald M. Whyte |

This Class Action Settlement Agreement ("Settlement Agreement") is entered into this day by and among plaintiff Mary Sanbrook ("Named Plaintiff"), on behalf of herself and the class she represents, and Office Depot, Inc. ("Office Depot").

**RECITALS**

WHEREAS, on or about October 12, 2007, Named Plaintiff filed a lawsuit styled *Mary Sanbrook, on behalf of herself and all other persons similarly situated v. Office Depot, Inc., a corporation, and Does 1-20,* Case No. 07-CV-096371, in the Superior Court of the State of California for the County of Santa Clara, which action was subsequently removed to United States District Court for the Northern District of California, San Jose Division, and docketed as Case No. C 07-05938 RMW (PVT) (the "Litigation");

WHEREAS, the complaint filed in the Litigation asserted causes of action against Office Depot relating to the sale of extended service contracts known as Performance Protection Plans ("PPPs"), which since September 2004 have been administered for Office Depot by a third party called Warranty Corporation of America, Inc., which is now an indirect wholly-owned subsidiary of NEW Customer Service Companies, Inc. (collectively, "WaCA");

WHEREAS, the PPPs sold by Office Depot included PPPs providing for the repair of defective products ("Repair PPPs") and PPPs providing for the replacement of defective products ("Replacement PPPs");

WHEREAS, in her complaint, Named Plaintiff alleged violation of the California Unfair Competition Law, violation of the California Consumer Legal Remedies Act, violation of the California Song-Beverly Consumer Warranty Act ("Song-Beverly"), unjust enrichment, breach of contract, fraud, and negligent misrepresentation in connection with the sale of PPPs to California consumers;

WHEREAS, Named Plaintiff's claims under the California Unfair Competition Law and the California Consumer Legal Remedies Act subsequently were dismissed in their entirety;

WHEREAS, class certification subsequently was denied as to Named Plaintiff's fraud, negligent misrepresentation, and breach of contract claims but was granted as to the Song-Beverly claim;

WHEREAS, in November 2008 and again on October 21, 2009, Named Plaintiff, through Class Counsel and on behalf of the certified class, and Office Depot mediated this matter through arms-length negotiations with the assistance of neutral mediators;

WHEREAS, on October 21, 2009, the parties reached a compromise in principle of this matter on a class basis, which agreement was subsequently memorialized in a memorandum of understanding signed by the parties and their counsel;

WHEREAS, Office Depot denies that it has engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in this action, denies that the Litigation is suitable for class treatment, denies that the Named Plaintiff has standing to pursue the claims asserted in the Litigation, and denies that it has any liability whatsoever, but has agreed to this Settlement Agreement because of the substantial expense of litigating this action, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations;

WHEREAS, on or about October 11, 2007, Office Depot began a series of material changes to its marketing of PPPs that were such that Named Plaintiff has determined that that date is an appropriate cut-off date for any class period related to liability under the Song-Beverly Consumer Warranty Act;

WHEREAS, Named Plaintiff's lawsuit was a contributing cause of the material changes that occurred regarding Office Depot's PPP brochure in October 2007 and thereafter, including, but not limited to, the decision to include the actual terms and conditions in a fold-out section of the PPP brochure;

WHEREAS, Office Depot has indicated that it will instruct any third party with whom it contracts to administer the PPP program, and has instructed its current third-party administrator, to take any steps necessary to comply with Song-Beverly;

WHEREAS, Class Counsel have conducted a thorough study and investigation of the law and facts relating to the claims asserted in the Litigation, as well as a thorough study and investigation of the scope and identity of the Settlement Class, and have concluded, taking into account the benefits of this Settlement and the risks and delays of further litigation, that this Settlement is fair and reasonable and in the best interests of the Settlement Class;

WHEREAS, this Settlement Agreement was the result of arms-length negotiation among counsel for the parties over several years of litigation, including two lengthy mediations; and

WHEREAS, subject to the approval of the Court, the parties wish to terminate the Litigation and effect a compromise (the "Settlement");

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that the claims asserted in the Litigation shall be settled, compromised, and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## THE SETTLEMENT CLASS AND ADMINISTRATION

1.     The Settlement Class shall be defined as:

All persons who purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007, as to whom:

   i.     The terms and conditions of the PPP were not made available before purchase and/or were not delivered at the time of purchase; and

   ii.    The PPP was not returned for a refund, and no other reimbursement for the PPP was received from Office Depot or WaCA.

2.     Office Depot will hire a third party to administer the Settlement ("Administrator") and shall pay all reasonable fees and expenses relating to the administration of the Settlement. Such Administrator shall be agreed upon by Plaintiff, who shall not unreasonably withhold such agreement. The Administrator shall also be approved by the Court. Under no circumstances shall Office Depot be required under this Settlement Agreement to incur or pay any fees or expenses that Office Depot is not explicitly obligated to incur or pay hereunder.

## THE PRELIMINARY APPROVAL ORDER

3.     As soon as practicable after the execution of this Settlement Agreement, the parties shall present this Settlement Agreement to the Court and jointly request that the Court enter a Preliminary Approval Order substantially in the form of Exhibit A, attached hereto, which shall accomplish the following:

     a.  Provide that the Settlement shall apply to the Settlement Class as defined above;

     b.  Preliminarily approve the Settlement Agreement as appearing to be fair, reasonable, and adequate;

     c.  Find that the class notice procedure, as set forth below, satisfies the requirements of due process and applicable law and procedure; and

     d.  Apprise potential class members of their right to opt out of or object to the Settlement.

## CLASS NOTICE

4.     The class notice shall:

     a.  Inform potential class members that a Final Fairness Hearing to determine the fairness, reasonableness and adequacy of the proposed Settlement will be held on the date fixed by the Court, but no less than ninety (90) days after notice has been issued to the Class; and

     b.  Apprise potential class members of their right to object to the proposed Settlement; that any objection to the proposed Settlement must be filed with the Court and served upon all counsel of record by a date specified by the Court, but no less than fourteen (14) days prior to the date of the Final Fairness Hearing;

c. Inform potential class members that any persons who seek to opt out or otherwise exclude themselves from the Settlement Class must do so by a date specified by the Court, but no later than ten (10) days prior to the Final Fairness Hearing;

d. Inform potential class members that the Court retains the right to delay and reschedule the Final Fairness Hearing without further notice to the Class.

5. Within thirty (30) days of entry of the Preliminary Approval Order described above, Office Depot shall endeavor to provide notice as follows:

a. <u>Category A</u>: Office Depot's and WaCA's records contain limited contact information for potential members of the Settlement Class. Office Depot's records contain contact information for customers who purchased a PPP during the relevant period from a California store only to the extent that such purchases were made by participants in certain of Office Depot's customer loyalty programs. WaCA's records contain contact information for customers who purchased a PPP during the relevant period and registered it with WaCA, but those records do not reflect whether the PPP was purchased from a store in California, as is required to qualify for the Settlement Class.

For customers who (i) according to Office Depot's records, purchased a PPP from a California store during the period October 13, 2004, through October 11, 2007, or (ii) according to WaCA's registration records, purchased a PPP during the period October 13, 2004, through October 11, 2007, and registered it to a California address (collectively, "Category A Purchasers"), Office Depot will mail notice to those customers in the form attached hereto as Exhibit B, along with a Claim Form in the form attached hereto as Exhibit C.

b. <u>Category B</u>: For all other potential class members (collectively, "Category B Purchasers"), Office Depot will provide notice by publication in the **[major CA newspapers]** on two Sundays during the notification period. The publication notice will be in substantially the form attached as Exhibit D. Persons contacting the Administrator pursuant to the publication notice will be mailed notice in the form attached hereto as Exhibit B along with a Claim Form in the form attached hereto as Exhibit E.

c. Once notice is mailed to Category A Purchasers as provided in subparagraph a above and notice to Category B Purchasers occurs as provided in subparagraph b above, no further notice, whether by mail, publication, or otherwise, shall be required. If the U.S. Postal Service returns any mailed notice, Office Depot shall have no further obligations with respect to such potential class members.

d. Office Depot shall be responsible for payment of the reasonable and necessary costs of mailed notice and publication notice as described above.

e. Office Depot shall, not later than ten (10) days after preliminary approval of the Settlement, shall confirm in writing that it has complied with the notice obligations pursuant to 28 U.S.C. § 1715. Such notifications shall be completed by Office Depot at its own expense.

## **OPT-OUTS AND CLAIM PROCEDURES**

6. <u>Opt Outs</u>: Any potential class member shall have the right to be excluded from the Settlement Class. On or before the opt-out deadline established by the Court (approximately 10 days prior to the Final Fairness Hearing), each potential class member electing to opt out of the Settlement Class must deposit in the U.S. mail written notice addressed to the Administrator, indicating his or her name and address and that he or she desires to be excluded from the Settlement Class.

7. <u>Claim Forms</u>: Each potential class member who wishes to file a claim for Class Benefits must complete and timely submit to the Administrator the appropriate Claim Form. Specifically:

a. <u>Category A Purchasers</u>: Category A Purchasers must submit the information set forth in i, ii <u>and</u> iii below, as provided in the Claims Form attached hereto as Exhibit C:

   i. The person's current name, address, telephone number, and e-mail address (if applicable).

   ii. Certification, under penalty of perjury, that:

   (A) The person purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007;

   (B) The terms and conditions of the PPP were not made available to the person before purchase and/or were not delivered to the person at the time of purchase; and

   (C) The person did not return the PPP for a refund, or otherwise receive reimbursement for the PPP, from Office Depot or WaCA.

   iii. A general release of claims, as provided in paragraphs 19 to 25 below.

b. <u>Category B Purchasers</u>: Category B Purchasers must submit the information set forth in i, ii, iii <u>and</u> iv below, as provided in the Claims Form attached hereto as Exhibit E:

   i. The person's current name, address, telephone number, and e-mail address (if applicable).

ii. Certification, under penalty of perjury, that:

    (A) The person purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007;

    (B) The terms and conditions of the PPP were not made available to the person before purchase and/or were not delivered to the person at the time of purchase; and

    (C) The person did not return the PPP for a refund, or otherwise receive reimbursement for the PPP, from Office Depot or WaCA.

iii. Either (A) <u>or</u> (B) below:

    (A) Proof of purchase

        (1) Receipt or receipt number; <u>or</u>

        (2) Credit card statement.

    (B) Purchase details

        (1) The type of PPP purchased;

        (2) The duration of the PPP;

        (3) The approximate purchase price;

        (4) The approximate date of purchase; and

        (5) The location of purchase (store and city).

iv. A general release of claims, as provided in paragraphs 19 to 25 below.

8. <u>Claims Review</u>: The Administrator shall receive and review submitted Claims Forms to determine whether the claims qualify for inclusion in the Settlement and to determine the amount of reimbursement that is required pursuant to the terms of this Settlement Agreement.

    a. <u>Claims by Category A Purchasers</u>: Properly completed Claims Forms timely submitted by Category A Purchasers shall automatically qualify for inclusion in the Settlement Class, subject to subparagraph c below.

    b. <u>Claims by Category B Purchasers</u>: Properly completed Claims Forms timely submitted by Category B Purchasers shall be reviewed by the Administrator to determine whether, based on the information provided, they qualify for inclusion in the Settlement Class based on the class definition, subject to subparagraph c below.

7

c. <u>Audit Right</u>: Office Depot, at its expense, may audit any and all claims made, for the purpose of determining whether the claim qualifies for inclusion in the Settlement Class.

d. Either party may reasonably challenge any claim determinations made by the Administrator.

9. <u>Claims Deadline</u>: Each potential class member who wishes to file a claim for Class Benefits must submit a Claim Form provided by Office Depot to the Administrator, postmarked no later than thirty (30) days after the date of the Final Fairness Hearing. Any potential class member who fails to file a properly completed Claim Form on or before thirty (30) days after the Final Fairness Hearing shall be barred from receiving any payment from Office Depot but will in all other respects be bound by the terms of this Settlement Agreement, including but not limited to the release, waivers, and covenants described herein.

## **FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER**

10. The parties agree to petition the Court to hold a Final Fairness Hearing and to enter a Final Judgment and Order finally approving the Settlement. The parties shall seek a Final Judgment and Order that shall:

a. Approve this Settlement Agreement without modification (except insofar as the parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Class and direct its consummation according to its terms;

b. Find that the form and manner of class notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise potential class members of the pendency of the Litigation, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c. Find that all members of the Settlement Class (except those who have properly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

d. Direct that judgment be entered (i) dismissing with prejudice all individual and class claims asserted in the Litigation that relate to PPPs purchased before October 12, 2007; (ii) dismissing without prejudice all individual and class

claims asserted in the Litigation that relate to PPPs purchased on or after October 12, 2007; and (iii) ruling that no costs or fees be assessed on either party beyond the attorneys' fees and expenses provided for in paragraph 17 below;

e. Incorporate the release procedures set forth below in paragraphs 19 through 25 of this Settlement Agreement and forever bar any claims or liabilities related to the Litigation or any Released Claims against the Released Parties as defined below;

f. Approve payment of the Attorney Fees and Expenses as limited by paragraph 17 below;

g. Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement; and

h. Direct that the judgment of dismissal with prejudice be entered immediately.

11.     This Settlement Agreement shall become effective and be deemed final only after (a) the expiration of five (5) business days after the Final Judgment and Order is rendered and not subject to appeal, attempt to re-open the judgment, or a request to extend the time to seek an appeal or (b) if an appeal has been sought, the expiration of five (5) business days after the final disposition of any such appeal and any further proceedings in the trial court (and, following any such proceedings, the expiration of all time to notice an appeal or, if an appeal has been sought, the expiration of five (5) business days after the final disposition of any such appeal), which disposition approves the Court's Final Judgment and Order (the "Effective Date").

12.     Any objections or petitions to intervene in the Litigation must be in writing, and must include: (1) the basis on which the objector or intervenor purports to be a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of witnesses who may be called to testify at the Final Hearing, whether in person, by deposition, or affidavit; and (6) a list of exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing. All documents specified in this paragraph must be filed with the Court and served upon designated Class Counsel and counsel for Office Depot no later than 14 days prior the date of the Final Fairness Hearing.

13.     No person shall be entitled in any way to contest the approval of the terms and conditions of this Settlement Agreement or the Final Judgment and Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement. Any member of the Settlement Class who fails to exclude himself or herself from the Settlement Class in accordance with this Settlement Agreement, or who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, in the Litigation.

## **SETTLEMENT CLASS BENEFITS**

14.     After the Effective Date, and within the time prescribed in paragraph 18 below unless specifically stated otherwise, Office Depot will provide the following benefits ("Class Benefits") to the Settlement Class:

a.  <u>Repair PPPs purchased from October 13, 2004, through August 14, 2006</u>: Members of the Settlement Class who purchased Repair PPPs from October 13, 2004, through August 14, 2006, shall be entitled to reimbursement from Office Depot, payable by check, as follows:

1.  One-year PPP:  Reimbursement of sixty percent (60%) of the PPP purchase price

2.  Two-year PPP:  Reimbursement of thirty percent (30%) of the PPP purchase price

3.  Three-year PPP:  Reimbursement of twenty percent (20%) of the PPP purchase price

b.  <u>Repair PPPs purchased from August 15, 2006, through October 11, 2007</u>: Members of the Settlement Class who purchased Repair PPPs from August 15, 2006, through October 11, 2007, shall be entitled to reimbursement from Office Depot, payable by check, as follows:

1.  Two-year PPP:  Reimbursement of twenty-one percent (21%) of the PPP purchase price

2.  Three-year PPP:  Reimbursement of fourteen percent (14%) of the PPP purchase price

c.  <u>Replacement PPPs purchased from October 13, 2004, through October 11, 2007</u>:  Members of the Settlement Class who purchased Replacement PPPs

from October 13, 2004, through October 11, 2007, shall be entitled to reimbursement from Office Depot, payable by check, in an amount equal to fifteen percent (15%) of the PPP purchase price.

15.     Each check described in paragraph 14 above may include the following memo: "*Sanbrook* Class Action Settlement Payment."

16.     Any returned checks, uncashed checks, unclaimed funds, non-negotiated checks, and any and all unclaimed funds connected to this Settlement Agreement in any way (including but not limited to the payments in paragraph 14), shall remain the property of Office Depot.  Furthermore, Office Depot shall retain any funds (and title to any funds) underlying undeliverable, returned, uncashed, unclaimed, or non-negotiated checks and the parties agree that all settlement class members waive and abandon any ownership interest in such undeliverable, returned, uncashed, unclaimed, and/or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such returned, uncashed, unclaimed, and/or non-negotiated checks.

## ATTORNEYS' FEES AND EXPENSES
## AND INCENTIVE AWARD TO CLASS REPRESENTATIVE

17.     Office Depot understands that Class Counsel intend to seek attorneys' fees and expenses in the total amount of Two Million Two Hundred and Seventy-Five Thousand Dollars ($2,275,000.00) ("Agreed Amount"), and Office Depot agrees not to object to Class Counsel's motion to the Court for approval of payment of attorneys' fees and expenses in the Agreed Amount.  As material consideration for this Settlement Agreement, Class Counsel agree that they will not seek, by motion to the Court or otherwise, attorneys' fees and expenses totaling in excess of, in addition to, or beyond the Agreed Amount.  Within ten (10) days after the Effective Date, if Class Counsel's request is approved and ordered by the Court, Office Depot will issue to Class Counsel by wire transfer to the account specified by Class Counsel the amount ordered by the Court, up to the Agreed Amount.  In no event shall Office Depot be liable to Class Counsel for any amount, individually or collectively, in excess of the amounts described in this paragraph.  At the same time it makes the above-described wire transfer, Office Depot will also issue a separate wire transfer to Class Counsel for up to $10,000 as an incentive award for

Named Plaintiff. Office Depot shall have no further obligations to Class Counsel or Named Plaintiff upon the wiring of payment.

## PAYMENT AND DISTRIBUTION TO SETTLEMENT CLASS MEMBERS

18.    All money payments to Settlement Class members shall be made by check and delivered by first class U.S. mail, postmarked within sixty (60) days of the Effective Date. Office Depot shall have no further obligations to members of the Settlement Class upon the mailing of payment. In the event any such payment is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated, neither Office Depot nor the Administrator shall have any further obligations to the applicable members of the Settlement Class, the Named Plaintiff, or Class Counsel. Furthermore, Office Depot shall retain any funds (and title to any funds) underlying undeliverable, uncashed, or non-negotiated checks.

## RELEASE AND COVENANT NOT TO SUE

19.    On the Effective Date of this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Named Plaintiff, and all members of the Settlement Class (whether or not they have submitted a timely Claim Form) who have not timely and properly opted out of the Settlement Class, and their respective current and former assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees (collectively, the "Releasing Parties") fully and forever release, acquit, and discharge Office Depot, WaCA, and their affiliates, parents, and subsidiaries, and all their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, attorneys, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present (collectively, the "Released Parties"), of and from any and all manner of claims relating to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007 (except for any claims that members of the Settlement Class may have for product repair or replacement pursuant to the terms of PPPs that are still in force), and/or any claims raised in the Litigation (including but in no way limited to any claims related directly or indirectly in any manner whatsoever to those claims raised by Named Plaintiff, Class

12

Counsel, or the Settlement Class members in any pleading, motion, or brief filed in the Litigation), grievances, controversies, allegations, accusations, demands, judgments, causes of action, demands, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that any Releasing Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties from the beginning of the world through the Effective Date (collectively, the "Released Claims").

20. The Releasing Parties acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the Litigation, with respect to PPPs, or with respect to the Released Claims. Nevertheless, it is the intention of the Releasing Parties to fully, finally, and forever settle and release all such matters, and all claims and causes of action relating thereto that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Litigation).

21. The Releasing Parties hereby expressly acknowledge certain principles of law applicable in some states that provide that a general release does not extend to claims that a creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her could have materially affected his or her settlement with the debtor, which statute or law is similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect
> to exist in his favor at the time of executing the release, which if known by him must
> have materially affected his settlement with the debtor.

NOTWITHSTANDING THE CHOICE OF LAW PROVISION IN THIS SETTLEMENT AGREEMENT, TO THE EXTENT THAT CALIFORNIA OR OTHER LAW MAY BE APPLICABLE, THE RELEASING PARTIES HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA AND ALL SIMILAR, COMPARABLE OR EQUIVALENT FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES OF ANY OTHER JURISDICTION THAT MAY BE APPLICABLE, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY THE RELEASING PARTIES, AND THE RELEASING PARTIES AGREE AND ACKNOWLEDGE THAT THIS PROVISION AND THE INCLUSION OF UNKNOWN AND UNSUSPECTED CLAIMS IN THE RELEASE WERE SEPARATELY BARGAINED FOR AND ARE ESSENTIAL TERMS OF THE SETTLEMENT AGREEMENT AND RELEASE.

22.     The Releasing Parties further agree that no third party, including but not limited to any private attorney general or Cal. Bus. and Prof. Code § 17200 plaintiff, shall bring any claim released herein on their behalf.

23.     Named Plaintiff further covenants and agrees that (a) the Named Plaintiff will not sue or bring any action or cause of action, including by way of third-party claim, cross-claim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; (b) the Named Plaintiff will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; (c) if involuntarily included in any such class action, the Named Plaintiff will use her best efforts to withdraw therefrom; and (iv) the Named Plaintiff will not assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims.

24.     This Release may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement.  Furthermore, if Named Plaintiff brings such barred action, claim, or demand pertaining to the Released Claims, Named Plaintiff shall indemnify and hold the other party harmless from and against any and all costs and expenses arising therefrom (including but not limited to reasonable attorneys' fees, disbursements of or to counsel and other professionals, and court costs incurred in connection therewith), it being the intent that the substantially

prevailing party shall be entitled to indemnification from the substantially non-prevailing party involved in any such action.

25.     On the Effective Date of this Settlement Agreement, all attorney liens, if applicable, will be dissolved.  Except as provided above in paragraph 17, Office Depot and the other Released Parties shall be absolved and released from liability to Class Counsel in every way, including but not limited to liability for any of Class Counsel's fees, other professionals' fees, expert fees, disbursements, court costs, interest, penalties, and expenses, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether based on (a) any federal, state, municipal statute, law, ordinance, or regulation; (b) based on any federal, state, municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action Class Counsel, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against Office Depot and/or the Released Parties from the beginning of the world through the Effective Date.  Class Counsel shall be solely responsible for allocating any attorneys' fees and expenses it receives among the law firms that have represented the Named Plaintiff and the Settlement Class in the Litigation, and Office Depot shall assume and bear no responsibility or liability whatsoever for such allocation.

26.     It is expressly understood and acknowledged by the parties that the provisions of the Release as set forth in paragraphs 19 through 25 together constitute essential and material terms of the Settlement Agreement to be included in the Final Order and Judgment entered by the Court.

## NO ADMISSION OF LIABILITY

27.     Office Depot denies the allegations in the Litigation, denies that the Litigation is suitable for class treatment under any circumstances other than settlement, and further denies liability to the Named Plaintiff or to others similarly situated, including all members of the Settlement Class.  It is specifically agreed that the execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by Office Depot, an admission that Office Depot violated any provision of any federal or state law, or an admission that Office Depot concedes that class treatment of the Litigation is appropriate under any circumstance other than settlement.  Office Depot considers it

desirable that this action and the claims alleged therein be settled upon the terms and conditions set forth in this Settlement Agreement in order to avoid further expense and burdensome, protracted litigation and to put to rest the Released Claims described herein.

## TOTAL RELIEF

28. Named Plaintiff, Class Counsel, and Office Depot further expressly agree that under no circumstances whatsoever shall Office Depot be responsible for paying any monies, benefits, costs, expenses, or attorneys' fees in settlement of this Litigation other than as expressly provided for in this Settlement Agreement; nor will Office Depot be required to take any action heretofore or incur any liability or pay any expense or be required to do any other thing, except as expressly provided herein.

## EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

29. Neither this Settlement Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Office Depot, or as a waiver by Office Depot of any applicable defense to the merits of the claims asserted by the Named Plaintiff or the ability to maintain this action as a class action.

## CONFIDENTIALITY AND NON-DISPARAGEMENT

30. Named Plaintiff and Class Counsel agree to keep all events, circumstances, and negotiations giving rise to this Settlement Agreement strictly and completely confidential, and except as otherwise expressly provided herein, will not hereafter disclose any information learned during or regarding negotiations giving rise to this Settlement Agreement to any third parties. Named Plaintiff and Class Counsel shall not issue any press release or make any other public announcement to the press or otherwise regarding the existence or subject matter of this Settlement Agreement, and shall not take any action that reasonably could be construed as disparaging to Office Depot.

## CHOICE OF LAW

31. This Settlement Agreement and its exhibits shall be governed by the laws of the State of Florida without regard to application of choice of law rules of any jurisdiction. So long as this Settlement Agreement is valid and enforceable under the laws of the State of Florida, the parties agree

that no statutory or common law of any other state shall be used to invalidate or render unenforceable any part of this Settlement Agreement.

## **MISCELLANEOUS PROVISIONS**

32.     Failure of any party to exercise any rights hereunder shall not constitute waiver of the right to the later exercise thereof.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right.  The parties will also have all other rights and remedies permissible under any applicable law, and all such rights and remedies will be cumulative in nature.

33.     The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

34.     In the event this Settlement Agreement does not become final and effective in all material respects, as provided in paragraph 11, then this Settlement Agreement is voidable by either party, in which case the Litigation for all purposes would revert to its status as of October 21, 2009, unless otherwise agreed in writing by the parties.

35.     This Settlement Agreement does not obligate any party to appeal from or to seek further review in the event the Court disapproves or sets aside the Settlement Agreement or any material part or otherwise refuses to enter Final Judgment.  Appeals from such a ruling may be taken only in good faith and must be prosecuted expeditiously.

36.     The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

37.     None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

38.     This Settlement Agreement constitutes the full and entire agreement among the parties with regard to the subject matter hereof, and supersedes all prior representations, agreements, promises,

or warranties, written, or oral or otherwise, made by any party. No party shall be liable or bound to any other party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in this Settlement Agreement. This Settlement Agreement shall not be modified in any respect except by a writing executed by and among the parties.

39. This Settlement Agreement may be executed in separate counterparts without each party signing the same, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument, and each such counterpart shall constitute one and the same agreement; provided, however, this Settlement Agreement shall not be binding until it has been executed by everyone for whom a signature line has been provided. This Settlement Agreement shall become effective upon its execution by all of the undersigned.

40. As agents for the receipt of communications among the parties relating to this Settlement Agreement, Named Plaintiff, on behalf of herself and the Settlement Class, appoints **[contact]**, and Office Depot appoints Daniel F. Katz, Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005. Any communication made in connection with this Settlement Agreement shall be deemed to have been made when sent by overnight delivery or registered or certified mail postage prepaid, or delivered in person at the addresses designated in this paragraph. The persons and addresses designated in this paragraph may be changed by any party by written notice to the other party.

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed as of this 1st day of ~~January~~ February 2010.

COUNSEL FOR OFFICE DEPOT, INC.

_____

Daniel F. Katz
Paul T. Hourihan
Beth A. Levene
**WILLIAMS & CONNOLLY LLP**
725 12th Street N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

OFFICE DEPOT, INC.

By: _____

Stephen R. Calkins
Vice President, Associate General Counsel

COUNSEL FOR NAMED PLAINTIFF MARY SANBROOK AND THE CLASS

By: _____

Barbara Quinn Smith (Ohio Bar 0055328)
(admitted *pro hac vice*)
**MADDOX HARGETT & CARUSO**
9853 Johnnycake Ridge Road
Suite 302
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

Scott R. Kaufman, SBN 190129
**CALIFORNIA LEMON LAWYERS**
1400 Coleman Ave Suite C-14
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile: (408) 727-8883

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to be duly executed as of this _____ day of January 2010.

COUNSEL FOR OFFICE DEPOT, INC.

_____

Daniel F. Katz
Paul T. Hourihan
Beth A. Levene
**WILLIAMS & CONNOLLY LLP**
725 12th Street N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

OFFICE DEPOT, INC.

By: _____
    Stephen R. Calkins
    Vice President, Associate General Counsel

COUNSEL FOR NAMED PLAINTIFF MARY SANBROOK AND THE CLASS

By: *Barbara Quinn Smith*
Barbara Quinn Smith (Ohio Bar 0055328)
(admitted *pro hac vice*)
**MADDOX HARGETT & CARUSO**
9853 Johnnycake Ridge Road
Suite 302
Mentor, OH 44060
Telephone: 440-354-4010
Facsimile: 440-848-8175

Scott R. Kaufman, SBN 190129
**CALIFORNIA LEMON LAWYERS**
1400 Coleman Ave Suite C-14
Santa Clara, CA 95050
Telephone: (408) 727-8882
Facsimile: (408) 727-8883

19

Thomas A. Hargett (Indiana Bar 11252-49)
(admitted *pro hac vice*)
Thomas K. Caldwell (Indiana Bar 16001-49)
(admitted *pro hac vice*)
MADDOX HARGETT & CARUSO
10100 Lantern Road
Suite 150
Fishers, IN 46038
Telephone: 317-598-2040
Facsimile: 317-598-2050

Marnie Lambert (SBN 165019)
DAVID P. MEYER & ASSOCIATES, CO., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

NAMED PLAINTIFF MARY SANBROOK, INDIVIDUALLY AND ON
BEHALF OF THE SETTLEMENT CLASS

*Mary Sanbrook*

# EXHIBIT A
# TO SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated, | ) ) ) Case No. C 07-05938 RMW (PVT) <br> ) CLASS ACTION SETTLEMENT AGREEMENT <br> ) |
| Plaintiffs, <br> vs. | ) Judge: Hon. Ronald M. Whyte <br> ) ) ) |
| OFFICE DEPOT, INC., a corporation, and DOES 1-20, | ) ) ) |
| Defendants. | ) ) ) ) |

## <u>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT</u>

**WHEREAS** the parties to the above-captioned litigation (the "Litigation"), have moved pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the proposed settlement of the Litigation in accordance with the parties' Class Action Settlement Agreement dated February 1, 2010, as filed with the Court (the "Settlement Agreement"), which (a) sets forth the terms and conditions for the proposed settlement of the Litigation; (b) specifies a Settlement Class; and (c) provides for notice of the proposed Settlement to potential members of the Settlement Class.

**WHEREAS**, the Court has considered the Settlement Agreement and accompanying documents; and

**WHEREAS**, all parties have consented to the entry of this Order;

**IT IS HEREBY ORDERED THAT:**

1.     The capitalized terms used in this Order have the same meaning as those defined in the Settlement Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(c), the Litigation is hereby certified, for settlement purposes only, on behalf of the following Settlement Class as set forth in the Agreement:

> All persons who purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007, as to whom:
>
> > i. The terms and conditions of the PPP were not made available before purchase and/or were not delivered at the time of purchase; and
> >
> > ii. The PPP was not returned for a refund, and no other reimbursement for the PPP was received from Office Depot or WaCA.

4. Named Plaintiff Mary Sanbrook is approved and appointed as the Class Representative for the Settlement Class.

5. The law firms of Maddox, Hargett & Caruso, David P. Meyer & Associates Co., LPA, and California Lemon Lawyers are appointed as counsel to the Settlement Class.

6. Certification of the litigation class by this Court's Order of March 30, 2009, shall not be affected by the Settlement unless and until the Settlement is finally approved, and the Litigation is dismissed thereafter.

7. The Court has reviewed the Settlement Agreement, and the terms of the Settlement Agreement are preliminarily approved as falling within the range of reasonableness so as to warrant notice to potential members of the Settlement Class, subject to further consideration at a Final Fairness Hearing. The Court preliminarily finds that the proposed Settlement is the product of informed, arm's-length negotiation by counsel and is therefore presumptively fair, just, reasonable, valid, and adequate, subject to any objections that may be raised at the Final Fairness Hearing.

8. The Final Fairness Hearing shall be held before the Court on June 11, 2010, 2010, at 9:00 a.m., at the United States Courthouse located at 280 South 1st Street, San Jose, California 95113.

9. The class notice process and the claim administration set forth in the Settlement Agreement shall be administered by a _(name of Third Party Administrator will be provided prior to

preliminary approval hearing)__ .  Office Depot shall pay the fees and expenses reasonably necessary to provide notice to the class and provide Class Benefits if and when the Settlement becomes final.

10.     Within thirty days of the entry of this Order, Office Depot shall provide notice to the class in accordance with the class notice procedures set forth in the Settlement Agreement.

11.     Each mailed notice shall apprise potential class members that any objection to the Settlement Agreement must be filed with the Clerk of the Court no later than fourteen days prior to the date of the Final Fairness Hearing as set forth in paragraph 8 above.  Each mailed notice shall also apprise potential class members that to be excluded from the Settlement Class, they must send a written opt-out notice to the Administrator, postmarked by  June 1, 2010.

12.     Each mailed notice shall further inform potential class members that a Final Fairness Hearing will be held on the date and time set forth in paragraph 8 above to determine:  (a) whether the proposed settlement is fair, reasonable, adequate and in the best interests of the Class, (b) the reasonableness of the attorneys' fees sought by Class Counsel, and (c) whether a Final Judgment should be entered approving the Settlement; and to consider such other matters as may properly come before the Court in connection with the Settlement of the Litigation.  The mailed notice shall further inform potential class members that, upon final approval, all claims of members of the Settlement Class against Office Depot, WaCA, and related entities arising from the Litigation shall be barred.

13.     Prior to the Final Fairness Hearing, Office Depot shall file a declaration from the Administrator stating that the class notice procedures outlined in the Settlement Agreement have been followed.

14.     The Court finds that dissemination of class notice in the manner set forth in the Settlement Agreement is the best notice practicable under the circumstances, is reasonably calculated to apprise interested parties of the pendency of the Litigation, affords such parties an opportunity to present

their objections or exclude themselves from the Settlement Class, and complies in all respects with the requirements of Federal Rule of Civil Procedure 23(c) and all the requirements of due process.

15.     Any member of the Settlement Class who opts out of the Settlement in accordance with the procedure set forth in the Settlement Agreement shall be excluded from the Settlement Class and will not be entitled to any benefit under the Settlement Agreement.

16.     Any member of the Settlement Class who does not opt out of the Settlement in accordance with the procedure set forth in the Settlement Agreement will be bound by the terms of the Settlement Agreement if finally approved following the Final Fairness Hearing, including the terms of the Final Order and Judgment to be entered herein and the release provided for in the Settlement Agreement.

17.     Any member of the Settlement Class who has not opted out of the Settlement Class may file an objection to the final approval of the Settlement Agreement and/or appear at the Final Fairness Hearing personally or by counsel, provided that an appearance is served and filed as provided in the Agreement, to show the following: (1) the basis on which the objector or intervenor purports to be a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of witnesses who may be called to testify at the Final Hearing, whether in person, by deposition, or affidavit; and (6) a list of exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing.

18.     All objecting documents set forth above shall be filed with the Clerk of the Court and served upon Class Counsel and Defendant's Counsel at the addresses listed below, no later than fourteen days prior to the date of the Final Fairness Hearing set forth in paragraph 8 above.

| Class Counsel | Defendant's Counsel |
|---|---|

Barbara Quinn Smith  
Maddox Hargett & Caruso  
9853 Johnnycake Ridge Road, Suite 302  
Mentor, Ohio 44060

Beth A. Levene  
Williams & Connolly LLP  
725 12th Street, N.W.  
Washington, D.C. 20005

19.     Members of the Settlement Class who object in the manner provided herein remain members of the Settlement Class and will be bound by the Settlement Agreement if it is finally approved following the Final Fairness Hearing.

20.     The Litigation is stayed pending the final determination of whether the Settlement Agreement should be approved, except those proceedings necessary to carry out or enforce the terms of the Settlement Agreement.

**SO ORDERED** this _____ day of _____, 2010.

_____  
RONALD M. WHYTE  
United States District Judge

Copies to:

Daniel F. Katz, Esq.  
Paul T. Hourihan, Esq.  
Beth A. Levene, Esq.  
Marnie Lambert, Esq.  
Thomas A. Hargett, Esq.  
Barbara Quinn Smith, Esq.  
Scott R. Kaufman, Esq.

# EXHIBIT B
# TO SETTLEMENT AGREEMENT

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated, | Case No.  C 07-05938 RMW |
| Plaintiff, vs. | Judge: Hon. Ronald M. Whyte |
| OFFICE DEPOT, INC., a corporation and DOES 1-20, | **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING** |
| Defendants. | |

**TO**:  **ALL PERSONS WHO PURCHASED A PERFORMANCE PROTECTION PLAN (PPP) FROM AN OFFICE DEPOT STORE LOCATED IN THE STATE OF CALIFORNIA BETWEEN OCTOBER 13, 2004, THROUGH OCTOBER 11, 2007.**

YOU MAY BE ELIGIBLE TO RECEIVE COMPENSATION UNDER THE TERMS OF A CLASS ACTION SETTLEMENT.   IF YOU ARE ELIGIBLE AND WISH TO RECEIVE COMPENSATION, YOU MUST RETURN A CLAIM FORM (ENCLOSED ALONG WITH THIS NOTICE) NO LATER THAN July 11, 2010.

YOU MUST READ THIS NOTICE CAREFULLY TO DETERMINE WHETHER YOU MAY BE ELIGIBLE FOR COMPENSATION.

### PURPOSE OF THIS NOTICE

This notice explains the nature of the lawsuit and the terms of the settlement and informs you of your legal rights and obligations.   IN ORDER TO OBTAIN THE BENEFITS OF THIS SETTLEMENT, YOU MUST FIRST DETERMINE WHETHER YOU ARE A CLASS MEMBER ENTITLED TO RELIEF, AND, IF SO, THEN FILL OUT AND TIMELY RETURN THE FORM ATTACHED TO THIS NOTICE TO THE SETTLEMENT ADMINISTRATOR.

### NO ADMISSION OF LIABILITY

By settling this lawsuit, Office Depot, Inc.

("Office Depot") is not admitting that it has done anything wrong.  Office Depot expressly denies that it did anything wrong and denies liability to the Named Plaintiff or to class members for any claims.

### DESCRIPTION OF THE LITIGATION

Named Plaintiff Mary Sanbrook filed this action on October 12, 2007.  Named Plaintiff contends that that during the class period, from October 13, 2004 through October 11, 2007, Office Depot stores located in California did not make the terms and conditions of Performance Protection Plans (PPPs) available to customers prior to purchase, or deliver the terms and conditions

at the time of purchase, in violation of the requirements of the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1794.41 ("Song-Beverly Act"). On October 11, 2007, Office Depot began a series of material changes to its marketing of PPPs that were such that Plaintiff determined that that date is an appropriate cut-off date for the class period relating to liability under the Song-Beverly Act. Named Plaintiff's lawsuit was a contributing cause of the material changes that occurred in the PPP brochure in October 2007 and thereafter, including, but not limited to, the decision to include the actual terms and conditions in a fold-out section of the PPP brochure.

On March 30, 2009, the United States District Court for the Northern District of California ruled that Named Plaintiff's Song-Beverly Act claim may be maintained as a class action by Plaintiff on behalf of the class.

Pretrial discovery has been conducted by both parties in this case. Discovery was in the form of interrogatories, production of documents and deposition testimony.

In November 2008, and again on October 21, 2009, the parties engaged in mediation with a third-party mediator. In addition, Warranty Corporation of America, Inc. ("WaCA"), the company that Office Depot retained to administer the PPPs, also participated in the mediation. The proposed settlement is the result of arm's-length negotiations as well as the substantial investigation and discovery conducted by Plaintiff's Counsel. Counsel for all parties to the proposed settlement have fully explored the facts of this case. Although Plaintiff and Office Depot disagree as to the legal effect of the facts that form the basis of this action, the parties have determined that it is desirable to settle this action to avoid the further expense, burden and uncertainty of litigation, and to put to rest all claims asserted or which could have been asserted in the case.

The Court granted preliminary approval of the settlement, subject to a full Fairness Hearing, which is scheduled to take place on June 11, 2010 at 9:00 a.m., in the United States District Court for the Northern District of California, 280 South 1st Street San Jose, CA 95113. Class members may refer to the Court file in the United States District Court for the Northern District of California for a full description of the history of the litigation conducted in this class action.

## THE PROPOSED SETTLEMENT

Named Plaintiff and Office Depot have agreed to the settlement described below. <u>IF YOU WISH TO RECEIVE COMPENSATION UNDER THE TERMS OF THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM BY July 11,2010</u>. If you are a member of the Settlement Class but do not wish to be part of the Settlement, you must timely opt out. For additional information regarding opting out of the settlement, see the section below entitled "Your Options." If you return your Claim Form and the settlement is finally approved, you will be sent a check for any relief for which you qualify.

## THE SETTLEMENT CLASS

The Settlement Class is defined as:

All persons who purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007, as to whom: (i) the terms and conditions of the PPP were not made available before purchase and/or were not delivered at the time

2

of purchase; and (ii) the PPP was not returned for a refund, and no other reimbursement for the PPP was received from Office Depot.

## SETTLEMENT CLASS BENEFITS

Office Depot has agreed that it will instruct any third party with whom it contracts to administer the PPP program in compliance with the Song-Beverly Consumer Warranty Act, and has instructed its current third-party administrator to take any steps necessary to comply with the Act.

In addition, Office Depot has agreed to reimburse eligible Class Members for a percentage of the PPP purchase price in an amount based on the type of PPP purchased:

1. Repair PPPs purchased from October 13, 2004, through August 14, 2006:

   a. One-year PPP: 60% of purchase price;

   b. Two-year PPP: 30% of purchase price;

   c. Three-year PPP: 20% of purchase price.

2. Repair PPPs purchased from August 15, 2006, through October 11, 2007:

   a. Two-year PPP: 21% of purchase price;

   b. Three-year PPP: 14% of purchase price.

3. Replacement PPPs purchased from October 13, 2004, through October 11, 2007: 15% of purchase price.

These benefits will be distributed to those qualifying Class Members who: (i) do not timely opt out; and (ii) <u>TIMELY RETURN A FULLY AND ACCURATELY COMPLETED CLAIM FORM (ENCLOSED WITH THIS NOTICE), INCLUDING ANY REQUIRED DOCUMENTATION, INDICATING THEY WANT TO PARTICIPATE IN THE BENEFITS OF THE SETTLEMENT</u>.

## GENERAL RULES FOR ELIGIBILITY

In order to participate in the Settlement, each Class Member must timely execute and return a fully completed and accurate Claim Form in accordance with the instructions on the Form. The Claim Form will be effective as of the Settlement Effective Date (when the Settlement as a whole becomes final and effective) and is conditioned upon final approval of the Settlement by the Court. The Claim Form is invalid unless all applicable parts are completed. The Claim Form must be returned to the Settlement Administrator by July 11, 2010, the Claims Deadline.

Persons who Office Depot's or WaCA's records indicate made qualifying PPP purchases will receive a Claims Form for Known Purchasers. All other potential class members will receive a Claims Form for Unknown Purchasers. Both versions of the Claim Form require claimants to provide contact information, to certify that they meet the conditions for membership in the Settlement Class, and to acknowledge a general release of claims against Office Depot, WaCA, and related entities. The Claims Form for Unknown Purchasers further requires that claimants provide information establishing proof of a qualifying PPP purchase. Claim Forms will be considered submitted when postmarked, if mailed postage prepaid and addressed in accordance with the instructions

set forth in the form itself.

In the event that a claimant submits a mailing to the Settlement Administrator indicating an intent to participate in the Settlement but which is deficient on its face in one or more respects, the Settlement Administrator will notify the claimant of the deficiency, unless that claimant received a previous deficiency notice from the Settlement Administrator. Regardless of the Claims Deadline provided above, any such claimant will have fourteen (14) days after mailing of the deficiency letter to resubmit (one time only) a proper Proof of Claim and Release.

## VERIFICATION OF CLAIMS

The Settlement Administrator shall make a determination as to the timeliness of submission of a claim, whether the claimant is a Class Member entitled to relief, and, if so, the amount of relief to which the Class Member is entitled. Any claim may be denied by the Settlement Administrator if it is inconsistent with the documentation that the claimant submitted or that is or maintained by Office Depot or WaCA. The Settlement Administrator will mail to each claimant who timely and in the proper manner submits a valid Claim Form the relief to which the claimant is entitled along with a notice stating that the claimant has thirty (30) days to file with the Settlement Administrator a written statement setting forth the grounds of any objection to the relief provided and that the claimant has the burden of proving entitlement to any further relief. The Settlement Administrator's decision with respect to any such objection shall be final.

Office Depot also has the right to audit any claims made for accuracy, completeness, or entitlement to relief.

## ATTORNEYS' FEES

Counsel for the proposed class, including the firm of Maddox Hargett & Caruso and associated counsel, will petition the Court for, and Office Depot has agreed not to oppose, an award of $2,275,000 for attorneys' fees and costs, to be paid by Office Depot. Plaintiff's counsel will not request additional fees and costs from Office Depot or from members of the Class.

## NAMED PLAINTIFF'S RECOVERY

Named Plaintiff will further seek from Office Depot an incentive award for serving as the class representative in the amount of $10,000. Class counsel will ask that an additional $20,000 be paid to Named Plaintiff from any attorneys' fees awarded by the Court.

## COSTS

Office Depot has agreed to pay reasonable costs for notice of the settlement and for administration of the settlement.

## RELEASE AND WAIVER

Named Plaintiff and all Settlement Class members (other than those who opt out of the Settlement) will grant Office Depot, WaCA, and related entities the following release:

> I understand and agree that if I am determined to be a member of the Settlement Class, I will fully and forever release, acquit, and discharge Office Depot, Inc., Warranty Corporation of America, Inc., and their affiliates, parents, and subsidiaries, and all their respective owners, shareholders, parents, affiliates, subsidiaries, divisions,

predecessors, successors, assigns, attorneys, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present (collectively, "Released Parties"), from any and all manner of claims relating to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007 (except for any claims I may have for product repair or replacement pursuant to the terms of PPPs that are still in force), and/or any claims raised in the this litigation, grievances, controversies, allegations, accusations, demands, judgments, causes of action, demands, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that I, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or

hereafter can, shall, or may have against the Released Parties.

I further understand that under certain principles of law applicable in some states, a general release does not extend to claims that a creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her could have materially affected his or her settlement with the debtor, which statute or law is similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

TO THE EXTENT THAT CALIFORNIA OR OTHER LAW MAY BE APPLICABLE, I HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA AND ALL SIMILAR, COMPARABLE OR EQUIVALENT FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES OF ANY OTHER JURISDICTION THAT MAY BE APPLICABLE, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED.

## FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to Plaintiff's counsel for costs and attorneys' fees. The hearing will take place on June 11, 2010 at 9:00 am at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 9511. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

## YOUR OPTIONS

1. **If you wish to participate in the settlement, you must return the Claim Form at the end of this notice to the Settlement Administrator on or before July 11, 2010.**

2. **You have the right to exclude yourself from membership in the class and participation in the settlement** by filing a written request for exclusion with the Settlement Administrator at the following address: _____.

The request for exclusion must be sent via U.S. regular mail, must be postmarked no later than June 1, 2010, and must refer to your name and address and the name and number of the case, and include a statement that you want to be excluded from the Settlement Class.

Please write or type the words "CLASS EXCLUSION NOTICE" on the lower left of the front of the envelope. ALL CLASS MEMBERS WHO DO NOT MAKE A WRITTEN REQUEST FOR EXCLUSION WILL BE BOUND BY THE SETTLEMENT WHETHER OR NOT THEY SUBMIT CLAIM FORMS AND PARTICIPATE IN THE SETTLEMENT, AND THEY WILL RELEASE ALL CLAIMS AS SET FORTH ABOVE.

If you choose to request exclusion from the class, you will not release those claims, but you would have to pursue any such claims through a separate action on your own or through counsel you hire.

3. **If you object to the settlement, and wish to submit an objection rather than simply exclude yourself from the class**, you must send a written objection to: Clerk's Office, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113; with copies to Barbara Quinn Smith, Maddox Hargett & Caruso, 9853 Johnnycake Ridge Road, Suite 302, Mentor, OH 44060; and Beth Levene, Williams & Connolly LLP, 725 12th St., N.W., Washington DC 20005.

Your objection must be post-marked on or before May 28, 2010, and must refer to your name, your address, and the name and number of the case at the top of the notice. The written objection must state your intention to appear and provide all grounds for your objection, together with all supporting papers and briefs, if any. If you do file an objection and wish it to be considered, you must also appear at the hearing on June 11, 2010 at 9:00 a.m.. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

4.     **You may hire your own lawyer and enter an appearance in the case**.  If you choose to do so, you will be solely responsible for the fees and costs of your lawyer.  You should consult with your lawyer promptly regarding this potential course of action.

**Barbara Quinn Smith**
**Maddox Hargett & Caruso**
**9853 Johnnycake Ridge Road**
**Suite 302**
**Mentor, OH 44060**
**866-924-4010**
**bqsmith@mhclaw.com**
**www.protectingtheconsumer.com**

## OTHER IMPORTANT INFORMATION

If the Settlement is not approved by the Court, the case will proceed as if no settlement had been attempted.  In that event, Office Depot retains the right to contest the merits of the claims being asserted against it in this action.  There can be no assurance that if the Settlement is not approved, the class will recover more than is provided in the settlement, or indeed, anything.

The descriptions of the case and the Settlement Agreement in this Notice are general and do not cover all of the issues and proceedings.  For more detailed information, you or your attorney may examine the Settlement Agreement and the complete case file at the office of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## INQUIRIES

Any questions you or your attorney may have concerning the Settlement or this notice should be directed to Class Counsel at the address listed below.  <u>Please include the case name and number, your name, and your return address on any letters, not just the envelopes.</u>

# EXHIBIT C
# TO SETTLEMENT AGREEMENT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated, | Case No. C 07-05938 RMW |
| Plaintiff,<br>vs. | Judge: Hon. Ronald M. Whyte |
| OFFICE DEPOT, INC., a corporation and DOES 1-20, | **CLAIM FORM**<br>**(CATEGORY A PURCHASERS)** |
| Defendants. | |

**IMPORTANT: TO BE ENTITLED TO COMPENSATION UNDER THIS CLASS ACTION SETTLEMENT YOU <u>MUST</u> COMPLETE AND RETURN ALL PARTS OF THIS FORM VIA U.S. MAIL WITH A POSTMARK ON OR BEFORE July 11, 2010 TO THE FOLLOWING ADDRESS:**

Sanbrook Settlement Administrator
[address]

**<u>I UNDERSTAND THAT I AM SWEARING THAT THE CONTENTS OF THIS FORM ARE TRUE AND CORRECT UNDER PENALTY OF PERJURY</u>.**

## **Part 1:  Contact Information**

NAME: _____

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

PHONE NUMBER: _____

E-MAIL ADDRESS (if applicable): _____

**Part 2:  Certification**

I certify that:

1.  I purchased a Performance Protection Plan (PPP) from an Office Depot store in the State of California between October 13, 2004, and before October 11, 2007.

2.  The terms and conditions of the PPP were not made available to me before purchase and/or were not delivered to me at the time of purchase.

3.  I have not returned the PPP for a refund or otherwise received reimbursement for the PPP from Office Depot.

**I HEREBY SWEAR, UNDER PENALTY OF PERJURY, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.  I FURTHER SWEAR THAT ANY DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND AUTHENTIC.**

_____
**(YOUR SIGNATURE)**

**Part 3:  Release and Waiver**

I understand and agree that if I am determined to be a member of the Settlement Class, I will fully and forever release, acquit, and discharge Office Depot, Incl, Warranty Corporation of America, Inc., and their affiliates, parents, and subsidiaries, and all their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, attorneys, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present (collectively, "Released Parties"), from any and all manner of claims relating to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007 (except for any claims I may have for product repair or replacement pursuant to the terms of PPPs that are still in force), and/or any claims raised in the this litigation, grievances, controversies, allegations, accusations, demands, judgments, causes of action, demands, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that I, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Released Parties.

(continued on next page)

I further understand that under certain principles of law applicable in some states, a general release does not extend to claims that a creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her could have materially affected his or her settlement with the debtor, which statute or law is similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**TO THE EXTENT THAT CALIFORNIA OR OTHER LAW MAY BE APPLICABLE, I HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA AND ALL SIMILAR, COMPARABLE OR EQUIVALENT FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES OF ANY OTHER JURISDICTION THAT MAY BE APPLICABLE, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED.**

_____
**(YOUR SIGNATURE)**

# EXHIBIT D
# TO SETTLEMENT AGREEMENT

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Sanbrook v. Office Depot, Inc.*, No. C 07-05938 RMW (N.D. Cal.)

> **If you purchased a Performance Protection Plan (PPP) from an Office Depot store located in the State of California between October 13, 2004, through October 11, 2007, you may be eligible to participate in a class action settlement.**

This Notice is a brief summary. You can obtain a claim packet with additional information relating to the proposed class action settlement by using the contact information below.

**What Is this Notice About?** This Notice is to inform you of a proposed Class Action Settlement of a lawsuit pending against Office Depot, Inc. ("Office Depot") in the United States District Court for the Northern District of California. Plaintiff, Mary Sanbrook, claims that Office Depot failed to comply with a requirement of a California statute, the Song-Beverly Consumer Warranty Act, that requires terms and conditions of PPPs to be made available prior to purchase and delivered at the time of purchase. Office Depot denies any wrongdoing and will vigorously defend the lawsuit if the Settlement is not approved. Nevertheless, to avoid the costs, risks, and uncertainty inherent in litigation Office Depot has agreed to settle the lawsuit.

**Who Is Affected?** Customers who purchased a PPP from an Office Depot store located in California between October 13, 2004 and October 11, 2007 are potential members of the class. Customers who purchased a PPP during that period and to whom the terms and conditions were not made available prior to purchase and/or were not delivered at the time of purchase are class members entitled to compensation under the terms of the Settlement.

**What Are the Terms of the Settlement?** The proposed settlement is the result of arm's-length negotiations as well as the substantial investigation and discovery conducted by Plaintiff's Counsel. Counsel for all parties to the proposed settlement have fully explored the facts of this case. Office Depot has agreed that it will instruct any third party with whom it contracts to administer the PPP program in compliance with the Song-Beverly Consumer Warranty Act, and has instructed its current third-party PPP administrator, Warranty Corporation of America, Inc. ("WaCA"), to take any steps necessary to comply with the Act. In addition, eligible Class Members are entitled to reimbursement of a percentage of the PPP purchase price in an amount based on the type of PPP purchased as follows:

1. Repair PPPs purchased from October 13, 2004, through August 14, 2006:

   a. One-year PPP: 60%;
   b. Two-year PPP: 30%;
   c. Three-year PPP: 20%.

2. Repair PPPs purchased from August 15, 2006, through October 11, 2007:

   a. Two-year PPP: 21%;
   b. Three-year PPP: 14%.

3. Replacement PPPs purchased from October 13, 2004, through October 11, 2007: 15%.

Attorneys' Fees and Expenses: Counsel for the proposed class, including the firm of Maddox Hargett & Caruso and associated counsel, will seek, and Office Depot has agreed not to oppose, an award of $2,275,000 to cover the legal services and counsel's unreimbursed expenses. Named Plaintiff will seek special compensation from Office Depot for herself as the class representative in the amount of $10,000.. Class counsel will ask that an additional $20,000 be paid to Named Plaintiff from any attorneys' fees awarded by the Court.

Release: If the Settlement receives final approval from the Court and you do not request exclusion (see below), you will release Office Depot, WaCA, and any related parties from any and all claims related to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007, except that the release will not include any claims for product repair or replacement pursuant to the terms of PPPs that are still in force.

**What Are My Options?**

Your options include the following:

**(A) File a Claim.** Contact the settlement administrator to request a claim packet, which will provide you with the necessary materials and instructions to submit a claim to receive the appropriate compensation under the settlement. You may send requests in writing to: Settlement Administrator, _____. You may also call to request a claim packet. The number is ___ ___-____. **ALL CLAIMS MUST BE SUBMITTED BY July 11, 2010.**

**(B) Request Exclusion from the Settlement Class.** If you do not wish to be included in the Settlement Class, you must timely and properly submit a written request, which must include your name and address, and a statement that you want to be excluded from the Settlement Class. The request should be mailed to the Settlement Administrator (see address in previous paragraph). Please write or type the words "CLASS EXCLUSION NOTICE" on the lower left of the front of the envelope. The exclusion request must be postmarked no later than June 1, 2010. The Settlement, if approved, will bind all class members who do not request exclusion by this date.

**(C) Object to the Settlement.** Any Settlement Class member who does not request exclusion may appear at the Fairness Hearing (see below) and show cause, if any, why any aspect of the proposed Settlement Agreement should not be approved as fair, reasonable, and adequate. To object and be heard at the Fairness Hearing, you must submit a written notice at least 14 days before the Fairness Hearing stating your intention to appear and providing all grounds for your objection, together with all supporting papers and briefs, if any. Include "OBJECTION TO OFFICE DEPOT SETTLEMENT" at the top of your notice and send it to: _____; with copies to Barbara Quinn Smith, 9853 Johnnycake Ridge Rd. #302, Mentor, OH 44060; and Beth Levene, 725 12th St., N.W., Washington DC 20005. **FAILURE TO FOLLOW THIS PROCESS WILL RESULT IN A WAIVER OF ANY OBJECTION.**

**(D) Hire Your Own Lawyer and Enter an Appearance.** You may hire an attorney to appear in the lawsuit. You will be responsible for the fees and costs of your attorney.

**The Fairness Hearing.** The United States District Court for the Northern District of California will hold a hearing on June 11, 2010, at 9:00 a.m., to determine (i) whether the proposed settlement is fair, reasonable, adequate and in the best interests of the Class, (ii) the reasonableness of the attorneys' fees sought by Class Counsel; and (iii) whether a Final Judgment should be entered approving the Settlement. The Courthouse is located at 280 South 1st Street, San Jose, CA 95113.

**How Do I Get Additional Information?** This is only an abbreviated summary of the lawsuit and the proposed settlement. Additional information about the rights of Settlement Class members, how to make a claim or exclude yourself from the Settlement, and important dates and deadlines are available in the claim packet. You may obtain a claim packet by writing the Settlement Administrator, _____, or calling ___ ___-____. Any additional inquiries can be directed to Class Counsel at: **Barbara Quinn Smith, Maddox Hargett & Caruso, Phone: 866-924-4010 email: bqsmith@mhclaw.com., www.protectingtheconsumer.com.**

Additional information concerning the case history is also publicly available for review in the Court's files in San Jose, California at the address above. **PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

# EXHIBIT E
# TO SETTLEMENT AGREEMENT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY SANBROOK, on behalf of herself
and all others similarly situated,

        Plaintiff,

   vs.

OFFICE DEPOT, INC., a corporation and
DOES 1-20,

        Defendants.

Case No.  C 07-05938 RMW

Judge: Hon. Ronald M. Whyte

**CLAIM FORM
(CATEGORY B PURCHASERS)**

**IMPORTANT: TO BE ENTITLED TO COMPENSATION UNDER THIS CLASS ACTION SETTLEMENT YOU <u>MUST</u> COMPLETE AND RETURN ALL PARTS OF THIS FORM VIA U.S. MAIL WITH A POSTMARK ON OR BEFORE July 11, 2010 TO THE FOLLOWING ADDRESS:**

Sanbrook Settlement Administrator
[address]

<u>**I UNDERSTAND THAT I AM SWEARING THAT THE CONTENTS OF THIS FORM ARE TRUE AND CORRECT UNDER PENALTY OF PERJURY**</u>.

<u>**Part 1:  Contact Information**</u>

NAME: _____

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

PHONE NUMBER: _____

E-MAIL ADDRESS (if applicable): _____

## Part 2:  Proof of Purchase

Please attach a receipt or a credit card statement reflecting the purchase of your PPP, or indicate your receipt number here: _____.

If you do not provide any of the above (receipt, receipt number or credit card statement reflecting your purchase), then to be considered for compensation you <u>must</u> provide the following information to the best of your ability.

DATE OF PURCHASE:  _____

APPROXIMATE PURCHASE PRICE:  _____

LOCATION OF STORE WHERE PURCHASED (CITY AND STATE): _____

DID YOU PURCHASE A REPAIR OR REPLACEMENT PPP? _____

TYPE OF ITEM COVERED BY PPP (e.g, digital camera, laptop, etc.): _____

DURATION OF PPP (1, 2 OR 3 YEARS): _____

## Part 3:  Certification

I certify that:

    1.    I purchased a Performance Protection Plan (PPP) from an Office Depot store in the State of California between October 13, 2004, and before October 11, 2007.

    2.    The terms and conditions of the PPP were not made available to me before purchase and/or were not delivered to me at the time of purchase.

    3.    I have not returned the PPP for a refund or otherwise received reimbursement for the PPP from Office Depot.

**I HEREBY SWEAR, UNDER PENALTY OF PERJURY, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.  I FURTHER SWEAR THAT ANY DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND AUTHENTIC.**

_____
**(YOUR SIGNATURE)**

(continued on next page)

## Part 4:  Release and Waiver

I understand and agree that if I am determined to be a member of the Settlement Class, I will fully and forever release, acquit, and discharge Office Depot, Incl, Warranty Corporation of America, Inc., and their affiliates, parents, and subsidiaries, and all their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, attorneys, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present (collectively, "Released Parties"), from any and all manner of claims relating to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007 (except for any claims I may have for product repair or replacement pursuant to the terms of PPPs that are still in force), and/or any claims raised in the this litigation, grievances, controversies, allegations, accusations, demands, judgments, causes of action, demands, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that I, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Released Parties.

I further understand that under certain principles of law applicable in some states, a general release does not extend to claims that a creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her could have materially affected his or her settlement with the debtor, which statute or law is similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**TO THE EXTENT THAT CALIFORNIA OR OTHER LAW MAY BE APPLICABLE, I HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA AND ALL SIMILAR, COMPARABLE OR EQUIVALENT FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES OF ANY OTHER JURISDICTION THAT MAY BE APPLICABLE, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED.**

_____
**(YOUR SIGNATURE)**