1

2                          UNITED STATES DISTRICT COURT

3                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                 SAN JOSE DIVISION

5

6    MARY SANBROOK, on behalf of herself and all   )   Case No. C 07-05938 RMW (PVT)
     others similarly situated,                     )   CLASS ACTION SETTLEMENT AGREEMENT
7                                                    )
                             Plaintiffs,            )   Judge:  Hon. Ronald M. Whyte
8            vs.                                     )
9                                                    )
     OFFICE DEPOT, INC., a corporation, and DOES    )
10   1-20,                                           )
11                           Defendants.            )
                                                     )
12   _____)

13            **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

14

15          **WHEREAS** the parties to the above-captioned litigation (the "Litigation"), have moved pursuant

16   to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the proposed settlement of

17   the Litigation in accordance with the parties' Class Action Settlement Agreement dated February 1,

18   2010, as filed with the Court (the "Settlement Agreement"), which (a) sets forth the terms and conditions

19   for the proposed settlement of the Litigation; (b) specifies a Settlement Class; and (c) provides for notice

20   of the proposed Settlement to potential members of the Settlement Class.

21

22          **WHEREAS**, the Court has considered the Settlement Agreement and accompanying documents;

23   and

24

25          **WHEREAS**, all parties have consented to the entry of this Order;

26          **IT IS HEREBY ORDERED THAT:**

27          1.       The capitalized terms used in this Order have the same meaning as those defined in the

28   Settlement Agreement.

2.  Pursuant to Federal Rule of Civil Procedure 23(c), the Litigation is hereby certified, for settlement purposes only, on behalf of the following Settlement Class as set forth in the Agreement:

> All persons who purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007, as to whom:
>
> i.    The terms and conditions of the PPP were not made available before purchase and/or were not delivered at the time of purchase; and
>
> ii.   The PPP was not returned for a refund, and no other reimbursement for the PPP was received from Office Depot or WaCA.

4.  Named Plaintiff Mary Sanbrook is approved and appointed as the Class Representative for the Settlement Class.

5.  The law firms of Maddox, Hargett & Caruso, David P. Meyer & Associates Co., LPA, and California Lemon Lawyers are appointed as counsel to the Settlement Class.

6.  Certification of the litigation class by this Court's Order of March 30, 2009, shall not be affected by the Settlement unless and until the Settlement is finally approved, and the Litigation is dismissed thereafter.

7.  The Court has reviewed the Settlement Agreement, and the terms of the Settlement Agreement are preliminarily approved as falling within the range of reasonableness so as to warrant notice to potential members of the Settlement Class, subject to further consideration at a Final Fairness Hearing.  The Court preliminarily finds that the proposed Settlement is the product of informed, arm's-length negotiation by counsel and is therefore presumptively fair, just, reasonable, valid, and adequate, subject to any objections that may be raised at the Final Fairness Hearing.

8.  The Final Fairness Hearing shall be held before the Court on July 9, 2010,, at 9:00 a.m., at the United States Courthouse located at 280 South 1st Street, San Jose, California 95113.

9.  The class notice process and the claim administration set forth in the Settlement Agreement shall be administered by Epiq Systems.  Office Depot shall pay the fees and expenses

1 reasonably necessary to provide notice to the class and provide Class Benefits if and when the

2 Settlement becomes final.

3        10.     Within thirty days of the entry of this Order, Office Depot shall provide notice to the

4 class in the form attached hereto as Exhibits 1 and 2, and in accordance with the class notice procedures

5 set forth in the Settlement Agreement.  With respect to publication notice, notice shall be published in

6 Parade Magazine or USA Weekend, as distributed in the newspapers attached to this Order as Exhibit 3.

7

8        11.     Each mailed notice shall apprise potential class members that any objection to the

9 Settlement Agreement must be filed with the Clerk of the Court no later than fourteen days prior to the

10 date of the Final Fairness Hearing as set forth in paragraph 8 above.  Each mailed notice shall also

11 apprise potential class members that to be excluded from the Settlement Class, they must send a written

12 opt-out notice to the Administrator, postmarked by  June 30, 2010.

13

14        12.     Each mailed notice shall further inform potential class members that a Final Fairness

15 Hearing will be held on the date and time set forth in paragraph 8 above to determine:  (a) whether the

16 proposed settlement is fair, reasonable, adequate and in the best interests of the Class, (b) the

17 reasonableness of the attorneys' fees sought by Class Counsel, and (c) whether a Final Judgment should

18 be entered approving the Settlement; and to consider such other matters as may properly come before

19 the Court in connection with the Settlement of the Litigation.  The mailed notice shall further inform

20 potential class members that, upon final approval, all claims of members of the Settlement Class against

21 Office Depot, WaCA, and related entities arising from the Litigation shall be barred.

22

23        13.     Prior to the Final Fairness Hearing, Office Depot shall file a declaration from the

24 Administrator stating that the class notice procedures outlined in the Settlement Agreement have been

25 followed and were reasonably sufficient to inform prospective class members of the settlement.

26

27

28

14.     The Court finds that dissemination of class notice in the manner set forth in the Settlement Agreement is the best notice practicable under the circumstances, is reasonably calculated to apprise interested parties of the pendency of the Litigation, affords such parties an opportunity to present their objections or exclude themselves from the Settlement Class, and complies in all respects with the requirements of Federal Rule of Civil Procedure 23(c) and all the requirements of due process.

15.     Any member of the Settlement Class who opts out of the Settlement in accordance with the procedure set forth in the Settlement Agreement shall be excluded from the Settlement Class and will not be entitled to any benefit under the Settlement Agreement.

16.     Any member of the Settlement Class who does not opt out of the Settlement in accordance with the procedure set forth in the Settlement Agreement will be bound by the terms of the Settlement Agreement if finally approved following the Final Fairness Hearing, including the terms of the Final Order and Judgment to be entered herein and the release provided for in the Settlement Agreement.

17.     Any member of the Settlement Class who has not opted out of the Settlement Class may file a written  objection to the final approval of the Settlement Agreement.   The objection must include the following: (1) the basis on which the objector or intervenor purports to be a member of the Settlement Class as defined above; (2) a statement of the objection(s) being asserted; (3) any documentation which the objector believes supports the objection.   If the objector intends to appear at the hearing, the objection so shall state, and the objector shall provide additionally (1) a list of witnesses who may be called to testify at the Final Hearing, whether in person, by deposition, or affidavit; and (2) a list of exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing.

18.     All objecting documents set forth above shall be filed with the Clerk of the Court and served upon Class Counsel and Defendant's Counsel at the addresses listed below, no later than fourteen days prior to the date of the Final Fairness Hearing set forth in paragraph 8 above.

| Class Counsel | Defendant's Counsel |
|---|---|
| Barbara Quinn Smith | Beth A. Levene |
| Maddox Hargett & Caruso | Williams & Connolly LLP |
| 9853 Johnnycake Ridge Road, Suite 302 | 725 12th Street, N.W. |
| Mentor, Ohio 44060 | Washington, D.C.  20005 |

19.     Members of the Settlement Class who object in the manner provided herein remain members of the Settlement Class and will be bound by the Settlement Agreement if it is finally approved following the Final Fairness Hearing.

20.     The Litigation is stayed pending the final determination of whether the Settlement Agreement should be approved, except those proceedings necessary to carry out or enforce the terms of the Settlement Agreement.

**SO ORDERED** this 15th day of March, 2010.

_Ronald M. Whyte_
RONALD M. WHYTE
United States District JudgeCopies to:

Copies to:

Daniel F. Katz, Esq.
Paul T. Hourihan, Esq.
Beth A. Levene, Esq.
Marnie Lambert, Esq.
Thomas A. Hargett, Esq.
Barbara Quinn Smith, Esq.
Scott R. Kaufman, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY SANBROOK, on behalf of herself and all others similarly situated, | Case No.  C 07-05938 RMW |
| Plaintiff, | |
| vs. | Judge: Hon. Ronald M. Whyte |
| OFFICE DEPOT, INC., a corporation and DOES 1-20, | **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING** |
| Defendants. | |

**TO**:  **ALL PERSONS WHO PURCHASED A PERFORMANCE PROTECTION PLAN (PPP) FROM AN OFFICE DEPOT STORE LOCATED IN THE STATE OF CALIFORNIA BETWEEN OCTOBER 13, 2004, THROUGH OCTOBER 11, 2007.**

YOU MAY BE ELIGIBLE TO RECEIVE COMPENSATION UNDER THE TERMS OF A CLASS ACTION SETTLEMENT.   IF YOU ARE ELIGIBLE AND WISH TO RECEIVE COMPENSATION, YOU MUST RETURN A CLAIM FORM (ENCLOSED ALONG WITH THIS NOTICE) NO LATER THAN AUGUST 9, 2010.

YOU MUST READ THIS NOTICE CAREFULLY TO DETERMINE WHETHER YOU MAY BE ELIGIBLE FOR COMPENSATION.

### PURPOSE OF THIS NOTICE

This notice explains the nature of the lawsuit and the terms of the settlement and informs you of your legal rights and obligations.   IN ORDER TO OBTAIN THE BENEFITS OF THIS SETTLEMENT, YOU MUST FIRST DETERMINE WHETHER YOU ARE A CLASS MEMBER ENTITLED TO RELIEF, AND, IF SO, THEN FILL OUT AND TIMELY RETURN THE FORM ATTACHED TO THIS NOTICE TO THE SETTLEMENT ADMINISTRATOR.

### NO ADMISSION OF LIABILITY

By settling this lawsuit, Office Depot, Inc.

("Office Depot") is not admitting that it has done anything wrong.  Office Depot expressly denies that it did anything wrong and denies liability to the Named Plaintiff or to class members for any claims.

### DESCRIPTION OF THE LITIGATION

Named Plaintiff Mary Sanbrook filed this action on October 12, 2007.  Named Plaintiff contends that that during the class period, from October 13, 2004 through October 11, 2007, Office Depot stores located in California did not make the terms and conditions of Performance Protection Plans (PPPs) available to customers prior to purchase, or deliver the terms and conditions

at the time of purchase, in violation of the requirements of the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1794.41 ("Song-Beverly Act"). On October 11, 2007, Office Depot began a series of material changes to its marketing of PPPs that were such that Plaintiff determined that that date is an appropriate cut-off date for the class period relating to liability under the Song-Beverly Act. Named Plaintiff's lawsuit was a contributing cause of the material changes that occurred in the PPP brochure in October 2007 and thereafter, including, but not limited to, the decision to include the actual terms and conditions in a fold-out section of the PPP brochure.

On March 30, 2009, the United States District Court for the Northern District of California ruled that Named Plaintiff's Song-Beverly Act claim may be maintained as a class action by Plaintiff on behalf of the class.

Pretrial discovery has been conducted by both parties in this case. Discovery was in the form of interrogatories, production of documents and deposition testimony.

In November 2008, and again on October 21, 2009, the parties engaged in mediation with a third-party mediator. In addition, Warranty Corporation of America, Inc. ("WaCA"), the company that Office Depot retained to administer the PPPs, also participated in the mediation. The proposed settlement is the result of arm's-length negotiations as well as the substantial investigation and discovery conducted by Plaintiff's Counsel. Counsel for all parties to the proposed settlement have fully explored the facts of this case. Although Plaintiff and Office Depot disagree as to the legal effect of the facts that form the basis of this action, the parties have determined that it is desirable to settle this action to avoid the further expense, burden and uncertainty of litigation, and to put to rest all claims asserted or which could have been asserted in the case.

The Court granted preliminary approval of the settlement, subject to a full Fairness Hearing, which is scheduled to take place on July 9, 2010 at 9:00 a.m., in the United States District Court for the Northern District of California, 280 South 1st Street San Jose, CA 95113. Class members may refer to the Court file in the United States District Court for the Northern District of California for a full description of the history of the litigation conducted in this class action.

## THE PROPOSED SETTLEMENT

Named Plaintiff and Office Depot have agreed to the settlement described below. IF YOU WISH TO RECEIVE COMPENSATION UNDER THE TERMS OF THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM BY July 11,2010. If you are a member of the Settlement Class but do not wish to be part of the Settlement, you must timely opt out. For additional information regarding opting out of the settlement, see the section below entitled "Your Options." If you return your Claim Form and the settlement is finally approved, you will be sent a check for any relief for which you qualify.

## THE SETTLEMENT CLASS

The Settlement Class is defined as:

All persons who purchased a PPP from an Office Depot store in the State of California from October 13, 2004, through October 11, 2007, as to whom: (i) the terms and conditions of the PPP were not made available before purchase and/or were not delivered at the time of purchase; and (ii) the PPP was not returned for a refund, and no other reimbursement for

2

the PPP was received from Office Depot.

## SETTLEMENT CLASS BENEFITS

Office Depot has agreed that it will instruct any third party with whom it contracts to administer the PPP program in compliance with the Song-Beverly Consumer Warranty Act, and has instructed its current third-party administrator to take any steps necessary to comply with the Act.

In addition, Office Depot has agreed to reimburse eligible Class Members for a percentage of the PPP purchase price in an amount based on the type of PPP purchased:

1. Repair PPPs purchased from October 13, 2004, through August 14, 2006:

   a.  One-year PPP:  60% of purchase price;

   b.  Two-year PPP:  30% of purchase price;

   c.  Three-year PPP:  20% of purchase price.

2. Repair PPPs purchased from August 15, 2006, through October 11, 2007:

   a.  Two-year PPP:  21% of purchase price;

   b.  Three-year PPP:  14% of purchase price.

3. Replacement PPPs purchased from October 13, 2004, through October 11, 2007:  15% of purchase price.

These benefits will be distributed to those qualifying Class Members who: (i) do not timely opt out; and (ii) <u>TIMELY RETURN A FULLY AND ACCURATELY</u> <u>COMPLETED CLAIM FORM (ENCLOSED WITH THIS NOTICE), INCLUDING ANY REQUIRED DOCUMENTATION, INDICATING THEY WANT TO PARTICIPATE IN THE BENEFITS OF THE SETTLEMENT</u>.

## <u>GENERAL RULES FOR ELIGIBILITY</u>

In order to participate in the Settlement, each Class Member must timely execute and return a fully completed and accurate Claim Form in accordance with the instructions on the Form.  The Claim Form will be effective as of the Settlement Effective Date (when the Settlement as a whole becomes final and effective) and is conditioned upon final approval of the Settlement by the Court.  The Claim Form is invalid unless all applicable parts are completed.  The Claim Form must be returned to the Settlement Administrator by August 9, 2010, the Claims Deadline.

Persons who Office Depot's or WaCA's records indicate made qualifying PPP purchases will receive a Claims Form for Known Purchasers.  All other potential class members will receive a Claims Form for Unknown Purchasers.  Both versions of the Claim Form require claimants to provide contact information, to certify that they meet the conditions for membership in the Settlement Class, and to acknowledge a general release of claims against Office Depot, WaCA, and related entities.  The Claims Form for Unknown Purchasers further requires that claimants provide information establishing proof of a qualifying PPP purchase.  Claim Forms will be considered submitted when postmarked, if mailed postage prepaid and addressed in accordance with the instructions set forth in the form itself.

In the event that a claimant submits a mailing to the Settlement Administrator indicating an

3

intent to participate in the Settlement but which is deficient on its face in one or more respects, the Settlement Administrator will notify the claimant of the deficiency, unless that claimant received a previous deficiency notice from the Settlement Administrator. Regardless of the Claims Deadline provided above, any such claimant will have fourteen (14) days after mailing of the deficiency letter to resubmit (one time only) a proper Proof of Claim and Release.

## VERIFICATION OF CLAIMS

The Settlement Administrator shall make a determination as to the timeliness of submission of a claim, whether the claimant is a Class Member entitled to relief, and, if so, the amount of relief to which the Class Member is entitled. Any claim may be denied by the Settlement Administrator if it is inconsistent with the documentation that the claimant submitted or that is or maintained by Office Depot or WaCA. The Settlement Administrator will mail to each claimant who timely and in the proper manner submits a valid Claim Form the relief to which the claimant is entitled along with a notice stating that the claimant has thirty (30) days to file with the Settlement Administrator a written statement setting forth the grounds of any objection to the relief provided and that the claimant has the burden of proving entitlement to any further relief. The Settlement Administrator's decision with respect to any such objection shall be final.

Office Depot also has the right to audit any claims made for accuracy, completeness, or entitlement to relief.

## ATTORNEYS' FEES

Counsel for the proposed class, including the firm of Maddox Hargett & Caruso and associated counsel, will petition the Court for, and Office Depot has agreed not to oppose, an award of $2,275,000 for attorneys' fees and costs, to be paid by Office Depot. Plaintiff's counsel will not request additional fees and costs from Office Depot or from members of the Class.

## NAMED PLAINTIFF'S RECOVERY

Named Plaintiff will further seek from Office Depot an incentive award for serving as the class representative in the amount of $10,000. Class counsel will ask that an additional $20,000 be paid to Named Plaintiff from any attorneys' fees awarded by the Court.

## COSTS

Office Depot has agreed to pay reasonable costs for notice of the settlement and for administration of the settlement.

## RELEASE AND WAIVER

Named Plaintiff and all Settlement Class members (other than those who opt out of the Settlement) will grant Office Depot, WaCA, and related entities the following release:

I understand and agree that if I am determined to be a member of the Settlement Class, I will fully and forever release, acquit, and discharge Office Depot, Inc., Warranty Corporation of America, Inc., and their affiliates, parents, and subsidiaries, and all their respective owners, shareholders, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, attorneys, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors,

4

and assigns of each of the foregoing, in each case past and present (collectively, "Released Parties"), from any and all manner of claims relating to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007 (except for any claims I may have for product repair or replacement pursuant to the terms of PPPs that are still in force), and/or any claims raised in the this litigation, grievances, controversies, allegations, accusations, demands, judgments, causes of action, demands, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that I, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Released Parties.

I further understand that under certain principles of law applicable in some states, a general release does not extend to claims that a creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her could have materially affected his or her settlement with the debtor, which statute or law is similar, comparable or equivalent to Section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

TO THE EXTENT THAT CALIFORNIA OR OTHER LAW MAY BE APPLICABLE, I HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA AND ALL SIMILAR, COMPARABLE OR EQUIVALENT FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES OF ANY OTHER JURISDICTION THAT MAY BE APPLICABLE, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED.

## FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement.   At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to Plaintiff's counsel for costs and attorneys' fees.  The hearing will take place on July 9, 2010 at 9:00 am at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 9511.  <u>YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT</u>.

## YOUR OPTIONS

1.      **If you wish to participate in the settlement, you must return the Claim Form at the end of this notice to the Settlement Administrator on or before August 9, 2010.**

2.      **You have the right to exclude yourself from membership in the class and participation in the settlement** by filing a written request for exclusion with the Settlement Administrator at the following address:  Sanbrook v. Office Depot, PO Box: PO Box 2730, Portland, OR 97208.

<u>The request for exclusion must be sent via U.S. regular mail, must be postmarked no later than June 30, 2010,</u> and must refer to your name and address and the name and number of the case, and include a statement that you want to be excluded from the Settlement Class.

Please write or type the words "CLASS EXCLUSION NOTICE" on the lower left of the front of the envelope. ALL CLASS MEMBERS WHO DO NOT MAKE A WRITTEN REQUEST FOR EXCLUSION WILL BE BOUND BY THE SETTLEMENT WHETHER OR NOT THEY SUBMIT CLAIM FORMS AND PARTICIPATE IN THE SETTLEMENT, AND THEY WILL RELEASE ALL CLAIMS AS SET FORTH ABOVE.

If you choose to request exclusion from the class, you will not release those claims, but you would have to pursue any such claims through a separate action on your own or through counsel you hire.

3.      **If you object to the settlement, and wish to submit an objection rather than simply exclude yourself from the class**, you must send a written objection to: Clerk's Office, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113; with copies to Barbara Quinn Smith, Maddox Hargett & Caruso, 9853 Johnnycake Ridge Road, Suite 302, Mentor, OH 44060; and Beth Levene, Williams & Connolly LLP, 725 12th St., N.W., Washington DC 20005.

<u>Your objection must be post-marked on or before June 25, 2010</u>, and must include your name, your address, and the name and number of the case at the top of the notice.   The written objection must The objection must include the following: (1) the basis on which you purport to be a member of the Settlement Class as defined above; (2) a statement of the objection(s) being asserted; (3) any documentation which you believe supports yourobjection.   If you intend to appear at the hearing, you must state that in the objection, and provide  (1) a list of witnesses, if any, who may be called to testify at the Final Hearing, whether in person, by deposition, or affidavit; and (2) a list of exhibits, and copies of same, which the you may offer at the Final

Fairness Hearing..  Please note that it is not sufficient to simply state that you object.  You must state reasons why the settlement should not be approved.

4.      **You may hire your own lawyer and enter an appearance in the case**.  If you choose to do so, you will be solely responsible for the fees and costs of your lawyer.  You should consult with your lawyer promptly regarding this potential course of action.

### OTHER IMPORTANT INFORMATION

If the Settlement is not approved by the Court, the case will proceed as if no settlement had been attempted.  In that event, Office Depot retains the right to contest the merits of the claims being asserted against it in this action.  There can be no assurance that if the Settlement is not approved, the class will recover more than is provided in the settlement, or indeed, anything.

The descriptions of the case and the Settlement Agreement in this Notice are general and do not cover all of the issues and proceedings.  For more detailed information, you or your attorney may examine the Settlement Agreement and the complete case file at the office of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

### INQUIRIES

Any questions you or your attorney may have concerning the Settlement or this notice should be directed to Class Counsel at the address listed below.  <u>Please include the case name and number, your name, and your return address on any letters, not just the envelopes.</u>

**Barbara Quinn Smith**
**Maddox Hargett & Caruso**
**9853 Johnnycake Ridge Road**
**Suite 302**
**Mentor, OH 44060**
**866-924-4010**
**bqsmith@mhclaw.com**
**www.protectingtheconsumer.com**

7

# EXHIBIT 2

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Sanbrook v. Office Depot, Inc.*, No. C 07-05938 RMW (N.D. Cal.)

Case5:07-cv-05938-RMW Document242 Filed 03/15/10 Page 16 of 19

| If you purchased a **Performance Protection Plan (PPP)** from an Office Depot store located in the State of California between October 13, 2004, through October 11, 2007, you may be eligible to participate in a class action settlement. |
| --- |

This Notice is a brief summary. You can obtain a claim packet with additional information relating to the proposed class action settlement by using the contact information below.

**What Is this Notice About?** This Notice is to inform you of a proposed Class Action Settlement of a lawsuit pending against Office Depot, Inc. ("Office Depot") in the United States District Court for the Northern District of California. Plaintiff, Mary Sanbrook, claims that Office Depot failed to comply with a requirement of a California statute, the Song-Beverly Consumer Warranty Act, that requires terms and conditions of PPPs to be made available prior to purchase and delivered at the time of purchase. Office Depot denies any wrongdoing and will vigorously defend the lawsuit if the Settlement is not approved. Nevertheless, to avoid the costs, risks, and uncertainty inherent in litigation Office Depot has agreed to settle the lawsuit.

**Who Is Affected?** Customers who purchased a PPP from an Office Depot store located in California between October 13, 2004 and October 11, 2007 are potential members of the class. Customers who purchased a PPP during that period and to whom the terms and conditions were not made available prior to purchase and/or were not delivered at the time of purchase are class members entitled to compensation under the terms of the Settlement.

**What Are the Terms of the Settlement?** The proposed settlement is the result of arm's-length negotiations as well as the substantial investigation and discovery conducted by Plaintiff's Counsel. Counsel for all parties to the proposed settlement have fully explored the facts of this case. Office Depot has agreed that it will instruct any third party with whom it contracts to administer the PPP program in compliance with the Song-Beverly Consumer Warranty Act, and has instructed its current third-party PPP administrator, Warranty Corporation of America, Inc. ("WaCA"), to take any steps necessary to comply with the Act. In addition, eligible Class Members are entitled to reimbursement of a percentage of the PPP purchase price in an amount based on the type of PPP purchased as follows:

1. Repair PPPs purchased from October 13, 2004, through August 14, 2006:

    a. One-year PPP: 60%;
    b. Two-year PPP: 30%;
    c. Three-year PPP: 20%.

2. Repair PPPs purchased from August 15, 2006, through October 11, 2007:

    a. Two-year PPP: 21%;
    b. Three-year PPP: 14%.

3. Replacement PPPs purchased from October 13, 2004, through October 11, 2007: 15%.

Attorneys' Fees and Expenses: Counsel for the proposed class, including the firm of Maddox Hargett & Caruso and associated counsel, will seek, and Office Depot has agreed not to oppose, an award of $2,275,000 to cover the legal services and counsel's unreimbursed expenses. Named Plaintiff will seek special compensation from Office Depot for herself as the class representative in the amount of $10,000.. Class counsel will ask that an additional $20,000 be paid to Named Plaintiff from any attorneys' fees awarded by the Court.

Release: If the Settlement receives final approval from the Court and you do not request exclusion (see below), you will release Office Depot, WaCA, and any related parties from any and all claims related to PPPs sold from Office Depot stores located in California from October 13, 2004, through October 11, 2007, except that the release will not include any claims for product repair or replacement pursuant to the terms of PPPs that are still in force.

**What Are My Options?**

Your options include the following:

**(A) File a Claim.** Contact the settlement administrator to request a claim packet, which will provide you with the necessary materials and instructions to

submit a claim to obtain the compensation available under the settlement. You may send requests in writing to Sanbrook v. Office Depot, P.O. Box 2730, Portland, OR 97208 P.O Box or call 877-841-8159. **ALL CLAIMS MUST BE SUBMITTED BY AUGUST 9, 2010.**

**(B) Request Exclusion from the Settlement Class.** If you do not wish to be included in the Settlement Class, you must timely and properly submit a written request, which must include your name and address, and a statement that you want to be excluded from the Settlement Class. The request should be mailed to the Settlement Administrator (see address in previous paragraph). Please write or type the words "CLASS EXCLUSION NOTICE" on the lower left of the front of the envelope. The exclusion request must be postmarked no later than June 30, 2010. The Settlement, if approved, will bind all class members who do not request exclusion by this date.

**(C) Object to the Settlement.** Any Settlement Class member who does not request exclusion may object and show cause, if any, why any aspect of the proposed Settlement Agreement should not be approved as fair, reasonable, and adequate. The objection must be in writing and must include the following: (1) the basis on which you purport to be a member of the Settlement Class as defined above; (2) a statement of the objection(s) being asserted; (3) any documentation which you believe supports your objection. If you intend to appear at the hearing, you must state that in the objection, and provide additionally (1) a list of witnesses, if any, who may be called to testify at the Final Hearing, whether in person, by deposition, or affidavit; and (2) a list of exhibits, and copies of same, which the you may offer at the Final Fairness Hearing.. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved. Include "OBJECTION TO OFFICE DEPOT SETTLEMENT" at the top of your objection notice and send it no later than June 25, 2010 to: Clerk's Office, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113; ; with copies to Barbara Quinn Smith, 9853 Johnnycake Ridge Rd. #302, Mentor, OH 44060; and Beth Levene, 725 12th St., N.W., Washington DC 20005. **FAILURE TO FOLLOW THIS PROCESS WILL RESULT IN A WAIVER OF ANY OBJECTION.**

**(D) Hire Your Own Lawyer and Enter an Appearance.** You may hire an attorney to appear in the lawsuit. You will be responsible for the fees and costs of your attorney.

**The Fairness Hearing**. The United States District Court for the Northern District of California will hold a hearing on July 9, 2010, at 9:00 a.m., to determine (i) whether the proposed settlement is fair, reasonable, adequate and in the best interests of the Class, (ii) the reasonableness of the attorneys' fees sought by Class Counsel; and (iii) whether a Final Judgment should be entered approving the Settlement. The Courthouse is located at 280 South 1st Street, San Jose, CA 95113.

**How Do I Get Additional Information?** This is only an abbreviated summary of the lawsuit and the proposed settlement. Additional information about the rights of Settlement Class members, how to make a claim or exclude yourself from the Settlement, and important dates and deadlines are available in the claim packet. You may obtain a claim packet by writing the Settlement Administrator, Sanbrook v. Office Depot, P.O. Box 2730, Portland, OR 97208or calling 877-841-8159 Any additional inquiries can be directed to Class Counsel at: **Barbara Quinn Smith, Maddox Hargett & Caruso, Phone: 866-924-4010 email: bqsmith@mhclaw.com., www.protectingtheconsumer.com**

Additional information concerning the case history is also publicly available for review in the Court's files in San Jose, California at the address above. **PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

# EXHIBIT 3

**Sanbrook v. Office Depot**

Parade and USA Weekend Newspapers

### Parade

| State | City | Newspaper |
|-------|------|-----------|
| California | Bakersfield | Californian |
| California | El Centro | Imperial Valley Press |
| California | Escondido-Oceanside-Vista-San Marcos | North County Times |
| California | Fresno | Bee |
| California | Handford | Sentinel |
| California | Los Angeles | Times |
| California | Marysville | Appeal-Democrat |
| California | Merced | Sun-Star |
| California | Modesto | Bee |
| California | Napa | Register |
| California | Orange County | Register |
| California | Palmdale | Antelope Valley Press |
| California | Porterville | Recorder |
| California | Redding | Record Searchlight |
| California | Riverside | Press Enterprise |
| California | Sacramento | Bee |
| California | San Diego | Union-Tribune |
| California | San Francisco | Chronicle |
| California | San Luis Obispo | Tribune |
| California | Santa Ana | Orange CO Register |
| California | Santa Maria/Lompoc | Times-Record |
| California | Santa Rosa | Press Democrat |
| California | Stockton | Record |
| California | Ventura County | Star |
| California | Victorville/Barstow | Press-Desert Dispatch |

State of California Total Parade Circulation                          **3,359,024**

### USA Weekend

| State | City | Newspaper |
|-------|------|-----------|
| California | San Diego | La Jolla Village News |
| California | Palm Springs | Cathedral Sun |
| California | Palm Springs | Indio Sun |
| California | Palm Springs | Palm Springs Sun |
| California | Placerville | Mountain Democrat |
| California | Yreka | Siskiyou Daily News |
| California | Salinas | Californian |
| California | Watsonville | Register-Pajaronian |
| California | Tulare/Visalia | Advance Register-Times-Delta |
| California | Madera | Tribune |

| | | |
|---|---|---|
| California | Porterville | Recorder |
| California | Lakeport | Record-Bee |
| California | Red Bluff | News |
| California | Lodi | News-Sentinel |
| California | Grass Valley | The Union |
| California | Ridgecrest | The Daily Independent |
| California | Palm Springs | Desert Sun |
| California | San Mateo/Lompoc | Times |
| California | Santa Cruz | Sentinel |
| California | Hanford | Sentinel |
| California | Marin County | Independent Journal |
| California | Hayward/Fremont/Newark/Pleasanton | ANG Newspapers |
| California | Marysville | Appeal-Democrat |
| California | Santa Maria/Lompoc | Times-Record |
| California | Fairfield | Republic |
| California | San Bernardino | Sun |
| California | Los Angeles | Daily News |
| California | Auburn | Journal |
| California | Napa | Register |
| California | Davis | Enterprise |
| California | Palmdale | Antelope Valley Press |
| California | Ukiah | Journal |
| California | Woodland | Democrat |
| California | Chico | Enterprise-Record |
| California | Ontario | Inland Valley Daily Bulletin |
| California | Benicia | Herald |
| California | Santa Barbara | News-Press |
| California | Victorville/Barstow | Press-Desert Dispatch |
| California | Oakland | Tribune |
| California | Redlands | Facts |
| California | Vallejo | Times-Herald |
| California | Los Angeles County | Breeze |
| California | Eureka | Times-Standard |
| California | Los Angeles County | Star News-Valley Tribune-Daily News |
| California | Los Angeles County | Press Telegram |
| California | Vacaville | Reporter |
| California | Monterey | Herald |
| California | San Jose | Mercury News |
| California | Walnut Creek | Contra Costa Times |

State of California Total USA Weekend Circulation          **1,622,863**

State of California Total Parade/USA Weekend Circulation          **4,981,887**